# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, | * |
| CMR 454, Box 1746 | * |
| APO AE 09250 | * |
| (011) 49 98112912 | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| R. JAMES NICHOLSON, ET AL | * |
| Secretary, Department of Veterans Affairs | * |
| In His Individual Capacity, | * |
| 1722 Eye Street, NW | * |
| Washington, D.C.  20534; | * |
| (202) 639-4800 | * |
| | * |
| PAUL G. THOMSON | * |
| In His Individual Capacity, | * |
| Office of the General Counsel | * |
|  Secretary, Department of Veterans Affairs | * |
| 1722 Eye Street, NW | * |
| Washington, D.C.  20534; | * |
| (202) 639-4800 | * |
| | * |
| ELLEN S. HUVELLE | * |
| United Stated District Court Judge | * |
| In Her Individual Capacity, | * |
| 333 Constitution Ave., NW | * |
| Washington, D.C.  20001; | * |
| | * |
| DEBORAH A. ROBINSON | * |
| United Stated District Court Magistrate | * |
|   Judge (In Her Individual Capacity), | * |
| 333 Constitution Ave., NW | * |
| Washington, D.C.  20001; | * |
| | * |
| SEPHEN J. POLLAK, | * |
|  In his Individual Capacity, | * |
|  and the Law Firm Goodwin Procter | * |
| LLP, 901 New York Avenue, N.W., | * |
| Washington, DC 20001 | * |
| (202) 346-4178; | * |
| | * |

PAUL R. FRIEDMAN                          *
In his Individual Capacity,               *
 of the Law Firm Goodwin Procter          *
LLP, 901 New York Avenue, N.W.,           *
Washington, DC 20001                      *
(202) 346-4178                            *
                                          *
RICHARD L. MATHENY, III                   *
In his Individual Capacity,               *
of the Law Firm Goodwin Procter           *
LLP, 901 New York Avenue, N.W.,           *
Washington, DC 20001;                     *
(202) 346-4178                            *
                                          *
MATHEW REINHARD; and                      *
MARY LOU SOLLER                           *
In Their Individual Capacity,             *
 and the Law Firm Miller & Chevalier      *
655 Fifteenth Street, NW, Suite 900       *
Washington, DC 20005-5701                 *
(202) 626-6800;                           *
                                          *
JEFFREY A. TAYLOR, D.C. Bar # 498610 *
In His Individual Capacity,               *
United States Attorney                    *
United States Attorneys Office            *
Judiciary Center Building                 *
555 4th Street, N.W.,                     *
Washington, D.C. 20530;                   *
                                          *
ROSCOE C. HOWARD, JR.,                    *
 D.C. Bar # 246470                        *
In His Individual Capacity,               *
United States Attorney                    *
United States Attorneys Office            *
Judiciary Center Building                 *
555 4th Street, N.W.,                     *
Washington, D.C. 20530;                   *
                                          *
MARK E. NAGLE, D.C. Bar #416364           *
In His Individual Capacity,               *
Assistant United States Attorney          *
United States Attorneys Office            *
Judiciary Center Building                 *
555 4th Street, N.W.,                     *
Washington, D.C. 20530;                   *

2

KENNETH L. WAINSTEIN,                    *
  D.C. Bar # 451058                      *
In His Individual Capacity,              *
United States Attorney                   *
 United States Attorneys Office          *
Judiciary Center Building                *
555 4th Street, N.W.,                    *
Washington, D.C. 20530;                  *
                                         *
RUDOLPH CONTRERAS,                       *
  D.C. Bar # 434122                      *
In His Individual Capacity,              *
Assistant United States Attorney         *
United States Attorneys Office           *
Judiciary Center Building                *
555 4th Street, N.W.,                    *
Washington, D.C. 20530;                  *
                                         *
PETER D. BLUMBERG, Bar # 463247          *
In His Individual Capacity,              *
Assistant United States Attorney         *
United States Attorneys Office           *
Judiciary Center Building                *
555 4th Street, N.W.,                    *
Washington, D.C. 20530                   *
(202) 514-7157;                          *
                                         *
PAMELA D. HUFF, D.C. Bar # 457175        *
In Her Individual Capacity               *
555 4th Street, NW.                      *
 Room 10-443                            *
Washington, DC 20001                     *
(202) 307-0338;                          *
                                         *
JOHN DOE 1 – 35; and                     *
                                         *
The United States of America,            *
                                         *
        Defendants.           *
                                         *
*       *       *       *       *       *       *

## COMPLAINT

3

Plaintiff Oscar L. Thomas, hereby files this Captioned Complaint stating claims against the named captioned Defendants' in their individual capacity, and as federal employees acting under color of legal authority, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); (acting outside the scope of their employment), where the government has not certified scope of employment.

Plaintiff brings this action for injunctive, declaratory and monetary relief pursuant to the United States Constitution, 42 U.S.C. 1985(3), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and state law tort causes of action; and in violation of Federal Statue, 28 U.S.C. §§ 1346(b) and 2679-et seq.

## Jurisdiction

1.     This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution, 42 U.S.C. 1985(2) and (3), 28 U.S.C. §§ 1331, 1343(a)(3), and Federal Statues 28 U.S.C. §§ 1346(b) and 2679-et seq. The Court has jurisdiction over the state law action against the named captioned Defendants' pursuant to 28 U.S.C. §1367; DC CODE § 12-301 (8) and  § 13-423(a)(1)-(6) and (b)-et seq., and the District of Columbia's three-year statute contained in D.C. Code Ann. § 12-301 (1995). The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. The Court has authority to grant injunctive relief under the federal courts' inherent equitable powers.  Plaintiff also seeks declaratory and injunctive relief and monetary damages against the named captioned Defendants' each, in their individual capacity, as a federal employee acting under color of legal authority, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

4

## Venue

2.      Venue is appropriate in this District under 28 U.S.C. § 1391.

## Parties

3.      Plaintiff is a citizen of the United States and the State of Tennessee and at all times relevant, resided in Germany.

4.      Defendants Ellen S, Huvelle, Deborah A. Robinson, R. James Nicholson, Paul G. Thomson, Stephen J. Pollak, Paul R. Friedman, Richard L Matheny, III, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, Matthew Reinhard, and Mary Lou Soller are citizens of the United States, and the District of Columbia, the State of Virginia, or Maryland. They have injured and denied Plaintiff due process in violation of the Fifth and Fourteenth Amendments to our U.S. the Constitution, and Plaintiff's civil rights have been violated as alleged below.

## Facts

A.      **Facts Common to all Claims and Defendants'**

5.      Generally, for common law torts, federal employees are immune from suit individually for common law torts occurring within the scope of their employment. *See* 28 U.S.C. §2679(b)(1).  However, § 2679(b)(1) does not extend to "a civil action against an employee of the Government which is brought for a violation of the Constitution of the United States, or which is brought for a violation of a statute of the United States…" *See* §2679(b)(2), and it does not extend to non-federal employees or contractors at all. Also, immunity is not automatic, and in order to become covered by this provision, scope of employment certification must be timely filed and not wavered.  Here, relating to the

issues in this complaint, the Defendants' have waived their coverage, and/or are not entitled. The United States, as the "sovereign", by its specific actions, has also indisputably waived its own sovereign immunity, e.g., (by already representing to this Court and Plaintiff that "in an FTCA case, the United States is the only proper Defendant." However, because of the United States' action, all is not proper.

6.     The claims in this complaint are completely separate and distinct claims, growing out of a previously filed and ongoing civil action filed under the FTCA, the Privacy Act, our U.S. Constitution, and under *Bivens*. See *Thomas v. Principi, (now Thomas v. Nicholson*, Civil Action Number: 02cv1743.

7.     Commencing on January 5, 2006, under the Federal Tort Claims Act (FTCA), Plaintiff filed Motion to file First Amended Complaint in *Thomas v. Nicholson*, Civil Action Number: 02cv1743.

8.     On January 18, 2006, Peter D. Blumberg, United States Assistant U.S. Attorney filed Notice of Appearance on behalf of the Unite States of America, Anthony J. Principi and professedly, 16 other named federal employee-defendants; and others, unnamed except et al. They are:

        A.     In the Original Complaint:

        Anthony J, Principi, now R. James Nicholson, et al., G. J. White, M. Corbin; Douglas A. Wallin; A. Butler; J. Jensen; C. Faye Norred; Sandra Mize; Dr. G. Thomas Yungman; Lona (Shannon) Shipley; Lucille Dunlap; V.L. Knott; L. Harvey; Iris Hirst; A. Vangordon; Thomas Wayburn, and A.R. Kelly.

        B.     In the First Amended Complaint:

        James D. Nicholson, et al, [**which also includes Defendants in 1 above**]; Nancy J. Keesee; Rowland A. Christian; Director, DVA; Ms. Payne; Neil S. Richman; Diane Fuller; Elizabeth Biniakewitz; Karen A. Curd; Sonya A. Harris; Samuel A. Herring; Nancy J. Keesee; A.R. Kelly; Mary Koller; Lawrence E. Madlock; Ajit Pillai; Jeffrey L.

Todd; James B. Wood; Paul. G. Thomson, John Doe I, II, and III, and; The United States of America.

9.    On March 1, 2006, Judge Ellen S. Huvelle issued Order granting Motion to File First Amended Complaint, and on this same date, Plaintiff's First Amended Complaint was filed.  [See Court Docket # 51 in CA 02cv1743].

