UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR L. THOMAS,            )
                            )
        Plaintiff,          )
                            )
v.                          )    Civil Action No.: 07cv00598 (RJL)
                            )                                (ECF)
R. JAMES NICHOLSON, et al   )
                            )
        Defendants.         )
                            )

## MOTION FOR DEFAULT JUDGMENT

Plaintiff, Oscar L. Thomas, Pro Se, hereby moves pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for a default judgment against defendants who have been served and have failed to file answer or other authorized responsive pleading to the complaint within the prescribed time period. In support of this motion, a memorandum is attached hereto.

Respectfully Submitted,

*[signature: Oscar L. Thomas]*

November 1, 2007

Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff, Oscar L. Thomas, Pro Se, hereby moves to Rule 55(a) and 55(b)(1) of the Federal Rules of Civil Procedure, for a default judgment with respect to each defendant who have been served and failed to file an answer or other authorized responsive pleading to the complaint within the prescribed time period.[1] In support, the plaintiff states as follows:

### PRELIMINARY STATEMENT

As a direct result of the Defendants' conduct, Plaintiff has suffered a violation of rights guaranteed to Plaintiff under the United States Constitution, Federal Statue, and the laws of the District of Columbia. This is a civil action brought under the rule of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), that also includes statutory civil rights claims and pendent state-law

---

[1] RULE 55. DEFAULT
(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
(b) Judgment. Judgment by Default May be Entered as Follows:
(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit of the amount due shall direct the entry of judgment by the clerk for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant, incompetent person, or convict.
(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant, incompetent person, or convict unless represented in the action by a guardian, guardian ad litem, committee, conservator, curator, or other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary.

claims growing out of Civil Action 02cv01743. It is brought to recover damages from the Defendants for the constitutional and other injuries they committed against Plaintiff. Plaintiffs have no other remedies for the violations of their rights.

## PROCEDURAL POSTURE

Plaintiff brought this lawsuit stating claims against the named captioned Defendants' Ellen S, Huvelle, Deborah A. Robinson, R. James Nicholson, Paul G. Thomson, Stephen J. Pollak, Paul R. Friedman, Richard L Matheny, III, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, Matthew Reinhard, and Mary Lou Soller in their individual capacity, and as federal employees acting under color of legal authority, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); while (acting outside the scope of their employment), where the government has not certified scope of employment; for injunctive, declaratory and monetary relief pursuant to the United States Constitution, 42 U.S.C. 1985(3), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and state law tort causes of action; and in violation of Federal Statue, 28 U.S.C. §§ 1346(b) and 2679-et seq. Each Defendant has individually or collectively, injured and denied Plaintiff due process and equal protection in violation of the Fifth and Fourteenth Amendments to our U.S. the Constitution and violated Plaintiff's civil rights as alleged in the above captioned Original Complaint and this Amended Complaint.

## JURISDICTION

1.   This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution, 42 U.S.C. 1985(2) and (3), 28 U.S.C. §§ 1331,

1343(a)(3), and Federal Statues 28 U.S.C. §§ 1346(b) and 2679-et seq. The Court has Supplemental Jurisdiction over Plaintiff's state law action against the named captioned Defendants' pursuant to 28 U.S.C. §1367; DC CODE § 12-301 (8) and § 13-423(a)(1)-(6) and (b)-et seq., and the District of Columbia's three-year statute contained in D.C. Code Ann. § 12-301 (1995). The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* The Court has authority to grant injunctive relief under the federal courts' inherent equitable powers. Plaintiff also seeks declaratory and injunctive relief and monetary damages against the named captioned Defendants' each, in their individual capacity, as a federal employee acting under color of legal authority, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## VENUE

2. Venue is appropriate in this District under 28 U.S.C. § 1391. All of the acts or omissions alleged, occurred in the District of Columbia.

## STATEMENT OF FACTS

1. Rule 4 of the Federal Rules of Civil Procedure, requires a complaint and summons to be served upon and individual sued in his/her individual capacity in the District of Columbia pursuant to the law of the District of Columbia. A District Court, in the management and administration of its case docket, exercises discretion to issue or not issue summonses and/or may direct otherwise.

