UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY J. PRINCIPI, et al ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 07cv00598 (RJL) <br> (ECF) |

## PETITON FOR IMPOSITION AND REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS

COME NOW the Plaintiff, Pro Se, pursuant to Federal Rules of Civil Procedure, Rule 4(d)(2) for Imposition and Reimbursement of Costs for Service of Process against each named defendant in the above captioned complaint.

A Memorandum of Points and Authorities in support this motion is attached that lists the specific costs incurred in conjunction with service of process upon each individual defendant.

Respectfully Submitted,

*Oscar L. Thomas*
Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

November 2, 2007

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR AND REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS

### PRELIMINARY STATEMENT

As a direct result of the Defendants' conduct, Plaintiff has suffered a violation of rights guaranteed to Plaintiff under the United States Constitution, Federal Statue, and the laws of the District of Columbia. This is a civil action brought under the rule of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), that also includes statutory civil rights claims and pendent state-law claims growing out of Civil Action 02cv01743. It is brought to recover damages from the Defendants for the constitutional and other injuries they committed against Plaintiff. Plaintiffs have no other remedies for the violations of their rights.

### PROCEDURAL POSTURE

**Facts:**

Plaintiff brought this lawsuit stating claims against the named captioned Defendants' Ellen S, Huvelle, Deborah A. Robinson, R. James Nicholson, Paul G. Thomson, Stephen J. Pollak, Paul R. Friedman, Richard L Matheny, III, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, Matthew Reinhard, and Mary Lou Soller in their individual capacity, and as federal employees acting under color of legal authority, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff has moved diligently in three attempts to serve defendants with service of process with a copy of the complaint and the Court's Case Management Order by First Class Mail, again by Certified Mail Return Receipt on all defendants, none have file a timely responsive pleading ("answer") or Rule 12(b) dispositive motion, and they are all

in default and default judgment is requested herein against each of them. The defendants have chosen to ignore or not take seriously the litigation at bar. Although none of the defendants' have properly acknowledged the Complaint and this Court's Management Order; never returned the Request for Waiver Form duly and properly submitted to each of them asking for their waiver of service of the complaint and Court Order. Nonetheless, Plaintiff contend at succeeding in serving all defendants initially by First Class Mail, however, no defendant responded, and after which, of reserving all defendants by Certified Mail Return Receipt Requested, and requesting each waive service. Only five of the sixteen named defendants, excluding the United Stated and John Doe 1 – 35, responded acknowledging process of service, but claiming that they do not waive service as requested. Ten (10) of the defendants, who were in fact served, chose to disregard the complaint and did not submit a response or responsive pleading within the prescribed time period. Of the five defendants who submitted responses to the Complaint and Court Management Order, all five proceeded pro se by submitting their responses in a "Group Letter", 3 in one group letter and two in another, which are inadequate, as a legal matter, but constitutes each of these five defendants acknowledgement of receipt of the complaint and management order by certified mail, where in their letter two of them collectively said, "we are in receipt of the envelope of materials you sent us pertaining to the above captioned case." We are writing to inform you that neither of us agrees to waive such service." "We will respond to the complaint at such time as you do effect service, as set forth in the Court's Order of July 2, 200, and August 24, 2007." Both of these defendants signed the letter. See Letter at Exh. A attached hereto. The remaining three said in their letter responded stating:

"We are in receipt of the envelope of materials relating to the above-captioned case that you mailed separately to Stephen J. Pollack, Paul R. Friedman, and Richard Matheny, III of this firm (postmarked July 30, 2007)." "In those materials, you requested that Messrs, Pollak, Friedman, and Matheny waive service of process."

They further stated through their apparent authorized representative, John Townsend Rich, to further inform that:

"I and authorized to inform that Messrs, Pollak, Freidman, and Matheny do not waive such service. They will respond to the complaint pursuant to the Federal Rules of Civil Procedure after you effect service." See Exh. B attached hereto.

The refusal of those defendants who have been served, (and who acknowledged their service), to obey Federal Rules of Civil Procedure and this Court's own Local Civil Rules requiring the return of the waiver form waiving service of process to reduce the cost of actual being personally served, (which personal service is not required under District of Columbia Law), and Case Management Orders should not be tolerated under any circumstances. Defendants' makes a contriving miscalculation of the servicing rules under Federal and District of Columbia Law.[1] As to them, a default judgment is warranted.

As to the five defendants who have all been properly served, now actually three times, but who – in attempting to preempt service - have submitted improper responses and/or no actual responses to the Complaint, and it is readily apparent from their actions that they are/were attempting to make it as difficult as possible for Plaintiff to serve them, and that their actions in doing so, constitutes their evasion of their valid service of process, and again, as to them, and to all named defendants in the Original Complaint, a default is warranted.

---

[1] Service of a complaint and summons on and individual in the District of Columbia may be by 1) First Class Mail, 2) by Certified Mail Return Receipt Requested, Registered Mail, or by Personal Service.

## STANDARD FOR IMPOSING COSTS

**Rule 4(d)(2) Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

"(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons."

