UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OSCAR L. THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:07-cv-00598-RJL |
| R. JAMES NICHOLSON, et al., | ) |
| Defendants | ) |

**DEFENDANTS MATTHEW T. REINHARD'S AND MARY LOU SOLLER'S
OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
PLAINTIFF'S PETITION FOR IMPOSITION AND
REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS**

Plaintiff is a veteran, currently living in Germany, who is a seasoned *pro se* litigant. This complaint was filed in March, 2007, but Plaintiff failed to properly effect service, as required by the Fed. R. Civ. P. 4, because he has never served any defendant with a summons. Despite this failure, he now moves this Court for a default judgment and to require the defendants to reimburse him for the costs of his service of certain other documents on them. Defendants Matthew T. Reinhard and Mary Lou Soller oppose these motions and assert that the appropriate action by this Court is a *sua sponte* dismissal of the action.[1]

---

[1] By filing this Opposition, Mr. Reinhard and Ms. Soller do not concede that they are properly defendants in this case or that they are required to take any action in it. They are nonetheless responding to plaintiff's motion for default judgment and petition for the imposition of costs in order to avoid any appearance that they concede the motions or recognize plaintiff's actions as legitimate. Further, Mr. Reinhard and Ms. Soller seek to avoid the additional expense of time and effort to themselves and the Court that would ensue if this Court were to erroneously grant plaintiff's motions.

**FACTUAL BACKGROUND**

Although Plaintiff is *pro se*, he is well-familiar with the requirements for commencing litigation. As set forth above, he currently is litigating a related case in this court, *Thomas v. Nicholson,* 1:02-cv-01743-AK ("the Related Case").[2] In that case, he correctly filed his complaint, had a summons issued, and served it. As is evidenced by the extensive litigation in the Related Case, Plaintiff is very aware of the Federal Rules of Civil Procedure and its requirements, but has failed to follow them, despite receiving clear directions from the Court and extra time to do so.

**The Related Case**

On August 30, 2002, Plaintiff *pro se* filed suit against the United States, the Department of Veterans Affairs ("DVA"), the DVA's then-Secretary Anthony Principi, fifteen other named DVA employees, and three "John Does," alleging that those defendants committed defamation and fraud, as well as violating the Federal Tort Claims Act ("FTCA"), the Privacy Act, and the United States Constitution. *Thomas v. Principi, et al,* 1:02-cv-01743-AK ("the Related Case").[3] Related Case, Dkt. # 1. In doing so, Plaintiff sought damages, *inter alia*, for injury he alleged he suffered by the defendants' failure to inform him of a medical diagnosis of schizophrenia by military doctors at the time a diagnosis was made. *Id.* In that matter, a summons was issued,

---

[2] In addition to the Related Case, Plaintiff has filed at least five other lawsuits in the District of Columbia. *See Thomas v. Stone, et al.*, No. 92-cv-00038 (appeals dismissed); *Thomas v. Am. Red Cross, et al.*, No. 96-cv-02294 (summary judgment for U.S. granted; affirmed by the D.C. Circuit); *Thomas v. Meyer, et al.*, No. 03-cv-00063 (dismissed voluntarily); *Thomas v. Non-Commissioned Officers Ass'n, et al.*, No. 04-cv-00193 (case dismissed on Jan. 21, 2005, and summarily affirmed by the D.C. Circuit on Sept. 29, 2005); and *Thomas v. Disabled Am. Veterans Ass'n,* CA No.2159-05 (D.C. Super. Ct.) (pending). Plaintiff has also filed at least two other cases in federal court in Virginia.

[3] In 2004, Mr. Prinicipi was replaced as a defendant by DVA Secretary R. James Nicholson. Although there currently is no DVA Secretary in place, the caption of the Related Case currently is *Thomas v. Nicholson.*

2

Plaintiff properly served many of the named defendants with the summons and complaint, and submitted the required affidavit of return of service on November 29, 2002. *Id.,* Dkt. # 4 and # 5.

On May 23, 2003, the district court dismissed the Related Case, on the grounds that it did not have subject matter jurisdiction and that Plaintiff failed to state a claim for which relief could be granted. *Id.,* Dkt. # 38. Plaintiff appealed *pro se*. *Id.,* Dkt. # 42. Thereafter, the Court of Appeals for the District of Columbia Circuit requested Defendant Matthew Reinhard, an attorney at Miller & Chevalier Chartered, to enter an appearance as *amicus curiae* in order to assist the Court in this appeal. In March, 2005, following briefing and argument, the Court of Appeals affirmed part of the district court's decision, but remanded part of the case to the district court for further proceedings. *See Thomas v. Principi*, 394 F.3d 970, 974-75 (D.D.C. 2005).

