IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>R. JAMES NICHOLSON *et al.*,<br><br>　　　　　　Defendants, | Civil Action No. 07-598 (RJL) |

**MEMORANDUM OF DEFENDANTS STEPHEN J. POLLAK, PAUL R. FRIEDMAN, AND RICHARD L. MATHENY, III, IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**INTRODUCTION**

Plaintiff Oscar Thomas, an honorably discharged veteran, is an experienced *pro se* litigant.  He has filed multiple actions in local courts since 1992, including a long-running action against federal defendants in which, at the outset, he challenged the denial of certain veterans benefits he sought in 1989 and sought other tort relief.  The district court dismissed his case. *Thomas v. Principi*, 265 F. Supp. 2d 35, 37 (D.D.C. 2003).  On appeal, the Court of Appeals, informed by a *pro bono amicus* brief by defendant Mathew Reinhard of Miller & Chevalier LLP, affirmed in part and reversed and remanded in part, permitting Mr. Thomas to proceed on the claims that related to his contention that the Veterans Administration improperly failed to inform him of a working diagnosis of schizophrenia made by the Administration in 1991. *Thomas v. Principi,* 394 F.3d 970 (D.C. Cir. 2005).  The case is proceeding on remand *sub nom. Thomas v. Nicholson*, No. 02-cv-01743 (the "Related Case").

After remand, and after Mr. Reinhard and other attorneys at Miller & Chevalier were unable to reach an agreement under which Miller & Chevalier would represent Mr. Thomas in

1

the Related Case, the then-presiding judge in the Related Case, Judge Ellen Segal Huvelle, asked defendant Stephen J. Pollak of Goodwin Procter, a former Assistant Attorney General in charge of the Civil Rights Division of the U.S. Department of Justice and a former President of the D.C. Bar, "to meet with the plaintiff to determine if [Goodwin Procter] can represent him in [the Related Case] on a *pro bono* basis." Order of April 24, 2006, in No. 02-cv-01743.

In response to that request and order, Mr. Pollak and two of his colleagues, Paul R. Friedman and Richard L. Matheny, III, met with Mr. Thomas and reviewed the records he made available. Thereafter, the firm concluded that it could not represent him, and defendants communicated that decision both to Mr. Thomas and to Judge Huvelle.

Mr. Thomas has nevertheless sued the Goodwin Procter lawyers, alleging, in essence, a conspiracy among those lawyers, Judge Huvelle, Magistrate Robinson, the lawyers for the federal defendants in the Related Case, and Mr. Reinhard (and another Miller & Chevalier lawyer) to deprive him of due process and equal protection in connection with the Related Case.

At this stage of the case, Messrs. Pollak, Friedman, and Matheny (the "Goodwin Procter defendants") do not rely—as they cannot—on denials of allegations of unlawful conduct.[1] Instead, they show that the motion for default judgment should be denied, because plaintiff has failed properly to serve the Goodwin Procter defendants before the deadline that was extended by the Court to October 23, 2007, never even obtaining summonses before that deadline. Moreover, Mr. Thomas failed to secure and file by October 23, 2007, waivers of service of process by these defendants pursuant to Fed. R. Civ. P. 4(d). Consequently, plaintiff never

---

[1] If this case advances past the initial stages, Messrs. Pollak, Friedman, and Matheny will deny at the proper time all of allegations of unlawful conspiracy and other unlawful conduct, including, in particular, a suggestion in the complaint that they must have turned over confidential documents to the federal attorneys representing the federal defendants in the Related Case.

obtained personal jurisdiction over the Goodwin Procter defendants, and their time to answer or otherwise respond to the complaint never began to run. Under these circumstances, Rule 55, Fed. R. Civ. P. does not authorize the entry of default judgment.[2]

Moreover, the Court has no good reason to extend the time in which plaintiff might attempt service of process. This Court gave plaintiff a 30-day notice of the need to serve the summons and complaint, on pain of dismissal (Order of July 2, 2007, Dkt. #4), and then granted a 60-day extension of time, to October 23, 2007, in which to effect service of process. Mr. Thomas has had almost seven months in which to obtain and serve summonses to ensure the continuation of this lawsuit under the rules.

