IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS,<br><br>                    Plaintiff,<br><br>    v.<br><br>R. JAMES NICHOLSON *et al.*,<br><br>                    Defendants, | Civil Action No. 07-598 (RJL) |

**MEMORANDUM OF DEFENDANTS STEPHEN J. POLLAK, PAUL R. FRIEDMAN, AND RICHARD L. MATHENY, III, IN OPPOSITION TO PLAINTIFF'S PETITION FOR IMPOSITION AND REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS**

**INTRODUCTION**

Plaintiff Oscar Thomas has moved (Dkt. 10), pursuant to Fed. R. Civ. P. 4(d)(2), for the imposition of costs for service of process following defendants' decision not to waive service of process.

Plaintiff is not entitled to such costs for three reasons: (1) because he has neither obtained summonses directed to any of these defendants nor filed timely waivers of service of process, the Court has not obtained personal jurisdiction over these defendants; (2) he is not "located in the United States," as Rule 4(d)(2) requires; and (3) because he has not yet obtained summonses directed to any of these defendants, the costs he claims are not costs "incurred in effecting service."

By responding to his motion, these defendants do not concede that they are properly defendants in this case or required to take any action with respect to the complaint or any motion

1

in this case. Nevertheless, they are responding to the petition for costs to assist the Court and to avoid the added expense that would follow an erroneous grant of plaintiff's petition.[1]

## STATEMENT OF FACTS

The facts relating to purported service of process and plaintiffs' unsuccessful attempt to obtain these defendants' waiver of service of process are set forth in the Memorandum of Defendants Stephen J. Pollak, Paul R. Friedman, and Richard Matheny, III, in Opposition to Plaintiffs' Motion for Default Judgment, which is filed contemporaneously with this opposition. We adopt the Statement of Case in that document by reference. We summarize the critical facts here.

Plaintiff filed the complaint in this action on March 28, 2007. No summons has ever been issued in this case as to any defendant, as the docket in the case shows.

Plaintiff mailed the Case Management Order of April 9, 2007, to defendants on April 11, 2007. The costs of that mailing are included in the itemized list of costs for which plaintiff seeks reimbursement (column 1).

On July 30, 2007, plaintiff sent by certified mail to these defendants the complaint, the Case Management Order, and a request that these defendants waive service of process. The costs of that mailing are included in the itemized list of costs for which plaintiff seeks reimbursement (column 2).

In September, these defendants informed plaintiff that they would not waive service of process. See Petition Exh. A (letter to Mr. Thomas dated September 7, 2007).

---

[1] See Local Civil Rule 7(b): "* * * If [a memorandum in opposition to a motion] is not filed within the prescribed time, the Court may treat the motion as conceded." While we do not concede that any prescribed time for responding to plaintiff's motion has begun to run, we wish to avoid any misunderstanding on the Court's part.

2

On October 13, 2007, an agent of plaintiffs served the complaint and the Case Management Order upon each of these defendants personally. The costs of that service are included in the itemized list of costs for which plaintiff seeks reimbursement (column 3).

As of this date, plaintiff has not obtained summonses for these defendants.

Plaintiff also seeks certain costs of copying and express mailing that are not allocated among the defendants (columns 4 and 5).

Finally, plaintiff resides in Germany. See plaintiff's Motion To Extend Time to Complete Service of Process (Dkt #5, July 30, 2007) at 2 ("[B]ecause plaintiff resides outside the United States in Germany, requiring a longer time for mail delivery, Plaintiff is seeking additional time to effect service").

## REASONS FOR DENYING THE PETITION

### I. The Petition for Costs Should Be Denied Because this Court Lacks Jurisdiction Over These Defendants.

Plaintiff has moved for default judgment in this case on the ground that he has properly served these defendants and they are in default by failing to answer or otherwise to respond to the complaint within the required time.

These defendants have opposed that motion on the ground that, because plaintiff has neither served summonses on these defendants nor obtained and filed executed waivers of service of process under Rule 4(d), the Court lacks personal jurisdiction over these defendants and the time to respond to the complaint has never begun to run. See Memorandum of Defendants Stephen J. Pollak, Paul R. Friedman, and Richard Matheny, III, in Opposition to Plaintiffs' Motion for Default Judgment, which is filed contemporaneously with this opposition. We adopt those arguments by reference. Because defendants are not properly before the Court, plaintiff's motion for costs should be denied for lack of personal jurisdiction.

