UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR L. THOMAS,                )
            Plaintiff,     )
                                )
                                )
                                )
v.                              )   Civil Action No. 07-0598 RJL
                                )
                                )
                                )
R. JAMES NICHOLSON, et al.,     )
            Defendants.    )
                                )

AMICUS CURIAE UNITED STATES' ON BEHALF OF JUDGE ELLEN S. HUVELLE
AND MAGISTRATE JUDGE DEBORAH A. ROBINSON MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND IN SUPPORT OF
DISMISSAL

United States of America as amicus curiae on behalf of Judge Ellen S. Huvelle and Magistrate Judge Deborah Robinson oppose plaintiff's motion for default and suggests that this action them be dismissed.[1]  Neither Judge Huvelle nor Judge Robinson has been properly served.  Additionally, the allegations against them are all related to rulings and actions taken in another civil action brought by this plaintiff (02cv1743).  Consequently, they are absolutely immune from a civil action against them.

FACTUAL BACKGROUND

1. Plaintiff filed this action in March of 2007 against sixteen named individuals

---

[1] The United States appears as amicus curiae on behalf of Judges Huvelle and Robinson, who have not been properly served with a copy of the summons and complaint (see Rule 4(m), Federal Rules of Civil Procedure), and consequently, are not parties to this action.  Nevertheless, to expedite resolution of this action the United States opposes the entry of a default against the judges and urges this Court to dismiss the action against the judges based on their absolute immunity.

and thirty five John Does.  In essence, he claims he is entitled to damages and other relief based on the handling and judicial rulings and conduct directly related to the earlier case.  See Complaint.  Although plaintiff has mailed copies of the complaint to most, if not all of the named defendants, he has failed to serve any party with a copy of the summons.  Indeed, his unsworn "affidavit" of service explicitly acknowledges that failure.  See affidavit of service.

His purported service on Judges Huvelle and Robinson fails for an additional reason.  The affidavit of service attaches a certified mail return receipt purportedly showing that they received a copy of the complaint, but it shows only that the certified copy was received in the mail room, not by chambers or, more importantly by either judge personally.  Consequently, there is nothing in the record to show that either judge has received anything related to this case.

2.  The allegations against Judges Huvelle and Robinson relate to plaintiff's earlier civil action, 02cv1743.  See Complaint, Paras. 6-16, 19, 21-23, 30-44.  Plaintiff seeks damages and other relief from the judges and other defendants.  Plaintiff appears to claim that in the other action, a case brought under the Federal Tort Claims Act, neither judge had jurisdiction when the Court entered orders or took other action with which he disagreed.  See id.

### ARGUMENT

1.  Plaintiff's motion for default should be denied because there has been no proper service of process.  As the Court is well aware, a default may only be entered

when a defendant over whom the Court has obtained jurisdiction fails to answer or otherwise plead in response to the complaint in the case. E.g., Rule 55, FRCP. This Court lacks jurisdiction over Judges Huvelle and Robinson because plaintiff has failed to serve them as the Civil Rules require. Rule 4(m), FRCP.

    2. Ultimately, this action should be dismissed, certainly insofar as it purports to assert claims against Judge Huvelle and Magistrate Judge Robinson. It is a commonplace that judges are protected by absolute judicial immunity for their actions as judges. E.g., Stump v. Sparkman, 435 U.S. 349, 356-57, & nn. 6-7 (1978); accord Forrester v. White, 484 U.S. 219, 225 (1988).

    It is true that to have that immunity the judges have to be acting within their jurisdiction. But before a judge loses her immunity, there must be a "clear absence of all jurisdiction." Stump, 435 U.S. at 356-359. Here, all the conduct at issue was taken in a lawsuit filed by plaintiff under the Federal Tort Claims Act. Here, what plaintiff complains about is the substance of rulings and the judicial conduct in his case.

    Judicial acts protected by judicial immunity are identified by considering "the nature of the act itself, i.e., whether it is normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Here, there can be no question that the judges were doing so. Consequently, the judges were acting within the limits of their jurisdiction.

    To the extent plaintiff disagrees with their rulings and conduct, he has a remedy. He may appeal adverse rulings at the appropriate time. But disagreement with actions

in a case he has brought may not be the subject of a damages action.  Consequently, the United States as amicus curiae urges that this Court

## CONCLUSION

For the foregoing reasons the United States as amicus curiae respectfully requests that this Court deny plaintiff's motion for default judgment and dismiss this action against Judge Huvelle, and Magistrate Judge Robinson.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, No. 498610
United States Attorney


/s/
R. CRAIG LAWRENCE, No. 171538
Assistant United States Attorney