## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
OSCAR L. THOMAS,                              )
                                             )
        Plaintiff,                       )
                                             )
        v.                               )    Case No.  1:07-cv-00598-RJL
                                             )
R. JAMES NICHOLSON, et al.,                   )
                                             )
        Defendants                       )
_____)

### OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

The United States of America, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle,

Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, R. James

Nicholson, and Paul G. Thomson (collectively "the United States and the USAO/DVA Putative

Defendants"), through undersigned counsel, hereby oppose Plaintiff's motion for default

judgment.[1]  Plaintiff has not properly served the United States and the USAO/DVA Putative

Defendants, because he has never delivered a summons to them.  Accordingly, the motion for

default judgment must be denied.

### BACKGROUND

Plaintiff Oscar Thomas is a retired Army veteran who has other cases pending in this

Court and the District of Columbia Superior Court against the United States, the Department of

Veterans Affairs ("DVA"), and labor union representatives.  See Thomas v. Principi, 394 F.3d

---

[1] The United States and the USAO/DVA Putative Defendants do not concede that they are properly defendants in this case or that they are required to take any action in it.  This opposition is submitted solely to advise the Court that the United States and the USAO/DVA Putative Defendants have not been served, and that it therefore lacks jurisdiction to enter default judgment or any other relief against them.

970 (D.C. Cir. 2005); Thomas v. Principi, No. 02-1743 (D.D.C.) ("the Related Case"); Thomas

v. Disabled American Veterans' Ass'n, 930 A.2d 997 (D.C. 2007).  Like the instant action, those

cases arise out of veterans' benefits claims Plaintiff filed with DVA and administrative tort

claims concerning Plaintiff's treatment at DVA medical facilities.  Plaintiff appeared pro se in

the D.C. Superior Court, D.C. Court of Appeals, United States Court of Appeals for the D.C.

Circuit, and in the related action pending in this Court.

On March 28, 2007, Plaintiff filed a complaint alleging that the named defendants were

engaged in a conspiracy to deprive him of various rights.  See Dkt. Entry 1.  The complaint

names sixteen individuals and the United States as defendants.  See id.  The individual

defendants include federal district court and magistrate judges, the United States Attorney,

former United States Attorneys, several current and former Assistant United States Attorneys,

DVA employees (including the DVA attorney assigned to the Related Case), private attorneys

who filed an amicus brief on behalf of Plaintiff in the D.C. Circuit, and private attorneys who

considered representing Plaintiff in the Related Case.  In a nutshell, Plaintiff has sued every

judge and attorney who has participated in the Related Case.  The conspiracy theory is grounded

on Plaintiff's unfounded belief that the named defendants acted in concert to deprive him of his

constitutional rights, commit fraud, violate their professional ethical obligations, and otherwise

impede his pursuit of the Related Case.

Notwithstanding his familiarity with the procedural rules governing federal district court

practice, Plaintiff has never obtained a copy of the summons for this case.  This Court issued an

Order on July 2, 2007 directing Plaintiff to effect service within 30 days, and informing him that

the case would be dismissed pursuant to Rule 4(m) if service was not made.  See Dkt. Entry 4.

Subsequently, the Court granted Plaintiff an enlargement of time to effect service, making October 23, 2007 the new deadline for completing service. See Minute Order dated Aug. 24, 2007.

Plaintiff has mailed packages to several of the USAO/DVA Putative Defendants, but none of those mailings have effected service in the manner prescribed in Rule 4(i). The packages included a copy of the complaint, a letter requesting waiver of service of process,[2] and the case management order. None of the packages included a summons; nor could they, given that no summonses have been issued.

On October 23, 2007, Plaintiff filed an "Affidavit of Proof of Service of Process with Explanation." See Dkt. Entry 7. Plaintiff acknowledged in his affidavit that no summons had been issued. See id. at 1. Nonetheless, Plaintiff filed a motion for default judgment on November 5, 2007. See Dkt. Entry 9.

## ARGUMENT

Federal Rule of Civil Procedure 55(a) permits the entry of default judgment against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). However, "[i]n the absence of service of process, a court may not exercise power over a party whom the complainant names as a defendant." Marshall v. Labor & Indus., 89 F. Supp. 2d 4, 10 (D.D.C. 2000). Thus default judgment can only be entered against a defendant who has been properly served. See Mobern Elec. Co. v. Walsh, 197 F.R.D. 196, 197-98 (D.D.C. 2000); 10 A Charles

---

[2] The waiver of service provisions of Rule 4 do not apply to the federal government. Compare Rule 4(I) (concerning service of process on the United States, its agencies, corporation, officers, or employees) with Rule 4(d) (allowing waiver of service requests to individuals corporations, or associations that are subject to service under subdivision (e),(f), or (h), but not (i)).

Wright & Arthur Miller, Federal Practice and Procedure § 2682 at 14 (2d ed. 1994).

Plaintiff has never effected service of process upon the United States and the USAO/DVA Putative Defendants. Although Plaintiff mailed a copy of the complaint and case management order to several of the USAO/DVA Putative Defendants, none of those mailings included a summons. Rule 4(i) requires that a summons be included with complaints in order to initiate an action against the United States and its employees. See Fed. R. Civ. P. 4(i). Moreover, to sue federal employees in their individual capacities, a plaintiff also must serve a copy of the summons and complaint upon the United States by sending a copy of those documents to the Civil Process Clerk at the United States Attorney's Office. See Fed. R. Civ. P. 4(i)(2)(A). Although Plaintiff appears to have mailed a package addressed to the United States Attorney, the United States Attorney's Office for the District of Columbia's docketing records indicate that this package was not received by that office. In sum, Plaintiff's attempts to serve the United States and the USAO/DVA Putative Defendants were deficient in several respects.

Further, Rule 55(e) would preclude entry of default judgment against the United States and the USAO/DVA Putative Defendants even if they had been properly served. Default judgment cannot be entered against the United States or a federal agency or officer "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R. Civ. P. 55(e). Plaintiff will be unable to establish such a right in this action, because the United States and the USAO/DVA Putative Defendants have absolute and/or qualified immunity from suits such as this, which challenge acts taken in connection with those Defendants' official

duties.[3]  If the Court has occasion to reach the merits of Plaintiff's conspiracy allegations, it will be clear that they lack merit.

## CONCLUSION

For the foregoing reasons, the United States and the USAO/DVA Putative Defendants request that Plaintiff's motion for default judgment be DENIED.  The United States and the USAO/DVA Defendants also note that the Court's lack of jurisdiction over them would preclude the Court from granting Plaintiff any other relief against the United States and the USAO/DVA, including the monetary relief sought in Plaintiff's pending motion for reimbursement of costs.

Dated: November 21, 2007                    Respectfully Submitted,

        /s/ Jeffrey A. Taylor by CL
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

        /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

        /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. BAR # 490114
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W., Rm. E4911
Washington, D.C.  20530
Ph:  (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

---

[3] If this case remains live — and it should not given Plaintiff's failure to effect service within the prescribed deadlines — and if the Plaintiff serves the United States and the USAO/DVA Putative Defendants in the future, the United States and the USAO/DVA Putative Defendants will raise their defenses in a responsive pleading and/or a Rule 12(b) motion.