10.    On or about April 5, 2006, Department of Veterans Affairs' Counsel Paul G. Thomson and Justice Department Attorneys', Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, and Pamela D, Huff in July 2003, on behalf of R. James Nicholson and the 16 named Defendants' and the United States of America, authored, signed and/or otherwise responsibly caused to be filed an Answer to said Amended Complaint, said civil action 02cv1743, filed in the above captioned United States District Court.  It is not clear if these attorneys included all named et al. Defendants' in their answer.

11.    By Order of Judge Huvelle, dated March 1, 2006, an Initial Scheduling Conference was set for May 3, 2006, at 10:00 a.m. Set/Reset Hearing: Initial Scheduling Conference set for 5/3/2006 at 10:00 A.M., Courtroom 18 before Judge Ellen S. Huvelle.

12.    On April 24, 2006, Judge Ellen S. Huvelle issued her Order reference Appointment of Counsel for Plaintiff.  The Order stated:

> "Since it appears that plaintiff has been unable to reach an agreement
> with Miller & Chevalier, e.g., (Mary Lou Soller and Matthew T. Reinhard of that
> firm),  the Court has undertaken to identify another law firm -- Goodwin Procter
> LLP -- which has graciously agreed to meet with the plaintiff to determine if it
> can represent him in this matter on a *pro bono* basis. "Mr. Thomas must
> understand that the Court is under no obligation to find counsel for him and that it
> will not continue to contact additional firms in search of representation." Mr.
> Thomas should immediately contact Stephen J. Pollak at Goodwin Procter LLP,
> 901 New York Avenue, N.W., Washington, DC 20001, 202/346-4178, so that he
> can arrange to meet with a lawyer from that firm, preferably before the upcoming
> status conference May 3, 2006 at 9:30 a.m. He should also bring with him to

7

any such meeting all relevant papers, including his medical records.""'

13.    In their active participation and/or involvement in proceedings or proceedings related to and/or before this Court in their defense of this case, _Thomas v. Principi,_ Civil Action: 02cv173, between April 5, 2006 to the present, [as in another previous instances], [this is at lest the second such instance], the Defendants', Department of Veterans Affairs' Counsel Paul G. Thomson and Justice Department Attorneys', Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, and Pamela D, Huff, in July 2003, on behalf of R. James Nicholson and the 16 named Defendants', the United States of America and the named Defendant Judges, two or more persons,  have, through their egregious acts and omissions of fraud, attempted fraud, conspiracy to commit fraud, and conspiracy by intentionally, knowingly and willfully agreement to set out to injury, and did injured and discriminatorily deprived Plaintiff - because of Plaintiff's race, ethnicity, retaliation and mistreatment-rulings vs. rulings in favor of the Defendants' who are all Caucasian, depriving Plaintiff of his civil, legal due process of law and fundamental rights to fairness in the administration and application of justice in the common law of the District of Columbia and federal law in violation of Plaintiff's rights under the Fifth and Fourteenth Amendments to our U.S. Constitution to wit.  42 U.S.C. § 1985(2), (3) and 1986, and in violation of Federal Statues as alleged.  They, the Defendants', directly or indirectly, have conspired, at least between two or more of them, to injure, prejudice and destroy Plaintiff and my good named, position, rights, interest, standings and relationship with Plaintiff's Department, the United States Department of Veterans Affairs, for which, equitably, as a honorable retired solider, Plaintiff will always be a part; and by denying and continually trying to

deny Plaintiff his statutory, constitutional due process and equal protection rights, and my constitutional rights to pursue these rights (the right to judicial proceedings and forum provided by law) to petition the government when these rights are being threaten, abridged and/or taken away, as here, Defendants' are the subject of this suit.

14.     The Defendants' Honorable Judges Huvelle and Robinson, in the above described ongoing case, with the obvious knowledge and in plain view of the facts, filings and procedural posture of the described civil action before them, have, WITHOUT ANY SUBJECT-MATTER JURISDICTION to ACT, and in violation of Federal Statue, the Westfall Act, 28 U.S.C. § 2679-et seq., WHICH BASICALLY COMMANDED THAT SHE NOT ACT; but she acted along with and/or in a conspiracy and/or in an agreement with the Defendants', Department of Veterans Affairs' Secretary, R. James Nicholson, Counsel Paul G. Thomson and other Justice Department Attorneys':  Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, and Pamela D, Huff in July 2003, acting on behalf of federal Defendants' R. James Nicholson, et al and the 16 named employee-defendants' and the United States of America and others, by ruling and applying the law in violation of a federal statue in such a way as to have, through her and their egregious acts and omissions of fraud, attempted fraud and conspiracy to commit fraud, intentionally, knowingly and willfully setting out [conspiring to injure], and did injure and deprived Plaintiff, and continues to injure and deprive Plaintiff of his civil, legal due process and lawful fundamental rights to fairness in the administration and application of justice at common law in the District of Columbia and in accordance with federal law "Statues", in a United States District Court for the District of Columbia, Plaintiff's Civil Rights under the Civil Rights Act of

1964, and in violation of our Fifth and Fourteenth Amendments to our U.S. Constitution, based on Plaintiff's race, ethnicity, and in retaliation related to prior and ongoing legal proceedings in this Court.

15.    Clearly, the factual and injurious proceedings that have occurred are"

a.    Plaintiff filed Original Complaint on August 30, 2002 under the FTCA, Privacy Act, United Stated Constitution, *Bivens* and DC law, naming Anthony J. Principi and 16 other named employee-defendants.

b.    On January 27, 2003, without issuing scope of employment certifications and filing motions for substituting the United States as Defendants' in the named federal employees place, [as required by *Westfall*] ,Counsel for the Secretary, Paul G. Thomson and named Justice Department Attorneys filed an Answer to the complaint.

c.    Defendants', through Counsel for the Secretary, Paul G. Thomson and other named Justice Department Attorneys then filed Motion to Dismiss, or in the Alternative for Summary Judgment.

d.    This district court, without any jurisdiction to do so, granted the motion and dismissed Plaintiff's Privacy Act claims as being barred by 38 U.S.C. § 511(a); constitutional claims for money damages against VA employees as also being barred, because, under *Bivens*, the doctrine of "special factors" counseling "hesitation" in the absence of affirmative action by Congress" establishing liability for the acts of individual government employees.  The DC Circuit affirmed in part and remanded remaining claims.  However, the case had been erroneously put to that Court where its facts were woefully misapprehended.

16.     Defendants" falsely, maliciously and fraudulently represent[ed] to a United States District Court, a United States District Court Judge and Magistrate Judge, to Plaintiff and the general public at large, (and as previously falsely to the United States Court of Appeals for the D.C. Circuit), on or about April 5, 2006, in an Answer to Amended Complaint, and as in others submissions, dated May 2, 2006, during an initial status conference held on May 3, 2006, during telephone communication with the Court by Defendants" reference Consent to Proceed Before a United States Magistrate Judge for All Purposes, on June 16, 2006, October 6, 2006, November 9, 2006, in a November 16, 2006 message to Plaintiff, in filings dated November 21, 2006, and in representations made to Plaintiff on December 12, 2006, in Response to Plaintiff's Discovery Requests, and as on other prior occasions, [in Civil Action Number: 02cv1743] **as though** [the United States]:

A.     [The United States] was properly representing all named Defendants' in this case; [but failed to name them].

B.     [The United States] had issued [scope of employment certification regarding each named employee-defendant in the case.

C.     [The United States] had filed Motions to Substitute the United States as Defendant(s) in place of each named employee-defendant in this case.

D.     [The United States] had been granted an Order by this Court that each employee-defendant was acting within the scope of his or her employment concerning the claims in the complaint raised against each named employee-defendant.

E.     [The United States] was legally free to proceed against Plaintiff's claims in the complaint as provided by provisions, exceptions and governance of the FTCA; and

F.     [The United States] was free, without exceptions and consequences of its actions, to make false, malicious and fraudulent statements and representations to the Court, to Plaintiff and the general public as to A through E above as though provisions, exceptions and governance of the FTCA applied, in violation of Rule 11(b).

11

17.     As is clear, the United States did not seek to be substituted itself for the Secretary and/or any of the 16 named federal employee-defendants, and the Court did not order the United States substituted, by intentionally, willfully and [k]nowingly and [f]alsely making such malicious and fraudulent statements and representations to the Court, to Plaintiff and the generally public under these false pretenses, claiming and using such representations, provisions, exceptions and governance of the FTCA benefits (defenses and procedures), as though the Court did and they applied in this case, [for the sole purpose of violating, denying and depriving Plaintiff's legal, lawful [congressionally required under statue] and [constitutional mandated due process rights granted under our U.S. Constitution], [for the purpose of causing delay and intentional injury, prejudice and severe emotional distress upon Plaintiff], when in fact such ["**claims to**"] statements and representations were not applicable or true and either was known or should have been known to Defendants' to be not applicable and/or true.

18.     By there submissions, Defendants' violated the Federal Rules of Civil Procedure and were certifying to the Court that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

        (a)     It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

        (b)     The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

12

(c)    The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(d)    The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.[1]

19.    Plaintiff asserts that these acts and omissions, "made first without any court jurisdiction", without notice or any opportunity to be heard, and without any avenue for appeal," deprived Plaintiff of the liberty to pursue and obtain legal, lawful, congressional and U.S. Federal Constitutional Due Process Rights to fundamental fairness, justice and equal protection in a federal judicial process to secure and protect Plaintiff's rights, [*due process, and other legal protections*], that the Defendants' and the government was and is trying to take away.