2. On 03/28/07, the Court's Docket indicates: Summons not issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of

America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak,

    3. On April 9, 2007, this Court issued its Case Management Order (Standing Order) Dkt. # 3.

    4. On 07/02/2007, the Court issued Order directing Plaintiff to effect service upon the defendant within 30 days of the Order; and if Plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m).

    5. On 07/30/2007, Plaintiff moved pursuant to Rule 6(b) for Extension of time to Complete Service of Process on all Defendants, Dkt # 5.

    6 On 8/24/2007, by Minute Order this Court granted Motion for Extension of Time to Complete Service of Process. The Order directed Plaintiff is hereby Ordered to *complete* service of process within 60 days of the date of the Order.

    7. On 09/20/2007, Plaintiff filed Affidavit of Service of Process with Explanation of the 07/30/2007 service of process effort, with Attachments A and B #'s 2 through # 17 of Certified Mail Receipts of Proof of Service on: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak showing proof of service of a copy of the Court's Management Order and copy of the complaint. See Dkt. # 6. In the Affidavit's Explanation, Plaintiff showed the Court that he had also asked all named defendants to waive service of Process, and that each defendant had failed to respond.

8. On October 15, 2007, within (60) days in accordance with this Court's Order, Plaintiff again reserved the following 9 (nine) of the 16 named defendants by personal through a process server. See Affidavit of Proof of Service at Dkt. # 7, entered on 10/23/2007.

## SUMMARY OF ARGUMENT

1. **Motion for Default Judgment**

Despite plaintiff's diligent attempts to serve defendants with service of process with a copy of the complaint and the Court's Case Management Order by First Class Mail, again by Certified Mail Return Receipt on all defendant, none have file a timely responsive pleading ("answer") or Rule 12(b) dispositive motion. All defendants have failed to respond and/or to file an answer, and Plaintiff requests the Clerk enter a default judgment against each named defendant, except the United States of America, for the sum certain prayed for in Plaintiff's complaint.

## ARGUMENT

**Motion for Default Judgment**

Federal Rule of Civil Procedure 12 requires that a defendant, (except a government defendant), serve with a complaint and summons file an answer or other authorized responsive pleading within 20 days, and that if such answer of other authorized responsive pleading is not filed, the clerk, upon motion by a party, or the Court upon it on initiative may issue a default judgment pursuant to Fed. R. Civ. P. 55(a).

Despite plaintiff's diligent in timely serving all named defendants with service of process with a copy of the Complaint and the Court's Case Management Order by First Class Mail, Certified Mail, Return Receipt on all defendant, none have timely

file an answer or responsive pleading, or Rule 12(b) dispositive motion, and they are all in default and default judgment is requested herein against them.

All of the defendants have chosen to ignore or not take seriously the litigation at bar. Although none of the defendants' have properly acknowledged the Complaint and this Court's Management Order; never returned the Request for Waiver Form duly and properly submitted to each of them asking for their waiver of service of the complaint and Court Order. Nonetheless, Plaintiff contend at succeeding in serving all defendants initially by First Class Mail, however, no defendant responded, and after which, of reserving all defendants by Certified Mail Return Receipt Requested, and requesting each waive service, only five of the sixteen named defendants, excluding the United Stated and John Doe 1 – 35, responded acknowledging process of service, but not waiving service as requested. However, ten (10) of the defendants who were served chose to disregard the complaint and did not submit a response or responsive pleading within the prescribed time period. Of the five defendants who submitted responses to the Complaint and Court Management Order, all five proceeded pro se by submitting their responses in a "Group Letter", 3 in one group letter and two in another, which are inadequate, as a legal matter, but constitutes each of these five defendants acknowledgement of receipt of the complaint and management order by certified mail, where in their letter two of them collectively said,

"We are in receipt of the envelope of materials you sent us pertaining to the above captioned case." We are writing to inform you that neither of us agrees to waive such service." "We will respond to the complaint at such time as you do effect service, as set forth in the Court's Order of July 2, 200, and August 24, 2007."