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court *shall impose* the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Thus, Rule 4 of the Federal Rules of Civil Procedure, requires a complaint and summons to be served upon and individual sued in his/her individual capacity in the District of Columbia pursuant to the law of the District of Columbia.

**The Court Docket:**

1. A District Court, in the management and administration of its case docket, exercises discretion to issue or not issue summonses and/or may direct otherwise.

2. On 03/28/07, the Court's Docket indicates: Summons not issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak,

3. On April 9, 2007, this Court issued its Case Management Order (Standing Order) Dkt. # 3.

4. On 07/02/2007, the Court issued Order directing Plaintiff to effect service upon the defendant within 30 days of the Order; and if Plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m).

5. On 07/30/2007, Plaintiff moved pursuant to Rule 6(b) for Extension of time to Complete Service of Process on all Defendants, Dkt # 5.

6 On 8/24/2007, by Minute Order this Court granted Motion for Extension of Time to Complete Service of Process. The Order directed Plaintiff is hereby Ordered to *complete* service of process within 60 days of the date of the Order.

7. On 09/20/2007, Plaintiff filed Affidavit of Service of Process with Explanation of the 07/30/2007 service of process effort, with Attachments A and B #'s 2 through # 17 of Certified Mail Receipts of Proof of Service on: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak showing proof of service of a copy of the Court's Management Order and copy of the complaint. See Dkt. # 6. In the Affidavit's Explanation, Plaintiff showed the Court that he had also asked all named defendants to waive service of Process, and that each defendant had failed to respond.

8. On October 15, 2007, within (60) days in accordance with this Court's Order, Plaintiff again reserved the following 9 (nine) of the 16 named defendants by personal through a process server. See Affidavit of Proof of Service at Dkt. # 7, entered on 10/23/2007.

9. Each of the defendants' have chosen to ignore or not take seriously the litigation at bar, and never returned the Request for Waiver Form duly and properly submitted to each of them asking for their waiver of service of the complaint and this Court's Case Management Order.

Plaintiff requests that the Court issue an immediate Order *imposing* the costs incurred in effecting service on the defendants, and directing defendants within 20 days of the Order to reimburse Plaintiff for the advance costs for their service of process.

An Itemized List of the Costs for Service of Process and related costs to be imposed on defendants is attached as Exh. C.

Respectfully Submitted,

*Oscar L. Thomas*

Dated: November 2, 2007

Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2007, I caused a copy of the foregoing Petition for Imposition and Reimbursement of Costs for Service of Process to be served on the following individuals by First Class Mail, Postage Prepaid, on:

R. JAMES NICHOLSON, ET AL
Secretary, Department of Veterans Affairs
ATTN: (Office of the General Counsel)
1722 Eye Street, NW
Washington, DC 20534

PAUL G. THOMSON
Office of the General Counsel
 Secretary, Department of Veterans Affairs
1722 Eye Street, NW
Washington, DC 20534

ELLEN S. HUVELLE
United Stated District Court Judge
333 Constitution Ave., NW
Washington, DC 20001

DEBORAH A. ROBINSON
United Stated District Court Magistrate Judge
333 Constitution Ave., NW
Washington, DC 20001

SEPHEN J. POLLAK,
 and the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001, and at:

3314 Newark Street, N.W.,
Washington, DC


PAUL R. FRIEDMAN
 of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001, and at:

4909 Li Nean Ave, N.W.,
Washington, DC

RICHARD L. MATHENY, III
of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001, and at:

4119 Stanford Street
Chevy Chase, Maryland

MATHEW REINHARD
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

MARY LOU SOLLER
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530;

ROSCOE C. HOWARD, JR., D.C. Bar # 246470
United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530;

MARK E. NAGLE, D.C. Bar #416364
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney
 United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

2

PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C. 20530

PAMELA D. HUFF, D.C. Bar # 457175
Judiciary Center Building
555 4th Street, NW.
 Room 10-443
Washington, DC 20001

CIVIL PROCESS CLERK
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney for the District of Columbia
United States Attorneys Office
Judiciary Center Building
555 4th Street, N. W.,
Washington, D.C.

Dated: October 31, 2007

*Oscar L. Thomas*
Oscar L. Thomas
 Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

3

GOODWIN | PROCTER

John Townsend Rich
202.346.4249
jrich@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

September 7, 2007

<u>Via Express Mail</u>

Oscar L. Thomas
CMR 454, Box 1746
APO AE 09250

Re:     *Oscar L. Thomas v. R. James Nicholson et al.*, Civil Action No. 07-598 (RJL) (D.D.C.)

Dear Mr. Thomas:

    We are in receipt of the envelopes of materials relating to the above-captioned case that you mailed separately to Stephen J. Pollak, Paul R. Friedman, and Richard Matheny, III, of this firm (postmarked July 30, 2007). In those materials, you requested that Messrs. Pollak, Friedman, and Matheny waive service of process.

    I am authorized to inform you that Messrs. Pollak, Friedman, and Matheny do not waive such service. They will respond to the complaint pursuant to the Federal Rules of Civil Procedure after you effect service.