As *amicus curiae,* Mr. Reinhard did not represent Plaintiff. Following the Court of Appeals' remand to the district court, however, Judge Huvelle requested that Defendants Reinhard and Soller, attorneys at the law firm of Miller & Chevalier Chartered, consider undertaking *pro bono* representation of Plaintiff. Compl. ¶ 40. As Plaintiff states, he did not want such representation. *Id.* Indeed, throughout this period, Plaintiff continued to represent himself *pro se,* including filing a motion for leave to file an amended complaint. Related Case, Dkt. # 46. Ultimately, Plaintiff and the attorneys at Miller & Chevalier were not able to agree on the terms of such representation, and no Miller & Chevalier attorney ever represented Plaintiff, either in the Related Case or in any other capacity. Compl. ¶¶ 40-41. Plaintiff has continued to represent himself *pro se.*[4] The Related Case is still in litigation.

---

[4] According to the Complaint and the record in the Related Case, Plaintiff also engaged in discussions with attorneys from Goodwin Proctor LLP about the possibility that they would represent him. Compl. ¶¶ 41-42; Related Case, Dkt. #62.

**The Current Case**

Plaintiff filed his Complaint on March 28, 2007.[5]  Dkt. # 1.  Immediately thereafter, the clerk entered the following docket entry: "SUMMONS Not Issued as to . . . MATHEW REINHARD, MARY LOU SOLLER . . (lc,) (Entered: 04/02/2007)."  Plaintiff did not take any action to request a summons.

On April 6, 2007, the case was reassigned to Judge Leon, who subsequently issued a Case Management Order.  Dkt. # 3.  Plaintiff still did not take any action to obtain a summons.  Instead, he mailed a copy of this Order to Mr. Reinhard and Ms. Soller.

On July 2, 2007, this Court issued an Order, stating:

> Plaintiff filed this civil action on March 28, 2007, however, it does not appear from the record that service has been effected.  "If service of *the summons* and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Accordingly, it is hereby
>
> **ORDERED** that plaintiff shall effect service upon the defendant within 30 days of his Order.  If plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m)."

[Dkt. No. 4] (emphasis added).

---

[5] This document names sixteen individuals and the United States as defendants, and runs forty-nine pages.  Many of the defendants named here overlap with those whom plaintiff originally named in the Related Case. The other defendants are all individuals whom he claims violated his rights in connection with the Related Case. As plaintiff himself characterizes it, it is "a civil action brought under the rule of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), that also includes statutory civil rights claims and pendent state-law claims growing out of [the Related Case]." Dkt. #9 at 2-3. Plaintiff's claims against Mr. Reinhard and Ms. Soller are found in ¶¶ 85, 89, 91A, 92, 93, and 94.  If Mr. Reinhard and Ms. Soller are ever required to respond to this complaint, they will demonstrate that there is no factual or legal basis for plaintiff's claims.

The import of this Order was that Plaintiff was required to serve all defendants, including Mr. Reinhard and Ms. Soller, by August 1, 2007.

On July 30, 2007, Mr. Thomas filed a motion for a 60-day extension of time within which "to complete and effect proper service" upon all defendants. Dkt. # 5. This Court granted Plaintiff's motion on August 24, 2007, in a Minute Order. In doing so, this Court afforded Plaintiff even more time than he requested, extending the time for Plaintiff "to complete service of process within sixty (60) days of the date of this order." Plaintiff was thus required to complete service no later than October 23, 2007.

Following the issuance of the Court's order -- and despite the Court's clear instruction to Plaintiff of what was required -- Plaintiff failed to obtain a summons. On several occasions he sent copies of "the Complaint and Management Order" to Mr. Reinhard and Ms. Soller, but he never served either of them with a copy of a summons. Thus, he has not effected service of process, as required by Fed. R. Civ. P. 4(m).

Specifically, on July 30, 2007, Plaintiff mailed a copy of "the Complaint and Management Order" to Mr. Reinhard and Ms. Soller. In that mailing, he included a request for waivers of service of process, but did not include a summons. Although not required to do so, Mr. Reinhard and Ms. Soller sent Mr. Thomas a letter, informing him that they would not waive service of process, because he had not complied with the Court's Order of July 2, 2007, in his attempts to serve them. Dkt. # 9, Ex. B.

Plaintiff clearly recognized that he had failed to comply with Fed. R. Civ. P. 4(m), because he filed an "Affidavit of Proof of Service of Process *with Explanation*" on September 20, 2007. [Dkt. No. 6] (emphasis added). Plaintiff's explanation was an acknowledgement that

5

he had mailed only copies of the Complaint and Management Order, but had not served a summons on either Mr. Reinhard or Ms. Soller. *Id.* at 3.