## STATEMENT OF FACTS

### A.    The Complaint and the Defendants

Plaintiff filed the complaint in this action *pro se* on March 28, 2007. The complaint names sixteen individual defendants and the United States. Compl. Caption and ¶ 4. In addition to Judge Huvelle and Magistrate Judge Robinson, the complaint names as defendants the Secretary and an employee of the Department of Veterans Affairs (R. James Nicholson and Paul G. Thomson, respectively) and seven federal officers or employees in the Office of the U.S. Attorney for the District of Columbia. Comp. ¶¶ 4, 13 & 14. Secretary Nicholson is also the lead defendant in the Related Case, Mr. Thomas's still-pending lawsuit arising out of his diagnosis or treatment by the United States Department of Veterans Affairs. The complaint also names as defendants Mary Lou Soller and Matthew T. Reinhard. lawyers at the law firm of

---

[2] By filing this response to the motion for a default judgment, the Goodwin Procter defendants do not concede that they are properly defendants in this case or required to take any action with respect to any pleading or motion in this case. They are responding to the motion for default judgment to assist the Court, to avoid any appearance that they concede the appropriateness of default judgment, and to avoid the added expense that would follow an erroneous granting of plaintiff's motion for default judgment.

Miller & Chevalier. *Id.* ¶ 12. They appeared as court-appointed *amicus curiae* in support of Mr. Thomas when he appealed dismissal of the Related Case. *Thomas v. Principi*, 394 F.3d 970, 971 (D.C. Cir. 2005) (affirming in part and reversing and remanding in part). Thereafter, they undertook at the "direct[ion] and appoint[ment]" of Judge Huvelle to consider representing Mr. Thomas in the Related Case on remand. Compl. ¶ 40.

The remaining three defendants—Stephen J. Pollak, Paul R. Friedman, and Richard L. Matheny, III—are lawyers at the Washington office of the law firm of Goodwin Procter LLP, whose alleged connections to Mr. Thomas are described below in Part C after the following summary of the claims in the complaint.

### B.     The Causes of Action

The 49-page, 104-paragraph complaint contains a large number of factual and conclusory allegations, virtually all of which concern alleged conduct in or directly involving the Related Case.

Mr. Thomas pleads eight causes of action. The first three causes of action appear to be directed against the federal-employee defendants: <u>first</u>, a *Bivens* damage action and an action for declaratory and injunctive relief for violation of Fifth Amendment rights to due process in the Related Case (¶¶ 61–67); <u>second</u>, an action under 42 U.S.C. § 1985(2) and (3) for conspiracy to obstruct justice and to deprive Mr. Thomas of due process and the equal protection of the law, again referring to rights in the Related Case (¶¶ 68–77); and <u>third</u>, an action for fraud and conspiracy to commit fraud, again referring to the Related Case (¶¶ 78–81).

The <u>fourth</u> cause of action is labeled as directed specifically against Judge Huvelle and Magistrate Robinson, the Miller & Chevalier defendants, and the Goodwin Procter defendants for violation of Fifth Amendment due process rights, again by reference to rights in the Related

4

Case (¶¶ 82–87), but its final paragraph (¶ 87) seeks relief (declaratory and injunctive relief as well as damages under *Bivens*) solely against Judge Huvelle and Magistrate Robinson.

The fifth and sixth causes of action are directed specifically against Judge Huvelle and Magistrate Robinson, the Miller & Chevalier defendants, and the Goodwin Procter defendants: fifth, an action for damages and injunctive and declaratory relief under 42 U.S.C. § 1985(2) and (3) for allegedly conspiring to obstruct justice and to deprive him of due process and equal protection of the law in connection with the Related Case, and under 42 U.S.C. §1986 for failing to prevent certain violations (¶¶ 88–94); and sixth, an action for fraud and conspiracy to commit fraud in connection with the Related Case (¶¶ 95–98).