**II.     The Petition for Costs Should Be Denied Because Plaintiff Is Not "Located Within the United States" As Required by Rule 4(d)(2).**

Rule 4(d)(2), Fed. R. Civ. P., provides:

> "If a defendant located within the United States fails to comply with a request for waiver <u>made by a plaintiff located in the United States</u>, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." (Emphasis added.)

Plaintiff is not "located in the United States." He is "located" in Germany, as shown by his filings in this case. Accordingly, plaintiff is not entitled to the benefit of the cost-shifting provision of Rule 4(d)(2).

**III.    The Petition for Costs Should Be Denied Because the Itemized Costs Were Not Incurred in Effecting Service of Process After Defendants Declined To Waive Service of Process.**

If a plaintiff requests waiver of service of process and fails to obtain it, he or she may still obtain jurisdiction over the defendants by serving a summons together with a copy of the complaint, as specified in Rule 4(a)(1).[2] In that event, Rule 4(d)(2) provides:

> "If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located in the United States, the court shall impose <u>the costs subsequently incurred in</u>

---

[2] Rule 4(c)(1) of the Federal Rules of Civil Procedure provides: "A summons shall be served together with a copy of the complaint." Rule 12(a)(1)(A) then provides that a private defendant shall serve an answer "within 20 days after being served with the summons and complaint." Alternatively, a plaintiff may follow the procedure set forth in Rule 4(d) by mailing a notice and request for waiver of service of a summons, together with a copy of the complaint, giving defendants a reasonable time not less than 30 days in which to waive service (see Rule 4(d)(2)(F)); and, if defendants chose to waive service of process, filing those waivers with the court before the due date for service (here October 23, 2007). Rule 4(d)(4) provides that when a defendant executes a waiver of service and the plaintiff files that waiver with the court, the action shall proceed, subject to the additional time for defendant to answer, "as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required." In the event that a waiver is properly filed, then the defendant shall serve an answer "within 60 days after the date when the request for waiver was sent." Fed. R. Civ. P. 12(a)(1)(B).

4

<u>effecting service on the defendant</u> unless good cause for the failure be shown." (Emphasis added.)

As set forth in the Statement of Facts, summonses have never issued in this case. Accordingly, Mr. Thomas has never effected service by any means (proper or improper) upon any of these defendants.

Accordingly, none of the costs for which Mr. Thomas has sought reimbursement are costs associated with the service of the complaint and a summons upon each of these defendants, as required by Rule 4(a)(1), after defendants have been given the opportunity to waive service of process and have refused to do so. Thus, they are not "the costs subsequently incurred in effecting service on the defendant" following the defendant's "fail[ure] to comply with a request for waiver," as Rule 4(d)(2) requires. For that reason, Rule 4(d)(2) does not authorize the awarding of the requested costs.

## CONCLUSION

For the foregoing reasons, the Petition for Imposition and Reimbursement of Costs for Service of Process should be denied. A proposed order is attached.

>Respectfully submitted,
>
>/s/ John Townsend Rich
>John Townsend Rich (Bar No. 095000)
>Goodwin Procter LLP
>901 New York Ave., N.W.
>Washington, D.C. 20001
>(202) 346-4249
>jrich@goodwinprocter.com
>
>Counsel for Defendants Stephen J. Pollak,
>Paul R. Friedman, and Richard L. Matheny, III

November 15, 2007

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR L. THOMAS,

            Plaintiff,

v.

R. JAMES NICHOLSON *et al.*,

            Defendants,

Civil Action No. 07-598 (RJL)

**ORDER**

Upon consideration of plaintiffs' Petition for Imposition and Reimbursement of Costs for Service of Process (Dkt # 10), the memoranda in support thereof and in opposition thereto, and the record in this case, it is hereby ORDERED, this ___ day of _____, 2007, that plaintiff's Petition for Imposition and Reimbursement of Costs for Service of Process is DENIED.

 

_____
Richard J. Leon
United States District Judge