20.    Plaintiff seeks relief against all named Defendants solely in their individual capacity, and against federal employees acting under color of authority, including damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[1] On August 26, 2002, the Defendant denied Plaintiff's Tort Claims for one reason, and one reason only, which was, as they admitted:

> Under the Federal Tort Claims Act (FTCA), VA **is liable and responsible** (Continued)
> (Continued)
> for any negligent or wrongful acts or omissions by VA employees
> acting within the scope of their employment which have caused
> death, personal injury, and/or property.  After reviewing of our
> files and the materials you submitted in light of the issues you
> raised in your claim, [**we have found no such negligent or wrongful
> acts or omissions**].  Moreover, determinations regarding veteran's
> benefits are not reviewable under the FTCA.  See Title 38, United
> States Code, Section 511(a).  Accordingly, your claims are hereby denied.

This is a clear and unmistakable declaration by DVA and the government that the wrongful acts, omissions and incidents alleged by Plaintiff in his complaint [**never occurred**], and therefore, the Attorney General could never [**certify**] that the employee-defendant were acting within the scope of their employment. [See Ex C to Court Docket [29] ref. [25] on the Court Docket, CA 02cv1743].

*Narcotics*, 403 U.S. 388 (1971), as well as declaratory and injunctive relief aimed at preventing future constitutional violations.

>    **B.    Specific Facts More Common to Claims Against Defendants Ellen S. Huvelle, Deborah A. Robinson, Stephen Pollak, Paul R. Friedman, Richard L. Matheny, III, Matthew Reinhard, and Mary Lou Soller**

21.    Without any judicial legal constitutional authority or power to act, (subject-matter jurisdiction), first, Defendant, the Honorable Ellen Segal Huvelle, United States District Court Judge for the District of Columbia, by her Orders and Actions of Professional Misconduct – committed or caused to be committed, acts and omissions (conduct) prejudicial to the effective and expeditious administration of the business of the Court, which, in this instance, was directly related to the merits of a decision and procedural ruling of a case before her - because the Court had [**n**]o subject-matter jurisdiction to act in the first instance place.

22.    By acting without jurisdiction, Judges Huvelle's and subsequently, Judge Robinson's conduct was and is still prejudicial to Plaintiff and to the effective and expeditious administration of the business of the Court, which Plaintiff claims injury by common law trespass, unnecessary delay, fraud, prejudice and conspiracy to commit fraud and severe emotional distress upon Plaintiff to deprive Plaintiff of his equal due process rights in an adjudicative legal and lawful process before her/them, in violation of Plaintiff's due process rights under the Due Process Clause of our Fifth and Fourteenth Amendments to our United States Constitution.

23.    Defendants, Huvelle, Robinson, Pollak, Friedman, Matheny, III, Reinhard and/or Soller, (two or more persons in a State of the United States, or the District, for the purpose of depriving, either directly or indirectly, Plaintiff of equal protection of the

laws, and equal privileges and immunities under the laws, (Federal Rules of Civil

Procedure, Rule 56(c)-et seq., Federal Statues 28 U.S.C. §§ 1346(b) and § 2679(d)(1) and

(2)), for the purpose of preventing and hindering the constituted authorities, (the Court

and the Laws) of the District of Columbia and/or State of Tennessee from giving or

securing all persons, "Plaintiff", within the District of Columbia and the State of

Tennessee – the equal protection of the laws, and Plaintiff being so injured and deprived

may have an action for the recovery of damages occasioned by such injury or deprivation

against any one or more of the conspirators, Huvelle, Robinson, Pollak, Friedman and

Matheny, III, Reinhard, Soller or others, who conspired, concealed and withheld all facts,

information and requirements about all general aspect of Case #02cv1743, for which they

were advising, and specifically, the requirements of the required application of 28 U.S.C.

§ 2679(d)(1) and (2) in a law suit before Judge Huvelle in which Pollak, Friedman and

Matheny, III , at her Order and requested from here colleagues, associates and friends,

that they advise and represent Plaintiff in the case.  Defendants' thus conspired, agreed

among themselves, "two or more of them", for the purpose of depriving a person,

"Plaintiff", of equal protection of the law provided by and in accordance with federal

statue 28 U.S.C. §§ 1346(b) and 2679(d)(1) and (2); all of the possible or imaginary

things (protections) that could have happen or resulted, to include judgment in Plaintiff's

favor, had provisions of the statues been properly applied.  Defendants', as legal

counsels' to Plaintiff, accepted, assumed, and had a duty to know, or should have known,

considered and advised Plaintiff of the required application of 2679(d)(1) and (2) to

Plaintiff's case; and knew, or should have known there had been a failure on the part of

the referring Judge in the case and the Court to apply these statue provisions.  Defendant

Reinhard also failed to recognize, advise, raise and plead the application and provisions

of these statues on appeal before the Appellate Court in _Thomas v. Principi_, CA 5182.

24.    Defendants', more than one of them, at the same and/o continuing times,

committed the overt act of "furtherance of their conspiracy" by capturing and recording

by writing down, Plaintiff mental impressions and theory of recovery and all other aspect

of Plaintiff's civil action 02cv1743 from Plaintiff, to include medical records, in

furtherance of their conspiracy, which also was to block, impede and deprive Plaintiff's

rights, property, privileges, immunities and protection under the law; which Plaintiff also

claims, was and is, a furtherance of a more than 17-year unconstitutional deprivation of

access to the judicial process, judicial forum, (which is an underlying cause of action that

the conspirators have rendered ineffective - a remedy unique to Plaintiff's cause of

action); They have also, as demonstrated through their actions and treatments of Plaintiff,

discriminated against Plaintiff on the basis of Plaintiff's race and ethnicity.  The essence

and purpose of the Defendants' actions, in all aspects, is so outrageous in character, and

so extreme in degree (when one consider all the facts and factors in this more than 17-

year unconstitutional deprivation conspiracy venture, (being properly maintained within

the discovery rule and statue of limitation), as to go beyond all possible bounds of

decency, which was intentionally and/or recklessly that has caused Plaintiff most severe

emotional distress and injury.

     (1)    **More Specific Facts Constituting Fraud and Conspiracy to Commit Fraud**:

25.    After timely filing Administrative Claims under provisions of the Federal Tort

Claims Act with the Department of Veterans Affairs (DVA) Agency and subsequently,

having timely filed a consolidated lawsuit in Federal District Court for the District of

Columbia (Federal District Court), against the Secretary, DVA, 15 named DVA federal employees in their individual and official capacity, John Doe I, II, III and IV; and the United States of America for their alleged tortuous acts and omissions of medical malpractice and other negligent conduct in violation of District of Columbia (State-law) and federal statues as more fully alleged, described and set out in District Court Civil Action Number: 02-CV-1743, filed on August 30, 2002; and First Amended Complaint, filed on January 5, 2006.  (See Court Docket: 02-cv-1743); and as stated above and below.

26.    On or about March 1, 2006 and continuing through until Case Number 02-cv-1743 was (in furtherance of this conspiracy) handed off to Magistrate Judge Deborah A. Robinson, (who, in furtherance of this conspiracy), and without any subject-matter jurisdiction in the case to do so, conducted exparte, illegal and fraudulent communications with parties, (Judge Huvelle and Defendant Attorney Blumberg), and other non-parties in this case that was injurious and prejudicial to Plaintiff and to the effective and expeditious administration of the business of the Court, causing unfair and unnecessary delay in the procedural judicial processing and adjudication of Plaintiff's case in violation and not in accordance with a federal statue, as alleged above and further below, for the soul purpose of denying and perverting the course justice and fundamental fairness in judicial proceeding before her…..without any subject-matter jurisdiction to act.

27    It was well-known, or should have been well-known by Judges Huvelle and Robinson, and Defendant's Pollak, Friedman, Matheny and Reinhard, that under The Federal Tort Claims Act, 28 U.S.C. @ 1346(b) and 2672 – 2680, the district courts,

together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government <u>while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.</u>  28 U.S.C. § 1346(b) (1994), but, for constitutional claims and violation of a statue, under *Bivens*, the *Westfall* Act did not and does not apply.

28      Thus, one of the key factors or elements here, as to federal district court having subject-matter jurisdiction over a plaintiff's claims filed under this statue is the "<u>while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.</u>"  28 U.S.C. § 1346(b); and § 2679(d)(1) and (2).

29      Defendants' knew or should have known that, yes, federal employees are immune from suit individually for common law torts occurring within the scope of their employment. *See* 28 U.S.C. §2679(b)(1). But, that § 2679(b)(1) does not extend to "a civil action against an employee of the Government which is brought for [**a violation of the Constitution of the United States**], or which is brought for a [**violation of a statute**] of the United States [**as in this case**]…" *See* §2679(b)(2).  However, immunity is still not automatic, and in order to become covered by this provision, scope of employment

certification must be timely filed and not wavered.  Here, the Defendants' have waived their coverage relating to the matter in question.

30      Defendants' new, necessarily, in this situation, or should have known, that in order for the Court to invoke its jurisdictional power to act on claims first filed in federal district court under the FTCA, "and the Court should have known it too", requires the U.S. Attorney, pursuant to 28 U.S.C. § 2679(d)-et seq., to come forward and issue scope of office or employment certification, (in this case, certifications), certifying that the Secretary and each of the other named federal defendant-employees were acting with the scope of their employment, attached to his answer on their behalf, and with his further request, by motion, moving the district court for an Order to substitution the United States as the sole Defendant, (in this case, Defendants), in place of each individual-named federal employee-defendant named in the complaint. (Scope of employment is in controversy, which is the key to the FTCA coverage and governance).