Both of these defendants signed the letter. See Letter at Ex A attached hereto. The remaining three said in their letter responded stating:

"We are in receipt of the envelope of materials relating to the above-captioned case that you mailed separately to Stephen J. Pollack, Paul R. Friedman, and Richard Matheny, III of this firm (postmarked July 30, 2007)." "In those materials, you requested that Messrs, Pollak, Friedman, and Matheny waive service of process."

They further stated through their apparent authorized representative, John Townsend Rich, to further inform that:

"I and authorized to inform that Messrs, Pollak, Freidman, and Matheny do not waive such service. They will respond to the complaint pursuant to the Federal Rules of Civil Procedure after you effect service." See Exh. B.

The refusal of those defendants who have been served, (and who acknowledged their service), to obey Federal Rules of Civil Procedure and this Court's own Local Civil Rules requiring the return of the waiver form waiving service of process to reduce the cost of actual being personally served, (which personal service is not required under District of Columbia Law), and Case Management Orders should not be tolerated under any circumstances. Defendants' makes a contriving miscalculation of the servicing rules under Federal and District of Columbia Law.[2] As to them, a default judgment is warranted.

As to the five defendants who have all been properly served, now actually three times, but who – in attempting to preempt service - have submitted improper responses and/or no actual responses to the Complaint, and it is readily apparent from their actions that they are/were attempting to make it as difficult as possible for Plaintiff to serve them, and that their actions in doing so, constitutes their evasion of

---

[2] Service of a complaint and summons on and individual in the District of Columbia may be by 1) First Class Mail, 2) by Certified Mail Return Receipt Requested, (3) Registered Mail, or (4) by Personal Service.

their valid service of process, and again, as to them, and to all named defendants in the Original Complaint, a default is warranted.

## CONCLUSION

For the above reasons, Plaintiffs' Motion for Default Judgment and Motion for Leave to File First Amended Complaint should be granted.

WHEREFORE, plaintiff respectfully requests the Court:

To enter a default judgment pursuant to Fed. R. Civ. P. Rule 55(a) against all named defendants in the Original Complaint, as each have been served at least twice, and others, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak, Paul R. friedman, Richard L. Matheny, III, Mathew Reinhard, Mary Lou Soller have been served three times, and all defendants were asked to waive service, but have failed to file an answer or other authorized responsive pleadings to the complaint.

Respectfully submitted

Dated: November 1, 2007

Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

Attachments: Ex's A & B
Affidavit of Amount Due

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR L. THOMAS,            )
                            )
        Plaintiff,          )
                            )
v.                          )      Civil Action No.: 07cv00598 (RJL)
                            )                         (ECF)
R. JAMES NICHOLSON, et al   )
                            )
        Defendants.         )
_____)

### AFFIDAVIT OF AMOUNT DUE

I, Oscar L. Thomas, Plaintiff, Pro Se, declare, certify and affirm and makes appear by this Sworn Affidavit, the following:

1. That the Defendant parties against whom a judgment for affirmative relief is sought in the above captioned complaint has failed to timely plead or otherwise defend as provided by these rules, and this fact is made to appear by this affidavit and in Plaintiff's pleadings or otherwise, the clerk shall enter the party's default for the Amount Due.

2. The sum certain award for compensatory damages pled for in the complaint are at least $4,000,000;

3. The sum certain award for punitive damages pled for in the complaint are at least $10,000,000;

4. The sum certain award for Costs to date is $1,262.84.

5. Award to Plaintiff of any prejudgment interest, post-judgment interest, costs and attorney's fees; and award to Plaintiff of such other relief, as the Court deems appropriate

is to be determined by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st Day of November 2007

*Oscar L. Thomas*
Signature

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2007, I caused a copy of the foregoing Motion for MOTION FOR DEFAULT JUDGMENT to be served on the following individuals by First Class Mail, Postage Prepaid, on:

R. JAMES NICHOLSON, ET AL
Secretary, Department of Veterans Affairs
ATTN: (Office of the General Counsel)
1722 Eye Street, NW
Washington, DC 20534

PAUL G. THOMSON
Office of the General Counsel
 Secretary, Department of Veterans Affairs
1722 Eye Street, NW
Washington, DC 20534

ELLEN S. HUVELLE
United Stated District Court Judge
333 Constitution Ave., NW
Washington, DC 20001

DEBORAH A. ROBINSON
United Stated District Court Magistrate Judge
333 Constitution Ave., NW
Washington, DC 20001

SEPHEN J. POLLAK,
 and the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

PAUL R. FRIEDMAN
 of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

RICHARD L. MATHENY, III
of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

MATHEW REINHARD
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

MARY LOU SOLLER
and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701


JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530;

ROSCOE C. HOWARD, JR., D.C. Bar # 246470
United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530;

MARK E. NAGLE, D.C. Bar #416364
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,

Washington, D.C. 20530

PAMELA D. HUFF, D.C. Bar # 457175
Judiciary Center Building
555 4th Street, NW.
Room 10-443
Washington, DC 20001

CIVIL PROCESS CLERK
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney for the District of Columbia
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530, and

JOHN DOE 1-35

Dated: November 1, 2007

*Oscar L. Thomas* (signature)
Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

GOODWIN | PROCTER

John Townsend Rich
202.346.4249
jrich@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

September 7, 2007

<u>Via Express Mail</u>

Oscar L. Thomas
CMR 454, Box 1746
APO AE 09250

Re:   *Oscar L. Thomas v. R. James Nicholson et al.*, Civil Action No. 07-598 (RJL) (D.D.C.)

Dear Mr. Thomas:

    We are in receipt of the envelopes of materials relating to the above-captioned case that you mailed separately to Stephen J. Pollak, Paul R. Friedman, and Richard Matheny, III, of this firm (postmarked July 30, 2007). In those materials, you requested that Messrs. Pollak, Friedman, and Matheny waive service of process.

    I am authorized to inform you that Messrs. Pollak, Friedman, and Matheny do not waive such service. They will respond to the complaint pursuant to the Federal Rules of Civil Procedure after you effect service.

Sincerely,

*/s/ John Townsend Rich*

John Townsend Rich

Ex A

LIBW/1649819.3



**MILLER & CHEVALIER**
CHARTERED

655 FIFTEENTH STREET, N.W., SUITE 900
WASHINGTON, D.C. 20005-5701
202.626.5800  FAX: 202.628.0858
WWW.MILLERCHEVALIER.COM

MARY LOU SOLLER
202.626.5849
msoller@milchev.com

September 5, 2007

Mr. Oscar L. Thomas
CMR 454, Box 1746
APO AE 09250

Re: *Oscar L. Thomas v. R. James Nicholson,*
Case No. 1:07-cv-00598-RJL

Dear Mr. Thomas:

We are in receipt of the envelope of materials you sent to us pertaining to the above-captioned case, which we received on August 6, 2007. In that packet, you requested that we waive service of process in this case. We are writing to inform you that neither of us agrees to waive such service. We will respond to the complaint at such time as you do effect service, as set forth in the Court's Orders of July 2, 200, and August 24, 2007

Sincerely,

*[signature]*
Mary Lou Soller

*[signature]*
Matthew T. Reinhard

Ex B

WASHINGTON           PHILADELPHIA           781863.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Oscar L. Thomas, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case Number: 07cv00598 (RJL) |
| ) | (ECF) |
| R. James Nicholson, et al ) | |
| Secretary, ) | |
| Department of Veterans Affairs, Agency ) | |
| ) | |
| - Defendants. ) | |
| ) | |

PROPOSED ORDER

Upon consideration of Plaintiff Motion for Default Judgment, the Defendants" Responses thereto, and the record in this and a related case, the Court finds that the motion should be granted.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Default Judgment is hereby GRANTED.

This ____ day of _____, 2007

_____
United States District Judge