Sincerely,

*/s/ John Townsend Rich*

John Townsend Rich

Ex A

LIBW/1649819.3



**MILLER & CHEVALIER**
CHARTERED

655 FIFTEENTH STREET, N.W., SUITE 900
WASHINGTON, D.C. 20005-5701
202.626.5800   FAX: 202.628.0858
WWW.MILLERCHEVALIER.COM

MARY LOU SOLLER
202.626.5849
msoller@milchev.com

September 5, 2007

Mr. Oscar L. Thomas
CMR 454, Box 1746
APO AE 09250

Re: *Oscar L. Thomas v. R. James Nicholson,*
Case No. 1:07-cv-00598-RJL

Dear Mr. Thomas:

    We are in receipt of the envelope of materials you sent to us pertaining to the above-captioned case, which we received on August 6, 2007. In that packet, you requested that we waive service of process in this case. We are writing to inform you that neither of us agrees to waive such service. We will respond to the complaint at such time as you do effect service, as set forth in the Court's Orders of July 2, 200, and August 24, 2007

Sincerely,

*[signature]*
Mary Lou Soller

*[signature]*
Matthew T. Reinhard

Ex B

WASHINGTON     PHILADELPHIA     781863.1

ITEMIZED LIST OF COSTS FOR SERVICE OF PROCESS, MAILING AND COPYING:

| | Service by: First Class Mail | Service by Certified Mail | Service by Personal Server | Copying | Express Mail |
|---|---|---|---|---|---|
| R. JAMES NICHOLSON | $.135 + $0.41 | $9.40 | $65.00 | | |
| PAUL G. THOMSON | $.135+ $0.41 | $9.40 | $65.00 | | |
| ELLEN S. HUVELLE | $.135+ $0.41 | $9.40 | $65.00 | | |
| DEBORAH A. ROBINSON | $.135+ $0.41 | $9.40 | $65.00 | | |
| SEPHEN J. POLLAK, and the Law Firm Goodwin Procter, LLP | $.135+ $0.41 | $9.40 | $65.00 + *$100 | | |
| PAUL R. FRIEDMAN of the Law Firm Goodwin Procter, LLP | $.135+ $0.41 | $9.40 | $65.00 + *$100 | | |
| RICHARD L. MATHENY, III of the Law Firm Goodwin Procter, LLP | $.135+ $0.41 | $9.40 | $65.00 + *$100 | | |
| MATHEW REINHARD and the Law Firm Miller & Chevalier | $.135+ $0.41 | $9.40 | $65.00 | | |
| MARY LOU SOLLER and the Law Firm Miller & Chevalier | $.135+ $0.41 | $9.40 | $65.00 | | |
| JEFFREY A. TAYLOR, United States Attorney | $.135+ $0.41 | $9.40 | | | |
| ROSCOE C. HOWARD, JR., United States Attorney | $.135+ $0.41 | $9.40 | | | |
| MARK E. NAGLE, Assistant United States Attorney | $.135+ $0.41 | $9.40 | | | |

*Special locator Service Costs

EXHIBIT C

| | | | | | |
|---|---|---|---|---|---|
| KENNETH L. WAINSTEIN<br>United States Attorney | $.135+ $0.41 | $9.40 | | | |
| RUDOLPH CONTRERAS<br>Assistant United States Attorney | $.135+ $0.41 | $9.40 | | | |
| PETER D. BLUMBERG<br>Assistant United States Attorney | $.135+ $0.41 | $9.40 | | | |
| PAMELA D. HUFF<br>Assistant United States Attorney<br>Judiciary Center Building | $.135+ $0.41 | $9.40 | | | |
| Total | $21.60+$6.56 | $150.40 | $585.00+<br>*$300.00 | $140.28 | $59.00 |

Total Costs for Process of Service, First Class & Express Mail and Copying:     $1, 262.84

Dated: October 31, 2007

*Oscar L. Thomas*
Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel of Fax: 011-49-981-12912
E-mail: thomas.ol@an-netz.de

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st Day of October 2007

*Oscar L. Thomas*
Signature

EXHIBIT C-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Oscar L. Thomas, )<br>)<br>          Plaintiff )<br>v. )<br>)<br>R. James Nicholson, et al )<br>  Secretary, )<br>Department of Veterans Affairs, Agency )<br>)<br>          - Defendants. )<br>) | Case Number: 07cv00598 (RJL)<br>(ECF) |

PROPOSED ORDER

Upon consideration of Plaintiff's Petition for Imposition and Reimbursement of Costs for Service of Process, the Defendants' Responses thereto, and the record in this case as a whole, the Court finds that the motion should be granted.

Accordingly, it is hereby ORDERED that Plaintiff's Petition for Imposition and Reimbursement of Costs for Service of Process be, and is hereby GRANTED in the amount requested. It is further ORDERED that the Plaintiff shall serve the additional named defendants with a copy of the Amended Complaint and this Court's Management Order within 60 days of the date of this order.

This ____ day of _____, 2007

_____
United States District Judge