Plaintiff then arranged for copies of the Complaint and Case Management Order to be personally served on Mr. Reinhard and Ms. Soller on October 10, 2007. Still, he failed to serve either of them with a summons. Plaintiff then filed a second Affidavit of Proof of Service of Process with Explanation, in which he conceded that "[n]o summons were issued by the Court" so none was served on any of the defendants. Dkt. No. 7 at 1.

On November 5, 2007, despite his failure to effect service, Plaintiff filed a motion for default judgment and a petition for the imposition and reimbursement of costs for service of process. Dkt. # 9 and # 10.[6] In doing so, he acknowledged that "Rule 4 of the Federal Rules of Civil Procedure, requires a complaint and summons to be served" upon all defendants. Dkt. # 9 at 4. He also concedes that he has never served a summons on Mr. Reinhard or Ms. Soller. *Id.* at 4-5.

The time allowed by this Court for service of process has expired, but no summons has been issued by this Court and neither Mr. Reinhard nor Ms. Soller has waived service of process.

## ARGUMENT

**I.     The Motion for Default Judgment Should be Denied Because Plaintiff Has Not Effected Service of Process On and Has Not Obtained Waivers of Service of Process From Mr. Reinhard and Ms. Soller.**

A default judgment may be entered only when a defendant over whom the Court has obtained jurisdiction fails to answer or otherwise respond to the Complaint. Fed. R. Civ. P. 55.

---

[6] Plaintiff also filed a motion to file a First Amended Complaint in order to add as defendants Magistrate Judge Kaye, who has presided over the Related Case since Magistrate Judge Robinson recused herself, and Robin Meriweather, the Assistant United States Attorney representing the defendants in the Related Case. Dkt. # 11. Because of the limited nature of their response here, neither Mr. Reinhard nor Ms. Soller will respond to that motion at this time.

However, "[b]efore a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought." 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (2d ed. 1994); *see also* Fed. R. Civ. P. 55. This Court does not currently have jurisdiction over Mr. Reinhard or Ms. Soller because -- as Plaintiff concedes -- he has not served them, as required by Fed. R. Civ. P. 4(m). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.") Thus, they are not required to answer or otherwise respond to the Complaint. Default is inappropriate, and Plaintiff's motion should be denied.

Plaintiff's failure to comply with the straightforward requirements of Rule 4 should not be excused. Rule 4 is clear. It is entitled "Summons." It explains what is required to be included in a summons and how a Plaintiff can obtain one. Fed. R. Civ. P. 4(a) and (b). The Rule also clearly states that "[a] summons *shall* be served *together* with a copy of the complaint." Fed. R. Civ. P. 4(c) (emphasis added). Despite this clear requirement, Plaintiff failed to do so.

Although it is often appropriate for the Court to apply a less strict standard of pleading when a *pro se* Plaintiff is involved, the Court should not do so here. This Court has made clear, however, that even for *pro se* litigants "[i]gnorance of the rules of procedure does not constitute good cause." *See Georgacarakos v. Watts*, No. 06-1022 (JR), 2007 U.S. Dist. LEXIS 37307, at *12 (D.D.C. May 23, 2007) (dismissing *pro se* plaintiff's claims where service was untimely); *see also Briggs v. State Dep't Fed Credit Union*, No. 05-1344 (GK), 2006 U.S. Dist. LEXIS

33406, at *13-16 (D.D.C. May 25, 2006) (dismissing *pro se* plaintiff's claims where the plaintiff served defendants with complaint but not summons).

In his motion for default judgment, Plaintiff states, "A District Court, in the management and administration of its case docket, exercises discretion to issue or not issue summonses and/or may direct otherwise." He does not cite any authority for this statement, but it appears that Plaintiff seeks to use it to excuse his failure to obtain and serve a summons. Plaintiff never asked the clerk or the Court to issue a summons. His attempts now to make excuses for his failure to do so must fail.

There is no authority that Plaintiff is excused from serving a summons because the court did not initially issue one. Here, Plaintiff is an experienced *pro se* litigator. He has served defendants before and knows what is required. Plaintiff concedes that he is aware a summons is required, but he fails to explain why he has ignored the straightforward requirements of this Rule, which he has followed in the past. *See Related Case,* Dkt. # 1, other entry on August 30, 2002, and # 4.