The last two causes of action may be directed against all defendants or only against defendants in the Related Case: seventh, for declaratory and injunctive relief to prevent violations of law in the Related Case (¶¶ 99–101); and eighth, for damages for intentional infliction of emotional distress.

The complaint seeks, among other things, injunctive relief, up to $4 million in compensatory damages, and not less than $10 million in punitive damages.

**C.  The Specific Allegations Concerning the Goodwin Procter Defendants**

The allegations in the complaint are broadly drawn. Attention focuses on the Goodwin Procter defendants in only a few paragraphs, notably ¶¶ 41–44.

As the complaint alleges, on April 24, 2006, Judge Huvelle issued an order in the Related Case in the following terms:

> "Since it appears that plaintiff has been unable to reach an agreement with Miller & Chevalier, the Court has undertaken to identify another law firm— Goodwin Procter LLP—which has graciously agreed to meet with the plaintiff to determine if it can represent him in this matter on a *pro bono* basis. Mr. Thomas must understand that the Court is under no obligation to find counsel for him and that it will not continue to contact additional firms in search of representation. Mr. Thomas should immediately contact Stephen J. Pollak at Goodwin Procter

5

>LLP, 901 New York Avenue, N.W., Washington, DC. 20001, 202/346-4178, so that he can arrange to meet with a lawyer from that firm, preferably before the upcoming status conference May 3, 2006, at 9:30 a.m.  He should also bring with him to any such meeting all relevant papers, including his medical records." See Compl. ¶ 12 (footnote noting change in hearing time omitted).  Dkt. #62, quoted in full at Compl. ¶ 12.

The complaint further alleges that the Goodwin Procter defendants

>"fraudulently misled Plaintiff into turning over all of Plaintiff's evidence, court files, to include highly personal private medical records to them, and then after a three-day period of their reviewing these records with Plaintiff, and the documenting of Plaintiff's mental impressions and theories of recovery in Plaintiff case—(trespassed) by asking Plaintiff hundreds of detailed questions about Plaintiff's case."  Compl. ¶ 41.

The complaint next alleges that, "after making three (3) copies of Pro Se Plaintiff's personal, sensitive, and highly private medical and other records," the Goodwin Procter defendants

>"then indicated that it [the law firm] would not agree to the representation of Plaintiff [in the Related Case] by then sending a personal letter notice to Judge Huvell to this effect, saying Plaintiff had fully cooperated, which is short for, we suckered him, we got him."  *Id*. ¶ 41.

Stripped of rhetoric and conclusory speculations, these allegations about the role of the Goodwin Procter defendants show that the firm, through Mr. Pollak, indicated to Judge Huvelle, at her request, that it would meet with Mr. Thomas, review relevant records, and determine if it was in a position to represent Mr. Thomas in the Related Case on a *pro bono* basis; and that, after such meetings and the related document review, the law firm decided it could not represent Mr. Thomas and so informed Judge Huvelle in writing.

The complaint infers from these and other allegations that Mr. Thomas's confidential documents must have been turned over to the government attorneys in the Related Case as part of a conspiracy to deprive Mr. Thomas of rights in the Related Case.  In particular, the complaint alleges Judge Huvelle thereafter "forc[ed]" plaintiff to agree to her transferring the Related Case to a Magistrate Judge and that federal counsel in the Related Case, after requesting a period of

6

discovery of 150 days, "never propounded not one iota of" discovery requests to Mr. Thomas, which, according to the complaint, "makes clear their ex parte communications, conspiracy and delay." Compl. ¶ 42.

Based on these allegations, the complaint claims that the facts "indicate" that confidential records were turned over to the Justice Department attorneys handling the Related Case:

> "These facts and occurrences indicates that Pro Se Plaintiff's records and files, confiscated through this 'suckered into' mental impression raping and fraudulent inducement, to Plaintiff's detriment, have been turned over to the Justice Department Attorneys handling Plaintiff case for the government." *Id.* ¶ 43.