31      The Defendants' both new or should have known that the US Attorney (the government) had either failed or refused to issue the certifications regarding each, or any named defendant-employee, and to file a motion with the court seeking an Order for substitution, leaving the court without any jurisdiction to act, absence a motion or motion(s) filed by the individual named employee or employees for a court-determination as to whether they were acting within the scope of their federal office or employment.

32.     Defendant Judges and all others involved here, knew or should have known that since neither the United States nor any one of its individually named defendant-employees had made the required filings, that the Court was left without any further subject-matter jurisdiction over Plaintiff's FTCA claims.

33.     Therefore, Judge Huvelle, without any jurisdiction, except her/the court's jurisdiction to determine its own jurisdiction, in consideration and response to the United States' Motion to Dismiss, or in the Alternative, for Summary Judgment, and Plaintiff's Response thereto, "without a Hearing", knowingly and willfully acted prejudicial to Plaintiff and to the effective ad expeditious administration of the business of the Court – and knowingly that she was willfully violating Plaintiff's statutory, constitutional due process civil rights in violation of the Fifth and Fourteenth Amendments to our Constitution, and in violation of 42 U.S.C. § 1985(3).

34     Judge Huvelle knew, or should have known that, by acting without any jurisdictional legal constitutional authority, and in direct contravention of a federal statue, central to the issue before her, then by allowing improper procedures, [summary judgment proceedings; a mini trial to go forward], adjudicating Plaintiff's FTCA clams and granting the United States Judgment in reference thereto, [which is an irreversible and irreparable fatal injury to Plaintiff], when in fact, the United States was not even a proper party to the action under the FTCA's Congressional Framework; because it had not officially waived its sovereign immunity to be sued; (been substituted as the Defendant(s)), and had not rendered itself liable for the alleged tortuous acts and omissions of its named employees, (although now it seems and claims, on the one hand it has, and on the other, it has not).

35.     The Defendant Judges' and all others involved, knew or should have known that they and the Court was required to decide the scope of employment issues under state law before considering and deciding the merits of the case; before summary judgment; before trial, concerning the role of each named employee-defendant's played in the acts and/or

omissions giving rise to the incidents/causes of action in Plaintiff's original and amended complaints.

36.     The Defendant Judges, and all involved, knew or should have known that, by first granting the government's motion to dismiss, on the issue of subject-matter jurisdiction that was inextricably intertwined with the case-merits, without a hearing, greatly, irreparable and irreversibly prejudiced Plaintiff and Plaintiff's case in a way that fairness and due process can no longer or ever be had or restored, and is (conduct) prejudicial to the effective and expeditious administration of the business of the Court and was outside of its jurisdictional authority.

37     Judge Huvelle's and Judge Robinson's and all others conduct is misconduct injurious and prejudicial to the effective and expeditious administration of the business of the Court and to Plaintiff, and at this point, perverted the course of justice and the legal and lawful due process of Plaintiff's claims down a now 5-year path on a 17-year course that has caused and continues to cause Plaintiff immeasurable, irreparable, and irreversible harm, injury and damages and unrelenting indescribable emotional distress, time and costs.  (See Court Docket Entries 23 through 66 in CA 02cv1743), covering the period 3/28/03 through 06/19/06, and form 06/20/06 through the present.

38.     Judges' Huvelle and Robinson, and all other involved, nevertheless, knowingly, as a well being well experienced United States District Court Judicial Officers, (Honorable Judges), having been forewarned/informed by Plaintiff early own in the proceedings, of the United States' lack of certification and substitution being filed in accordance with 28 U.S.C. § 2679(d)-et seq., Judge Huvelle preceded, now followed by Judge Robinson, after filing of First Amended Complaint, in total disregards to their

being charged with knowledge of the law, continued and continues to pervert the course

of justice by knowingly, intentionally, willfully and foreseeable violating and continues

to violate Plaintiff's legal, lawful and constitutional due process rights.

39.    Defendants' have acted and continually acts with  discriminator animus and in a

bias matter prejudicially to Plaintiff and to the effective and expeditious administration of

the business of this Federal District Court – by their still acting WITHOUT [] **ANY**

**JURISDICTIONAL** [] **LEGAL CONSTITUTIONAL AUTHORITY** [] or POWER TO

ACT to do so.

40.    For instance, specifically, Judge Huvelle, without any request by Plaintiff, in

"civil action 02cv1743", on or about June 24, 2006, contacted the law firm of Miller and

Cavalier, a "so-called private law firm" and directed and appointed them to look into

representing Plaintiff in said case.  A law firm that admitted frequently or continuously

representing the government and its interest in FTCA claims/cases and/or other

government business/employees.  That law firm invited Plaintiff, on behalf of Judge

Huvelle, to enter into an representation appointment with it on a "Pro Bono basis", in an

agreement that would call for Plaintiff waiving Plaintiff's right to object to the law firm

representing other government entities who's interest may have been substantially

adverse to Plaintiff's.  When Plaintiff would not agree, Judge Huevelle warned and

directed Plaintiff by Order to either accept the law firm of Miller and Cavalier, or face the

possibility of the Court's further non-consideration of a Pro Bono appointment by the

Court, which was never requested by this Pro Se Plaintiff in the first place.

41.    Still, when Plaintiff and Cavalier was not able to agree on terms of representation,

(because they wanted Plaintiff's to waive his rights concerning "conflict or interest" right

up front), and that Plaintiff would, in this case, continue to represent himself Pro Se,

Judge Huvelle, by Order of the Court, directed Plaintiff to, in the course of Plaintiff

already coming to Washington, DC to the Court for a regular scheduled scheduling

conference, (without request by or from Plaintiff), Ordered Plaintiff to bring all of his

files and Court records, papers and reports to Washington, DC, with only a two days

notice, to report to another law firm, Goodwin Procter LLP, who has also indicated

already to Plaintiff of being associates and friends of Judge Huvelle, who indicated that

she had asked them to represent Plaintiff in the concerned docketed numbered case, and

that they had agreed to representation.  Judge Huvelle's law firm associates/neighbor

collages, Attorney's Stephen J. Pollak, Esquire, Paul R. Friedman and Richard L.

Matheny, III, Reinhard, Soller and others, under false pretenses, suckered, used,

misinformed, and fraudulently misled Plaintiff into turning over all of Plaintiff's

evidence, court files, to include highly personal private medical records to them, and then

after a three day period of their reviewing these records with Plaintiff, and the

documenting of Plaintiff's mental impressions and theories of recovery in Plaintiff case –

(trespassed) by asking Plaintiff hundreds of intimate detailed questions abut Plaintiff's

case.  Then, suddenly, by surprise and after making three (3) copies of Pro Se Plaintiff's

personal, sensitive, and highly private medical and other records, then indicated that it

would not agree to representation of Plaintiff by then sending a personal letter notice to

Judge Huvelle to this effect, saying Plaintiff had fully cooperated, which is short for, we

suckered him, we got him.

42.     Judge Huvelle then, based upon an apparent previous agreement between herself

and the agreed representative counsels conspirators', on a follow-up scheduling

conference, without notice to Plaintiff, that they, (the counsel conspirators'), would not attend the scheduling conference. Judge Huvelle, once her associates had withdrawn, or indicated they would not represent Plaintiff, after they had stated that they would, directed Plaintiff, (without any notice) to either agree that she hand over Plaintiff' case off to a Magistrate Judge, or attend her scheduled hearing with unstated consequence if Plaintiff did not, forcing Plaintiff to agree and to sign an agreement to that affect for her to transfer Plaintiff's case to a Magistrate Judge.

43.     That Magistrate Judge happens to be the Honorable Judge Deborah A. Robinson, who has continued this conspiracy process outside the FTCA's mandatory framework without any subject-matter jurisdictional authority as though nothing never happen. Based upon known facts, personal knowledge, information and belief, there is likelihood that an investigation will produce proof that the aforementioned law firms are agents and/or representatives of the U.S. Government and/or friends and/or associated of Judge Huvelle, during legal representations for and on behalf of the government, and, based on the specific facts that the Justice Department's U.S. Assistant Attorney, Peter Blumberg, having requested a period of discovery of a 150 days, and throughout this 150 days until the time had expired, never propounded not one iota of discovery material to Plaintiff, e.g., Requests for Interrogatories, Production of Document, or Request to Take Plaintiff's Deposition, etc., makes clear their exparte communications, conspiracy and delay.

44.     These facts and occurrences indicates that Pro Se Plaintiff's records and files, confiscated through this "suckered into" mental impression raping and fraudulent inducement, to Plaintiff's detriment, have been turned over to the Justice Department Attorneys handling Plaintiff case for the government.

24

45.    Judge Huvelle's collages and admitted associate friends, who have revealed and acknowledged that Judge Huvelle had actually discussed Plaintiff's case with them is evidential proof that she turned over personal private information and content about Plaintiff and Plaintiff's case to her friend law firms and attorney's who first agreed to represent Plaintiff, but then withdrew at Plaintiff peril, which amounts to exparte communications with other party's or individuals working on behalf and in the interest of the government.  *See Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998), (A federal district court has "inherent power to protect [its] integrity and prevent abuses of the judicial process.").