Further, Plaintiff admits that he is very familiar with PACER and the ECF system, and has used it extensively in this case and in the Related Case. *See* Dkt. # 8 at 1-2. It is clear that he was aware that a summons was not issued very early in the proceedings. He has been on notice for more than seven months that the summons necessary to start litigation had not been issued. Nonetheless, Plaintiff took no action to have summonses issued for either Defendant Reinhard or Soller.

If there was any doubt still in Plaintiff's mind about what was required for effective service, the Court made it clear to him in its July 2, 2007, Order, laying out exactly what documents Plaintiff needed to serve on defendants -- *i.e.,* a summons and complaint. The Court

800221.1

also informed Plaintiff that failure to effect such service would result in dismissal of his case --
and it gave him more time to do so. *See* Minute Order, August 24, 2007. Despite this clear order
and warning, Plaintiff still did not obtain a summons for Mr. Reinhard or Ms. Soller.[7] The time
for effecting service has now expired. His actions should not be excused, and his motion should
be denied. *See Kidd v. IRS*, No. 03-1973 (HHK/DAR), 2006 U.S. Dist. LEXIS 57434 (D.D.C.
Mar. 27, 2006) (denying motion for default judgment and dismissing case when plaintiff had
failed to serve summons on defendant, despite being provided with additional time and directions
to do so by the court).

## II. Plaintiff Is Not Entitled to the Reimbursement of Costs Because He has Still Not Effected Service of Process.

Plaintiff has attempted to avoid the requirements of service by sending Defendants
Reinhard and Soller "Requests for Waiver of Service," purportedly pursuant to the provisions of
Rule 4(d). He now seeks to recover the cost of his efforts from these defendants.[8] Plaintiff is
not able to do so.

Fed. R. Civ. P.4(d)(2) clearly states that costs "subsequently incurred in effecting
service" may be imposed by a court on a defendant who does not comply with a request for
waiver "made by a plaintiff located within the United States." As he has stated numerous times,

---

[7] Under these circumstances, dismissal of this case would be appropriate, particularly since this Court explicitly warned plaintiff that his failure to properly serve Defendants would result in dismissal and where plaintiff has demonstrated a prior ability to comply with the rules of procedure. *See Briggs*, 2006 U.S. Dist. LEXIS 33406, at *16 (reasoning that plaintiff's failure to effect service was "inexcusable" where plaintiff had properly served other defendants and where court warned plaintiff of consequences of improper service); *see also Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citing importance of a prior warning to a *pro se* plaintiff of consequences of improper service in deciding whether to dismiss); *Kidd v. IRS*, No. 03-1973 (HHK/DAR), 2006 U.S. Dist. LEXIS 57434 (D.D.C. Mar. 27, 2006).

[8] Defendants Reinhard and Soller note that even if Plaintiff was entitled to the reimbursement of costs, pursuant to Fed. R. Civ. P. 4(d), he has included costs that would not e recoverable, including copying costs, express mail, and charges incurred before he sought a waiver of service.

Plaintiff is located in Germany (Dkt. # 5 at 2; # 8 at 2), thus he would not qualify for the reimbursement of costs even if he satisfied the other requirements of the Rule. Most fundamentally, there is no authority for this Court to reimburse costs because he has failed to satisfy the threshold requirement of the Rule: He has failed to effect service.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs Motion for Default Judgment and his Petition for Imposition and Reimbursement of Costs for Service of Process and should issue the attached proposed Order.

Respectfully submitted,

_____
Andrew Wise (D.C. Bar 456865)
Miller & Chevalier Chartered
655 15th Street, NW
Suite 900
Washington, DC 20005
202-626-5800
202-626-5801 fax

Dated: November 15, 2007

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on this 15th day of November, 2007, a copy of the foregoing document, **DEFENDANTS MATTHEW T. REINHARD'S AND MARY LOU SOLLER'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PLAINTIFF'S PETITION FOR IMPOSITION AND REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS,** was served electronic delivery via the District of Columbia District Court's ECF system, upon the party listed below:

**OSCAR L. THOMAS**
Gosseldorf 24
Ansbach
Germany 91522
(011)(49) 981-12912
Fax: (011) (49) 981-12912
Email: thomas.ol@an-netz.de
PRO SE

                                                             _____/s/_____
                                                               Andrew Wise

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>R. JAMES NICHOLSON, et al., )<br>)<br>Defendants )<br>) | Case No. 1:07-cv-00598-RJL |

**ORDER**

Plaintiff filed a Motion for Default Judgment and a Petition for Imposition and Reimbursement of Costs of Service of Process. After consideration of the arguments of the parties, the Court hereby

**ORDERS** that these motions are denied.

**SO ORDERED.**

_____
RICHARD L. LEON
United States District Judge

Dated: _____, 2007

800221.1