**D.     Proceedings in the Case**

Plaintiff filed the complaint on March 28, 2007. That same day, the Court posted a docket-entry that stated: "SUMMONS Not Issued as to PAUL R. FRIEDMAN, RICHARD L. MATHENY, III, [the other defendants], STEPHEN J. POLLAK (lc,) (Entered: 04/02/2007)."

On April 6, 2007, the case was reassigned to Judge Leon.[3]

On July 2, 2007, this Court issued an order stating:

> "Plaintiff filed this civil action on March 28, 2007, however, it does not appear from the record that service has been effected. 'If service of <u>the summons</u> and complaint is not made upon a defendant within 120 days after the filing of the complaint [July 26, 2007], the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.' Fed. R. Civ. P. 4(m). Accordingly, it is hereby
>
> "**ORDERED** that plaintiff shall effect service upon the defendant within 30 days of this Order [*i.e.*, by August 1, 2007]. If plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m)." Dkt. #4 (emphasis added).

---

[3] Immediately thereafter, on April 9, 2007, Judge Leon issued a Case Management Order (Dkt #3).

7

This order gave plaintiff specific instruction that service of a summons was required to effect service and gave plaintiff 30 days from the date of the order in which to effect service.

On July 30, 2007, by which time no summons had yet issued, Mr. Thomas filed a motion for a 60-day extension of time within which "to complete and effect proper service of the Complaint * * * upon all defendants." Dkt. # 5. On August, 24, 2007, this Court granted the motion for an extension of time and ordered Mr. Thomas "to complete service of process within sixty (60) days of the date of this order," that is, by October 23, 2007.

On September 20, 2007, Mr. Thomas filed an "Affidavit of Proof of Service of Process with Explanation." Dkt. #6. That document did not state that service of process had been effected. It stated on page 1 that "No summons were issued by the Court," and said only that Mr. Thomas had mailed a copy of "the Complaint and Management Order," together with a request for waiver of service of process, to the defendants on July 30, 2007. As the attachments to the document showed, counsel for the Goodwin Procter defendants wrote to Mr. Thomas on September 7, 2007, acknowledging receipt of the package of materials but stating specifically that those defendants declined to waive service of process and would "respond to the complaint pursuant to the Federal Rules of Civil Process after you effect service."

On October 23, 2007, Mr. Thomas filed a second "Affidavit of Proof of Service of Process with Explanation." Dkt. # 7  Again, the paper stated on page 1 that "No summons were issued by the Court," and that the complaint and the Case Management Order had been personally served upon the three defendants on October 10, 2007.

On November 5, 2007, Mr. Thomas filed a motion for default judgment (Dkt. #9), a petition for imposition and reimbursement of costs for service of process (Dkt. # 10), and a motion to file a First Amended Complaint to add two additional defendants (Magistrate Kay, to

8

whom the Related Case has been assigned, and DOJ Attorney Robin Meriweather, another attorney in the Related Case) (Dkt. #11).[4] The motion for default judgment acknowledges (at 4) that Fed. R. Civ. P. 4 "requires a complaint <u>and summons</u> to be served upon [an] individual sued in his/her individual capacity * * *" (emphasis added) and adds (also at 4): "A District Court, in the management and administration of its case docket, exercises discretion to issue or not issue summonses and/or may direct otherwise."

To this day, no summons has issued and no waiver of service of process has been filed with respect to the Goodwin Procter defendants (or, so far as we know, any other defendant). And the Clerk has not entered in the record any default by the Goodwin Procter defendants pursuant to Fed. R. Civ. P. 55(a).

## REASONS FOR DENYING THE MOTION

**The Motion Should Be Denied Because Plaintiff Neither Effected Service of a Summons Nor Filed Waivers of Service of a Summons by October 23, 2007, the Due Date Set by the Court.**

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. As we show below, default judgment may be entered only when a defendant over whom the court has obtained jurisdiction has failed to answer or otherwise respond to the complaint. Because the time for the Goodwin Procter defendants to answer or otherwise to respond to the complaint has not yet begun to run, Rule 55 does not authorize the entry of default judgment.

---

[4] To date, the Court has taken no action on Mr. Thomas's motion for leave to file a First Amended Complaint.