46.    Here, however, it is now not possible for Plaintiff to be made whole or for remedial action to restore the *status quo ante*. The *status quo ante* cannot be restored because, under these false pretenses and fraudulent conduct of the Defendants', (improper proceedings), (summary judgment proceedings that have been had and ruled on in this case - with a dismissal under Rule 12(b)(1) and (6) against Plaintiff, and which under these same false pretenses, Appellate Court review was also infected).  The only prerequisite for substitution under the Westfall Act, which had to come before the Court's rulings, was certification, and without certification, there is no grant of immunity, waiver of immunity, or consent to be sued for the federal employees.  But, yet the government alleges and claims that "the United States is the only proper Defendant in a FTCA case against the government".

47.    While this Court can order relief by further preventing further improper misconduct and proceedings by the Judges' relating to their acting without any jurisdiction or acting in such a bias, discriminatory, injurious and vindictive nature and

trespass, the chilling effects of their actions are much more insidious.  Who would or could have been so bold to take this risk?

48.    Accordingly, it is not enough that this Court enter an Order to show cause why the Judges, the government and others involves should not be held in civil contempt, but their offending actions sanctions levied and awarded to Plaintiff, because they actually encompasses more than Professional Misconduct – prejudicial to the effective and expeditious administration of the business of the Court, but also, which has caused grave irreversible and irreparable injuries, harm and damages to Plaintiff and denial of Plaintiff's statutory and constitutional due process rights in violation of the Fifth and Fourteenth Amendments to our U.S. Constitution.

49.    The judges' and all other Defendants' conduct involved, created and continues to create an "appearance of impropriety; and shows *actual* bias and discrimination animus" causing injury to Plaintiff and to the integrity of out court and justice system.

50.    The governments', the Judges' and all others involve misconduct goes to the very heart of this litigation and this Court's ability to render justice in this case. Even now under the direct scrutiny of the undisputed facts and the record, they, the Defendants' continues to act with impunity.

51.    For these reasons, Plaintiffs requests and urge this Court to enter an order for Secretary, DVA and his representatives' counsels and other named involved, to show cause why they should not be held in civil contempt for willfully violating this Court's Rule of Professional Misconduct for Judges and lawyers for their brazen attempt to undermine the integrity of these proceedings, Rule 11(b), and our Constitution.

52.    A Judge is a federal official charged "with moral obligations of the highest responsibility and trust," but their misconduct in this case is deplorable and represents deliberate violations of law, fraud, trespass, conspiracy, intentional violation of due process of law, deliberate disregard of material facts, judicial acts without jurisdiction, blocking of a lawful conclusion of a case, and deliberate violations of the Constitution of the United States and Article III, as demonstrated above and below.

53.    **Declaratory and Injunctive Relief:**

54.    In addition to damages, plaintiff also seeks prospective injunctive relief against all named Defendants in their individual capacity.  Plaintiff requests a permanent injunction prohibiting all named Defendants "from violating [plaintiff's] constitutional rights under the Fifth and Fourteenth Amendments" and from "ever again making" any of the "false and malicious statements, representations and communications contained in the named Defendants' submissions to this Court described above" or "any representation to this Court that [plaintiff]'s claims in Civil Action 02cv1743 is subject to provisions and governance under the FTCA as through the named employee-defendants named in their official and individual capacity have been substituted by the United States.

55.    Plaintiff also seeks a declaratory judgment that the United States and the named Defendants', to include the named employee-defendants' conduct "violated [Plaintiff's] constitutional rights under the Fifth and Fourteenth Amendment."

56.    Because Plaintiff alleges that it is likely that Plaintiff's constitutional rights will again be violated in this manner by named Defendants', Plaintiff pray for such relief and show that there is "not only a real and immediate threat" that Plaintiff will, [not only again be subject to the same official conduct], but that, as alleged, as already in the past,

but is also currently being subjected to such [this ongoing conduct]; [unconstitutional chokeholds from the same official practice]; by the Defendants' at the time of the filing of this complaint, and therefore would meets any standing analysis.

57.     Because plaintiff has alleged that it is likely that his constitutional rights, has been, is currently, and likely will again be violated by Defendants', plaintiff has standing to pursue this type of equitable relief.

58.     Plaintiff alleges that Defendants' violated Plaintiff's constitutional rights by fraudulently taking away Plaintiff's due process statutory and constitutional rights through a series of claims and submissions to the court of unsubstantiated misrepresentations, made in their official and individual capacity, based on conduct [not certified] by the United States ["as acting within the scope of their employment at the times of the incidents alleged"], as alleged above and below.

59.     Plaintiff alleges that Defendants' have previously, at present and ongoing, continues the acts and omissions giving rise to the claims in this complaint regarding Plaintiff's Firth and Fourteenth Amendment due process and equal protection rights violations, and that these allegations does show that plaintiff is likely to suffer future injury "as the result of the challenged official conduct that violate Plaintiff's rights.

60.     Because Plaintiff has alleged that there is a "real, immediate and ongoing injury and further threat" that Plaintiff will again and continues to be, in this and other ongoing litigation, subject to government takings and deprivations of Plaintiff's statutory and constitutional guaranteed due process rights, plaintiff claims to have standing to seek the declaratory and injunctive relief alleged in this complaint.

**First Cause of Action**
**(Against All Named Defendants' In Their Individual Capacity)**
**(Violation of Fifth Amendment Due Process Rights)**

61.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

60, above, inclusive.

62.    The Fifth Amendment to the U.S. Constitution commands, ("Nor be deprived of

life, liberty, or property, without due process of law"), encompasses the right of the

individual, (Plaintiff or Defendant) who has his/her legal proceedings before a United

States District Court Judge, or Judges, or tribunal for adjudication and the administration

of law and justice, the right to "due process" and the guarantee of fundamental fairness

liberty interest in justice required and mandated by (1) a Congressional enacted Federal

Statue and (2) under our U.S. Constitution where a person engages in the common law to

vindicate his legal and lawful rights - when and where they are at stake because of what

the government is doing to take away/deprive an individual of them; and notice and an

opportunity to be heard are utmost essential.  Encompasses being deprived of "due

process", "fundamental fairness", "equal justice", "liberty", "interest" and "equal

protection" of the law, which is no small injury when government, or individuals on

behalf of government, are openly, actively, intentionally and willfully acting to

extinguish and take away these guaranteed protected rights…as Plaintiff, herein, charges

the Defendants' have done, are currently doing, and/or are continually trying to do.

63.    The Defendants', R. James Nicholson and the 16 named Defendants; the

Department of Veterans Affairs' Counsel Paul G. Thomson and Justice Department

Attorneys: Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L.

Wainstein, Rudolph Contreras, Peter D. Blumberg, and Pamela D, Huff, beginning in

July 2003 to the present, on behalf of R. James Nicholson and the 16 named Defendants',

in their individual capacity, in an ongoing conspiracy, violated Plaintiff's Fifth

Amendment right by filing legal court documents and pleadings over their signature that

they knew to be false and fraudulent, unsupported and legally inadequate in law, for the

purpose depriving Plaintiff Thomas through a long campaign of making false and

unsubstantiated submissions and filing with the Court, knowing, of should have known

them to be false and unsupported.

64.    Such action by Defendants effectively deprived Plaintiff of his liberty interest in

fundamental fairness and due process at common law in pursuing Plaintiff's legal and

lawful rights, when those right are being taken away by government and individuals on

behalf of government that injured Plaintiff.

65.    Defendants' unlawful conduct has caused Plaintiff to sustain continuing injury,

pain and suffering that is likely to continue (or recur) indefinitely at the current level

unless and until declaratory judgment and injunctive relief is rendered in favor of

Plaintiff to stop this, which has now happened on two specific occasions and is presently

ongoing.

66.    Plaintiff therefore seeks declaratory and injunctive relief against all named

Defendants in their individual capacity.  Plaintiff Thomas also seeks monetary damages

against all Defendants' as a federal employee acting under color of legal authority, in

their individual capacity, under *Bivens v. Six Unknown Agents of Fed. Bureau of

Narcotics*, 403 U.S. 388 (1971).

67.    WHEREFORE, Plaintiffs demands judgment against all Defendants' for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**Second Cause of Action**
**(Against All Named Defendants In Their Individual Capacity)**
**(42 U.S.C. 1985(2) Obstruction and (3) Conspiracy to**
**Deprive of Equal Protection of Law so as to Cause Injury to Person)**

68.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 67, above, inclusive.

69.    On personal knowledge, information and belief, the named Defendants within one or more of the States of the United States of America, conspired together for the purpose of depriving and obstructing Plaintiff, directly or indirectly, of justice and the equal protection of the laws of the United States, so as to injure Plaintiff in his person and property and deprive Plaintiff of his Constitutionally-protected Liberty interest right in his equally protected and statutory mandated rights to guaranteed honor and integrity as to fundamental fairness and due process rights in common law litigation proceedings in United States District Court, and Plaintiff's Constitutionally-protected Liberty interest in being free from current and future deprivations of Plaintiff's liberty - (to be free from the government illegally and unlawfully taking away of these rights – by conspiracy and other illegal ways), in violation of 42 U.S.C. § 1985(2) and (3), Conspiracy").

70.    On information and belief, the objects of the 42 U.S.C. 1985(2) obstructing justice, and (3) conspiracy included, but were not limited to, each of the following:

A.    If two or more persons, as the Defendants' did and have done, conspire for the purpose of impeding, hindering, (obstructing justice), or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal

protection of the laws, or to injure him or his property for lawfully enforcing, or

attempting to enforce, the right of any person, or class of persons, to the equal protection

of the laws, have violated Plaintiff's rights in violation of 42 U.S.C. 1985(2) and (3).