The court may not enter a default judgment unless, among other things, a defendant "has failed to plead or otherwise defend as provided by these rules."[5]

Rule 55 assumes that the court has jurisdiction over the parties. See 10A Federal Practice and Procedure § 2682 at 14 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is ought."). This proposition follows from the tying together in the Federal Rules of Civil Procedure of the means of obtaining personal jurisdiction and starting the running of the time to answer or otherwise to respond to the complaint.

Rule 4(c)(1) of the Federal Rules of Civil Procedure provides: "A summons shall be served together with a copy of the complaint." Rule 12(a)(1)(A) then provides that a private defendant shall serve an answer "within 20 days after being served with the summons and complaint." A motion pursuant to Rule 12, if filed within the time to answer, postpones the time to answer the complaint. Rule 12(a(4).

As an alternative to service of the summons and complaint, a plaintiff may request waiver of service by following the procedure set forth in Rule 4(d) and, if a defendant executes such a wavier, file such waiver with the court. In that event, the action proceeds "as if a summons and complaint had been served at the time of filing of the waiver, and no proof of service shall be required," Rule 4(d)(4), except that a waiving defendant has 60 days in which to answer (from the date on which the request for service was sent), as opposed to the 20 days otherwise provided. Rule 4(d)(3) & 12(a)(1)(B).

---

[5] In addition, the clerk must enter the defendant's default on the docket. Rule 55(a) provides that the clerk is directed to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Thereafter, the plaintiff may move for default judgment pursuant to Rule 55(b). 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 at 13 (1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)).

Thus, the rules plainly provide that the time to answer or to move under Rule 12 does not begin to run until (1) service of the complaint <u>and the summons</u> or (2) mailing or delivery of a request for waiver of service, <u>in the event that the defendant has waived service and the waiver forms are filed with the court.</u>  These rules reflect the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Specifically, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.*, 526 U.S. at 351 (relying upon, *inter alia*, Rules 4(a) and Rule 12(a)(1)(A)).

Summonses have never issued in this case for any defendant. Accordingly, Mr. Thomas has never served by any means (proper or improper) a summons upon any of the Goodwin Procter defendants, either before the deadline of October 23, 2007, or thereafter.

And while Mr. Thomas attempted to obtain waivers of service of process, he did not receive executed waivers from the Goodwin Procter defendants and, accordingly, has never filed executed waiver of service forms for those defendants, either before the deadline of October 23, 2007, or thereafter.

Accordingly, Mr. Thomas has never obtained personal jurisdiction over the Goodwin Procter defendants, and their time to answer to otherwise respond to the Complaint has not yet begun to run.

Mr. Thomas stated in his motion for default judgment (at 4) that a district court, "in the management and administration of its case docket, exercises discretion to issue or not issue summonses and/or may direct otherwise." Mr. Thomas cites no authority for this proposition; the rules make no provision for such power; and *Murphy* holds otherwise.

Under these circumstances, Rule 55 provides no authority for entry of a default judgment. See, *e.g.*, *Marshall v. Labor & Industries, State of Washington*, 89 F. Supp. 2d 4 (D.D.C. 2000) (Hogan, J.) (motion for default judgment denied for failure to commence lawsuit by proper service of process, citing *Murphy*, *supra*). Plaintiff's motion for default judgment should be denied.

### EVEN THOUGH MR. THOMAS IS PROCEEDING PRO SE, THERE IS NO GOOD CAUSE IN THIS CASE FOR GIVING HIM ADDITIONAL TIME IN WHICH TO SERVE PROCESS.