B.     To intentional, wrongful, willful and fraudulent undermining misconduct

to destroy Plaintiff's rights in the Court's honor, integrity and appearance of fundamental

fairness in the due process and litigation procedures and proceedings in an Article III

Court, which Plaintiff was involved and to wrongfully undermine and destroy the

appearance of any fairness and integrity in the process to deprive Plaintiff of equal due

process and protection of the law to vindicate Plaintiff's congressional statutory and

constitutional mandated rights for the purpose of unfair advantage, and to avoid liability

after failing to properly exercise their own rights to avoid such liability, e.g., (failing to

filed scope of employment certifications and requesting United States' substitution(s) in

place of named federal employee-defendants that would have given the Court jurisdiction

under the *Westfall Act*).  Instead, the Court acted without this jurisdiction and the

involved named Defendants conspired in this act; and.

C.     Each of the Defendants' wrongfully undermine and destroy the

appearance of any fundamental fairness to Plaintiff in lawful legal litigation process in an

Article III Court for the purpose of unfairness and to commit judicial misconduct, fraud

and conspiracy to commit fraud upon Plaintiff and the Court for illegal and unlawful

advantage, and in violation of a statue.

71.     On personal knowledge, information and belief, in furtherance of the 42 U.S.C.

1985(2) Obstruction of Justice, and (3) Conspiracy, one or more of the conspirators,

including Defendant Nicholson, et al., and his defense counsels caused to be done the

following acts in furtherance of the object of the conspiracy and conspiracy to commit

fraud that injured Plaintiff in his person and property and deprived Plaintiff Thomas of

his Constitutionally-protected Liberty interest right in his right to due process in legal

proceedings in an Article III Court and/or destroyed the appearance of any fundamental

fairness or future fairness and integrity and Plaintiff's Constitutionally-protected Liberty

interest rights in any continuing litigation process and/or proceedings in this or any other

related case:

A.    Defendant's, in concert (agreement) with one or more of the conspirators,

on behalf of Defendant's Thomson and Nicholson, et al., produced and filed improper

and fraudulent papers and submissions cited in Paragraphs of this Complaint, above, that

contained Defendants' malicious, false and fraudulent allegations as to the legal lawful

congressional statutory mandated due process framework governing Plaintiff's claim in

case 02cv1743, depriving Plaintiff of his constitutional guaranteed due process rights to

fundamental fairness in and Article III Court litigative procedural process. [Other words,

for the purpose of its own advantage in this legal process, in agreement with the Court

and others, Defendants' illegally, unlawfully and fraudulently claimed, requested and

urged the Court to apply the FTCA [*Westfall Act*] framework process] and all of its

defenses, exceptions and provisions to the procedural process and merits of Plaintiff's

claims in the complaint, Civil Action: 02cv1743], [which they themselves, [the

Defendants], knowingly failed to effect and/or inject into the process]. The Court they

was complicity and agreed and then acted by Order without any subject-matter

jurisdiction under the FTCA/*West fall Act*, to adjudicate Plaintiff's claims under the act

and dismissed them all – wrongfully sending this case on an unnecessary severe

emotionally distressing false, malicious, fraudulent and injurious 5-year delay from the district court to the appellate court and now back to this court since January 2005, on an already 17-year journey of prejudice and injurious delay, depriving and denying Plaintiff of equal protection of law and due process.

      B.     Thus, Defendants' falsely, maliciously and fraudulently represent[ed] to a United States District Court, a United States District Court Judge and Magistrate Judge, to Plaintiff and the general public at large, on or about April 5, 2006, in an Answer to Amended Complaint, as in others submissions, dated May 2, 2006, during an initial status conference held on May 3, 2006, during telephone communications with the Court by Defendants" reference Consent to Proceed Before a United States Magistrate Judge for All Purposes, on June 16, 2006, October 6, 2006, November 9, 2006, in a November 16, 2006 message to Plaintiff, in filings dated November 21, 2006, and in representations made to Plaintiff on December 12, 2006, in Response to Plaintiff's Discovery Requests, and as on other prior occasions, [in Civil Action Number: 02cv1743], and these Judges and other conspirators having knowledge that this was improper, and a violation of a federal statue, then acted complicit and without any FTCA's subject-matter jurisdiction to act - as though:

      (1)     [The United States] was properly representing all named Defendants' in this case.

      (2)     [The United States] had issued [scope of employment certifications regarding each named employee-defendant in the case.

      (3)     [The United States] had filed Motions to Substitute the United States as Defendant(s) in place of each named employee-defendant in case 02cv1743.

      (4)     [The United States] had been granted an Order by this Court that each employee-defendant was acting within the scope of his or her office or employment concerning the claims in the complaint raised against each named employee-defendant.

(5)    [The United States] was legally and lawfully free to proceed against Plaintiff's claims in the complaint as provided by provisions, exceptions and governance of the FTCA without any scope of employment certification and requests substitutions being filed with the Court; and

(6)    [The United States] was legally and lawfully free, without exceptions and consequences of its actions, to make filings and submissions to the Court, Plaintiff and the general public containing false, malicious and fraudulent statements and representations to the Court that they knew of should have known to be untrue and unsupported as to A through E above - as though provisions, exceptions and governance of the FTCA applied in civil action 02cv1743.

72.    Defendants', violated 42 U.S.C. 1985(2) and (3) by obstructing justice and conspiring to deprive Plaintiff due process and equal protection of the law, which is the fundamental fairness in the legal processing and administration of legal proceeding in case 02cv1743, and neglect for failing to prevent it, in violation of 1986.  Such action by Defendants' effectively deprived Plaintiff of his liberty to legal and lawful due process and equal protection, in violation of the laws of the District of Columbia.

73.    Defendants' unlawful conduct has caused Plaintiff to sustain continuing injury that is likely to continue (or recur) indefinitely unless and until declaratory judgment and injunctive relief is rendered in favor of Plaintiff.

74.    Plaintiff therefore seeks declaratory and injunctive relief against all Defendants in their individual capacity.  Plaintiff also seeks monetary damages against all Defendants' under 42 U.S.C. 1985(2) and (3) and 1986.

75.    In causing such wrongful acts and omission, the Defendants' acted with malice, intent, unfairness with the knowledge that their actions were was false, fraudulent and improper, and/or that they were acting with a reckless disregard for the truth and without reasonable grounds to believe that the statements in procedural filings and submissions to the court were true and proper, meeting the requirement of Rule 11(b).

76.    As a proximate result, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to loss of his fundamental fairness, legal and due process rights in bring and proceeding in civil litigation 02cv1743, now pending wrongfully and improperly since August 2002.

77.    WHEREFORE, Plaintiffs demands judgment against the named Defendants' jointly and severally for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, attorney's fees and such other relief as the Court deems appropriate.

### Third Cause of Action
### (Against All Named Defendants' In Their Individual Capacity)
### (Fraud and Conspiracy to Commit Fraud

78.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 77, above, inclusive.

79.    Defendants', as described in Paragraphs 1 through 20 above, in conjunction with those described in Paragraphs 20B through 45 above:

(a)    Made "a false representation, or representations.

(b)    Made them as to material facts as in Paragraphs 1 through 20 above and specifically Paragraphs 16 through 20 and in conjunction with those in Paragraph 20B through 45 above, in reference to a material fact, or facts.

(c)    Made them with knowledge of its or their falsity and inappropriateness for filing.

(d)    Made it and/or them with the intent to deceive and injure, and did deceive and injure.

(e)    Made them in reference to an action that is/was taken in reliance upon their representations, where (Non-disclosure or silence may constitute fraud), ("especially where there is a duty to disclose."), and ("The concealment of a fact that should have been disclosed" may also constitute fraud).

80.    As a proximate result of Defendants' fraud and conspiracy to commit fraud, Plaintiff has suffered and continues to suffer substantial injury, damages, severe emotional distress, including but not limited to loss of his fundamental fairness, legal and due process rights in bring and proceeding timely in an Original and Amended Complaint for civil liberty and equal justice in civil litigation # 02cv1743, now pending wrongfully and improperly since August 2002.

81.    WHEREFORE, Plaintiffs demands judgment against all named Defendants' jointly and severally, in their individual capacity, for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**Fourth Cause of Action**
**(Against Ellen S. Huvelle, Deborah A. Robinson,**
**Stephen Pollak, Paul R. Friedman and Richard L. Matheny,**
**III, Matthew Reinhard and Mary Lou Soller, In Their Individual Capacity**)
**(Violation of Fifth Amendment Due Process Rights)**

82.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 81 above, inclusive.

83.    The Fifth Amendment to the U.S. Constitution encompasses the right of the individual to have his or her case pending adjudication before a United States District Court to act only within their subject-matter jurisdiction and to afford that individual honest and fundamental fairness in the administration of their case.

37

84.    By acting without jurisdiction, Judges Huvelles' and Robinson's conducts in violation of Plaintiff's civil and due process rights, was prejudicial to Plaintiff and to the effective and expeditious administration of the business of the Court, which has injured Plaintiff by Defendants' common law trespass, unnecessary delay, fraud and conspiracy to commit fraud and infliction of severe emotional distress upon Plaintiff to deprive Plaintiff of his equal due process and civil rights in an adjudicative legal and lawful process before them, in violation of Plaintiff due process rights under the Due Process Clause of our Fifth and Fourteenth Amendments to our United States Constitution.