Rule 4(m) gives the Court the option to direct that service be effected within a specified time, rather than dismissing the complaint when the 120 days for service has passed.[6] Moreover, as a general matter, this Court must afford a *pro se* plaintiff "more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). In particular, this Court must "supply minimal notice of the consequences of not complying with procedural rules." *Id.* At the same time, the court's more lenient treatment of *pro se* litigants "does not constitute a license for plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." *Id.* (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

---

[6] Rule 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. * * *"

This Court has already followed the course mapped out by *Moore*. As set forth in the Statement of Facts, the Court has given plaintiff notice that summons have not issued (docket notice of March 28, 2007:"SUMMONS Not Issued as to [each named defendant]"); has given plaintiff a 30-day written notice of need to serve a summons upon each defendant (Order of July 2, 2007, Dkt. # 4, pointing out Rule 4(m) requirement of service of summons and complaint and warning that dismissal would follow failure to service in time); and has granted plaintiff's motion for a 60-day extension of time (to October 23, 2007) in which to effect such service (Order of August 24, 2007).

Mr. Thomas is not a novice litigator. He has vigorously litigated his Related Case against many of the same federal defendants named here for over five years. Moreover, he has filed at least five other lawsuits in this Court or in the Superior Court of the District of Columbia and two in the Eastern District of Virginia, and he has appealed adverse decisions in four of them).[7]

---

[7] *Thomas v. Stone, Sec'y of Army, et al.*, No. 92-cv-00038 (D.D.C.), *following transfer*, No. 93-cv-00049 (E.D. Va. Jun, 29 & Sept. 1, 1993; Mar. 28 & Apr. 5, 1994), *appeals dismissed per curiam*, 37 F.3d 1495 (4th Cir. 1994) (table), *unpublished opinion reported at* 1994 WL 577436;

*Thomas v. West, Sec'y of Army, et al.*, No. 96-cv-00003 (E.D. Va.);

*Thomas v. West, Sec'y of Army*, No. 96-cv-01501 (E.D. Va.) (granting defs' motion for summary judgment), *affirmed per curiam*, 149 F.3d 1170 (4th Cir. 1998), *unpublished opinion reported at* 1998 WL 325929;

*Thomas v. American Red Cross et al.*, No. 96-cv-02294 (D.D.C. Sept. 15, 1998) (summary judgment for U.S.) (Kennedy, J.), *affirmed summarily*, No. 98-5493, 1998 WL 325489 (D.C. Cir. 1999);

*Thomas v. Meyer et al.*, No. 03-cv-00063 (D.D.C. May 5, 2003) (dismissed voluntarily); and

*Thomas v. Non-Commissioned Officers Ass'n et al.*, No. 04-cv-00193 (D.D.C. Jan. 21, 2005) (dismissing complaint) (Bates, J.), *affirmed summarily*, No. 05-7042 (D.C. Cir. Sept. 29, 2005).

*Thomas v. Disabled American Veterans Ass'n*, No. CA-2159-05 (D.C. Super. Ct. June 14 & Oct. 11, 2005) (dismissing complaint), *reversed and remanded*, 930 A.2d 997 (D.C. Aug. 23, 2007).

That experience makes him more familiar with the Federal Rules of Civil Procedure than the typical *pro se* plaintiff.

Further indulgence of this *pro se* plaintiff is not warranted and poses the danger of discouraging law firms from responding positively to requests from courts that they consider *pro bono* representation of *pro se* litigants.  A proposed order is attached.

## CONCLUSION

For the foregoing reasons, the motion for default judgment should be denied, and no further extension of time for service of process should be granted.

                Respectfully submitted,

                /s/ John Townsend Rich
                John Townsend Rich (Bar No. 095000)
                Goodwin Procter LLP
                901 New York Ave., N.W.
                Washington, D.C. 20001
                (202) 346-4249
                jrich@goodwinprocter.com

                Counsel for Defendants Stephen J. Pollak,
                Paul R. Friedman, and Richard L. Matheny, III

November 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR L. THOMAS,

           Plaintiff,

v.

R. JAMES NICHOLSON *et al.*,

           Defendants,

Civil Action No. 07-598 (RJL)

**ORDER**

Upon consideration of plaintiffs' Motion for Default Judgment (Dkt # 9), the memoranda in support thereof and in opposition thereto, and the record in this case, it is hereby ORDERED, this ___ day of _____, 2007, that plaintiff's Motion for Default Judgment is DENIED.

_____
Richard J. Leon
United States District Judge