85.    Defendants Huvelle, Robinson, in their individual capacity, without any subject-matter jurisdiction to act, and a conspiracy with Stephen Pollak, Paul R. Friedman and Richard L. Matheny, III, Matthew Reinhard and Mary Lou Soller, violated Plaintiff's Fifth Amendment due process right by depriving, neglecting to prevent, and by preventing effective and expeditious administration of the business of the Court, which Plaintiff claims caused injury to Plaintiff by their common law trespass, unnecessary delay, fraud and conspiracy to commit fraud, causing severe emotional distress upon Plaintiff to deprive Plaintiff of his equal due process in an adjudicative legal and lawful process before Judge Huvelle and Robinson, in violation of Plaintiff's due process rights under the Due Process Clause of our Fifth and Fourteenth Amendments to our United States Constitution.

86.    Judge Huvelle's and Robinson's and the other above named Defendants' unlawful conduct has caused Plaintiff Thomas to sustain continuing irreversible and irreparable injury that is likely to continue (or recur) indefinitely unless and until declaratory judgment and injunctive relief is rendered in favor of Plaintiff.

87.    Plaintiff therefore seeks declaratory and injunctive relief against Defendants

Huvelle and Robinson in their individual capacity.  Plaintiff also seeks monetary

damages against Defendants' Huvelle and Robinson as a federal employee acting under

color of legal authority, in their individual capacity, under *Bivens v. Six Unknown Agents

of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), [because they acted without any

subject-matter jurisdictional authority to act].

**Fifth Cause of Action**
**(Against Ellen S. Huvelle, Deborah A. Robinson,**
**Stephen Pollak, Paul R. Friedman and Richard L. Matheny, III,**
**Matthew Reinhard and Mary Lou Soller, In Their Individual Capacity**)
**(42 U.S.C. 1985(2) Obstruction of justice, and (3) Conspiracy to Deprive of**
**Equal Protection of Law so as to Cause Injury to Person, and**
**Neglecting to Prevent Under (42 U.S.C. 1986)**

88    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

87, above, inclusive.

89.    On personal knowledge and experience, information and belief, Defendants'

Huvelle, Robinson, Pollak, Friedman and Matheny, Reinhard, Soller and others, as

indicative of the record in this case, within one or more of the States of the United States

of America and/or the District of Columbia, without any subject-matter jurisdiction to

act, conspired together for the purpose of depriving Plaintiff, directly or indirectly, of the

equal protection of the laws of the United States, so as to injure Plaintiff in his person and

property and deprive him of his Constitutionally-protected Liberty interest right in his

legal and lawful civil action, good name, reputation, honor and/or integrity and his

Constitutionally-protected Liberty interest in pursuing his Fifth and Fourteenth due

process, in violation of 42 U.S.C. 1985(2) and (3) (the "42 U.S.C. 1985(2) obstruction of

justice, and (3) Conspiracy"), [**without any subject-matter jurisdiction to act**], and the

further failure action to prevent (2) and (3) in violation of (42 U.S.C. § 1986, e.g.,:

> "Action for neglect to prevent Every person who, having knowledge that any of
> the wrongs conspired to be done, and mentioned in section 1985 of this title, are
> about to be committed, and having power to prevent or aid in preventing the
> commission of the same, neglects or refuses so to do, if such wrongful act be
> committed, shall be liable to the party injured, or his legal representatives, for all
> damages caused by such wrongful act, which such person by reasonable diligence
> could have prevented; and such damages may be recovered in an action on the
> case; and any number of persons guilty of such wrongful neglect or refusal may
> be joined as defendants in the action."

90.    On personal knowledge, information and belief, the objects of the 42 U.S.C.

1985(2) Obstruction of Justice, (3) Conspiracy, included, but were not limited to, each of

the following:

A.    To wrongfully undermine and destroy the integrity of legal, lawful and

fundamental fairness in civil judicial proceeding as judges and officer of the court who's

job it is, is to administer, adjudicate and prevent perversion (neglect of preventing) the

course of justice (obstruction) in an Article III Court at common law, particularly in

accordance with the demands and dictates of a Federal Congressional Statue and out

United States Constitution, as more fully described in Paragraphs 1 through 20 above,

and specifically in Paragraphs 20B through 52 above and elsewhere herein.

B.    To wrongfully undermine, irreversible and irreparably harm and destroy

Plaintiff's due process rights opportunities, liberty interest the fundamental fairness,

honor and integrity (equal protection) in the said legal judicial process by obstruction and

conspiring and failing to prevent, so as to severely injure Plaintiff, is a violation of

Plaintiff's Fifth and Fourteenth Amendments due process rights; that was also taken

without any subject-matter jurisdiction to act.

91.     On personal knowledge, information and belief, in furtherance of the 42 U.S.C.

1985(3) Conspiracy, one or more of the conspirators, including Judge Huvelle and

Robinson, without their having any subject-matter jurisdiction to act, caused to be done

the following acts in furtherance of the object of the conspiracy that injured Plaintiff in

his person and property and deprived Plaintiff of his Constitutionally-protected Liberty

interest rights in his due process rights, interest, and opportunities and integrity and his

Constitutionally-protected Liberty interest in present ongoing legal and lawful common

and federal law legal proceedings in a United States District Court:

        A.      Defendants' Huvelle and Robinson, without any subject-matter

jurisdiction to act, in concert with one or more of the named conspirators, Pollak,

Friedman, Reinhard and Soller, conspired and committed or allowed to be committed the

acts and omissions that are described and/or referenced in Paragraphs 1 through 20 and

20B through 53 above and elsewhere, that identifies and shows Defendants' Huvelle's

and Robinson's and their co-conspirators' malicious and judicial misconduct that

egregiously injured Plaintiff in Plaintiff's liberty interest and fundamental due process

rights to an honest and fair adjudication of Plaintiff's claims in a court of law before them

as judges; that was atrocious, shocking to the conscience and goes beyond all possible

bounds of human decency in a civil society.

92.     Defendants' Huvelle and Robinson, in their individual capacity, between May 5,

2006 and the dated of this complaint, and continuing, without any subject-matter

jurisdiction to act, conspired with Pollak, Friedman and Matheny, and violated 42 U.S.C.

§1985(2) and (3) and § 1986 by violating the dictates and commands of Federal Statues,

28 U.S.C. § 1346(b) and § 2679(d)-et seq., conspiring to ignore, disregard, impede and to

41

boldly deny and deprive Plaintiff of his constitutional due process rights, (as alleged above, below and elsewhere), without notice or any opportunity to be heard and without any avenue for appeal. Such acts, omissions and actions by Defendants' Huvelle and Robinson, without any subject-matter jurisdiction to act, and in conspiracy with Pollak, Friedman, Matheny, Reinhard and Soller, deprived Plaintiff of his equal, due process and civil rights, (equal protection of the law), guaranteed by our U.S. Constitution, and which, was in violation of Federal Statues that deprived Plaintiff of the liberty to his legal and lawful rights to justice in a court of law.

93.     Defendant's Huvelle and Robinson, in concert with other Defendants as alleged in this cause, conspired with Pollak, Friedman, Matheny, Reinhard, Soller and Blumberg to sustain continuing injury and emotional distress against Plaintiff that is likely to continue (or recur) or remain indefinitely unless and until declaratory judgment and injunctive relief is rendered in favor of Plaintiff.

94.     Plaintiff therefore seeks declaratory and injunctive relief against Defendants' Huvelle and Robinson and all other named Defendants in their individual capacity. Plaintiff also seeks monetary damages against Defendants' Huvelle, Robinson, Pollak, Friedman, Matheny, Reinhard and Soller, and all other named Defendants in their individual capacity under 42 U.S.C. §§1985(2) and (3) and § 1986..

**Sixth Cause of Action**
**(Against Ellen S. Huvelle, Deborah A. Robinson,**
**Stephen Pollak, Paul R. Friedman and Richard L. Matheny, Matthew**
**Reinhard and Mary Lou Soller, In Their Individual Capacity**)
**(Obstruction, Fraud and Conspiracy to Commit Fraud and to Prevent)**

95.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 94 above, inclusive.

42

96.    Defendants' Huvelle Robinson, as described in Paragraphs 20B through 52 above and elsewhere, in agreement with other named Defendants actions, as described in Paragraph 1 through 20 above and 20B through 52 and elsewhere:

(a)    Made "a false representation, or representations.

(b)    Made them as to material facts as in Paragraphs 1 through 20 above and specifically Paragraphs 16 through 20 and in Paragraph 20B through 52 above and elsewhere, in reference to a material fact, or facts.

(c)    Made them with knowledge of its or their falsity and inappropriateness for filing in violation of Rule 11(b).

(d)    Made it and/or them with the intent to deceive and injure, and did deceive and injure.

(e)    Made them in reference to an action that is/was taken in reliance upon their representations, where (Non-disclosure or silence may constitute fraud), ("especially where there is a duty to disclose."), and ("The concealment of facts that should have been disclosed" may also constitute fraud), and

(f)    Made when the Court had no subject-matter jurisdiction to act, in violation of above cited federal statues.

97.    As a proximate result of all named Defendants' fraud and conspiracy to commit fraud, Plaintiff has suffered and continues to suffer substantial irreparable injury, damages, severe emotional distress, including but not limited to loss of his fundamental fairness, legal and due process rights in bring and proceeding timely in an Original and Amended Complaint for civil liberty and equal justice in civil litigation # 02cv1743, now pending wrongfully and improperly since August 2002.

98.    WHEREFORE, Plaintiffs demands judgment against all named Defendants'
jointly and severally, in their individual capacity, for compensatory damages, punitive
damages, prejudgment interest, post-judgment interest, costs, attorney's fees and such
other relief as the Court deems appropriate.

**Seventh Cause of Action**
**(Against All Named Defendants' In Their Individual Capacity)**
**Declaratory and Injunctive Relief**

99.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through
98, above, inclusive.

100.    For, as described in Paragraphs 1 through 96 above, Plaintiff requests the Court
grant Plaintiff, Declaratory and Injunctive Relief:

101.    In addition to damages, plaintiff also seeks prospective injunctive relief against all
named Defendants' in their individual capacity:

A.    Plaintiff requests a permanent injunction prohibiting all named
Defendants' "from violating [plaintiff's] constitutional rights under the Fifth and
Fourteenth Amendments" (depriving Plaintiff of his equal protection, liberty interest, due
process rights), and from "ever again making" any of the "false and malicious statements,
representations and communications contained in the named Defendants' submissions to
this Court described above" or "any representation to this Court that [plaintiff]'s claims
in Civil Action 02cv1743 is subject to provisions and governance under the FTCA as
through the named employee-defendants named in their official and individual capacity
have been substituted by the United States.

B.    Plaintiff also seeks a declaratory judgment that the United States and the
named Defendants', to include the named employee-defendants' conduct that "violated

44

[plaintiff's] constitutional rights under the Fifth and Fourteenth Amendment and federal statues as alleged."

C.      Because Plaintiff alleges that it is likely that Plaintiff's constitutional rights will again be violated in this manner by named Defendants', Plaintiff pray for such relief and show that there is "not only a real and immediate threat" that Plaintiff will, [not only again be subject to the same official conduct], but that, as alleged, as already in the past, but is also currently being subjected to such [ongoing conduct], [unconstitutional chokeholds from the same official practice] by the Defendants' at the time of the filing of this complaint, and therefore would meets any standing analysis.

D.      Because Plaintiff has alleged that it is likely that his constitutional rights, has been, is currently, and likely will again be violated by Defendants', plaintiff has standing to pursue this type of equitable relief.

E.      Because Plaintiff alleges that Defendants' violated Plaintiff's constitutional rights by fraudulently taking away Plaintiff's due process statutory and constitutional rights through a series of claims and submissions to the court of unsubstantiated misrepresentations, made in their official and individual capacity, based on conduct [not certified] by the United States ["as acting within the scope of their employment at the times of the incidents alleged"].

F.      Plaintiff alleges that Defendants' have previously, at present, and ongoing, and continues the acts and omissions giving rise to the claims in this complaint regarding Plaintiff's Firth and Fourteenth Amendment due process and equal protection rights violations, and that these allegations does show that plaintiff is likely to suffer future injury "as the result of the challenged official conduct.

G.    Because Plaintiff has alleged that there is a "real, immediate and ongoing injury and further threat" that he Plaintiff will again and continues to be, in this and other ongoing litigation, subject to government takings and deprivations of Plaintiff's statutory and constitutional guaranteed due process rights, plaintiff claims to have standing to seek the declaratory and injunctive relief alleged in this complaint.

WHEREFORE, Plaintiffs, for, as described in Paragraphs 1 through 100 above, Plaintiff requests the Court grant Plaintiff, Declaratory and Injunctive Relief.   In addition to damages, plaintiff also seeks prospective injunctive relief against all named Defendants' in their individual capacity, judgment against all named Defendants' jointly and severally, in their individual capacity, for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**Eight Cause of Action**
**(Against All Named Defendants' In Their Individual Capacity)**
**<u>Intentional Infliction of Emotional Distress</u>**

102.    Plaintiff repeats and incorporates, as if fully set forth fully herein, paragraphs I through 100.  The conduct of the all Defendants' as herein set forth was also odious, perverse and outrageous and showed a total disregard for Plaintiff's rights as described, and their actions shows a complete lack of all human decency and fairness.  Not only were their acts of conspiracy to deprive, their deprivation and assault and battery upon Plaintiff's statutory, constitutional and human rights, and their maltreatment of the way Plaintiff is being treated unbelievable, but they were willful, wanton, reckless, intentional, persistent and continuous from since on or about August 30, 2002 until the

present, and more specially recently since April 2006 to the present, and thus, continuous violations.

103.    The Named Defendants' assaults and battery upon and imprisonment of Plaintiff's rights and person, and their exposing Plaintiff to a continuous and persistent deprivation and denial of these right, as herein described, were extreme, intentional, and caused upon Plaintiff severe intentional emotional distress, harm and injury.

104.    The Defendants' actions were so "heaping upon", outrageous in character, and extreme in nature, degree and injury, as they went and they go beyond all possible bounds of human decency, and to be regarded as atrocious and utterly intolerable in a civilized society.  The intentional and/or reckless, extreme and outrageous conduct on the part of the Defendants' have caused and continues the Plaintiff severe emotional distress, which was intentional.  The Defendants outrageous conduct in their action, concealment, conspiracy, obstruction, cover up and disregards for Plaintiff's legal and lawful right in this legal process, for now since 2002, was intentionally and recklessly directed at Plaintiff, which is ongoing.

WHEREFORE, Plaintiffs, for the conduct, as described in Paragraphs 1 through 103 above, and specifically in Paragraph 102 through 104, Plaintiff seeks and requests the Court awards Plaintiff $300.000 in compensatory damages, $300.000 in punitive damages, prejudgment interest, post-judgment interest, costs, attorney's fees and such other relief for intentional infliction of emotional distress alone, and furthermore, as the Court deems appropriate.

* * * * *

### RELIEF PRAYED FOR AGAINST ALL DEFENDANTS':

WHEREFORE, Plaintiff demands trial by jury of Plaintiff 's claims against all Defendants' and requests that the Court awards Plaintiff the following relief against Defendants' jointly and severally in their individual capacity', and as a federal employees/officials acting under color of legal authority, in their individual capacity, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

(1)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a).

(2)    Issue a declaratory judgment that named Defendants' conduct in their individual capacity as described above violated Plaintiff's constitutional rights under the Fifth Amendment;

(3)    Issue a declaratory judgment that Defendants' conduct, in their individual capacity in conspiracy and concert with each other and one another, as described, violated 42 U.S.C. §§ 1985(2) and (3), and § 1986;

(4)    Issue a permanent injunction prohibiting United States, as alleged substituted Defendant(s) for each Defendant from ever again, in this or any related case, asserting provisions, exceptions, defenses to the FTCA as governing Plaintiff's claims in as alleged in Original Complaint and Amended Complaint in Civil Action 02cv1743, for the purpose of depriving Plaintiff of his constitutional due process rights and the fundamental fairness as expected in litigation proceedings in a United States District Court in accordance with the laws of the District of Columbia and Tennessee State Law.

(5)    Issue a permanent injunction prohibiting Defendants' from violating Plaintiff's constitutional rights under the Fifth Amendment and from violating 42 U.S.C.

§§1985(2) and (3) and § 1986 by substantially repeating the conduct in which Defendants' were and are still engaged in, as described above;

(6)     Issue a permanent injunction prohibiting Defendants' from ever again committing such acts and omissions that deprives and denies Plaintiff's his individual constitutional rights to due process, and a hearing before adjudicating or extinguishing these rights in this or any other related case or cases, to include case # 02cv1743;

(7)     Award Plaintiff compensatory damages in the amount of at least $4,000,000;

(8)     Award Plaintiff punitive damages in an amount not less than $10,000,000;

(9)     Award Plaintiff prejudgment interest, post-judgment interest, costs and attorney's fees; and

(10)     Award Plaintiff such other relief, as the Court deems appropriate.

Respectfully Submitted,

_____/s/_____

DATE: March 20, 2007          Oscar L. Thomas
                               Plaintiff, Pro Se
                              CMR 454, Box 1746
                              APO AE 09250
                              Tel of Fax: 011-49-981-12912
                              E-mail: thomas.ol@an-netz.de


        I certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.
        Acknowledged this 20th date of March 2007.

_____/s/_____

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Oscar L. Thomas, Pro Se

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  99999
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

R. James Nicholson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

011 49 981-12912

Case: 1:07-cv-00598
Assigned To : Robinson, Deborah A.
Assign. Date : 3/28/2007
Description: THOMAS v. NICHOLSON

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF (PLACE AN x IN ONE BOX AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | ☒ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### □ A. Antitrust

□ 410 Antitrust

### □ B. Personal Injury/ Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. Administrative Agency Review

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other) OR □ F. Pro Se General Civil

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ **G.** *Habeas Corpus/ 2255* | □ **H.** *Employment Discrimination* | □ **I.** *FOIA/PRIVACY ACT* | □ **J.** *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ **K.** *Labor/ERISA (non-employment)* | □ **L.** *Other Civil Rights (non-employment)* | □ **M.** *Contract* | □ **N.** *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>☒ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of U.S. Constitutional and Civil Rights; violation of a federal Statue 28 U.S.C. Sec. 1346(b) & 2679

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES   □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   □ NO   If yes, please complete related case form.

DATE 03/19/07   SIGNATURE OF ATTORNEY OF RECORD   *Oscar L. Thomas*

3/27/07

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.