UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07cv00598 (RJL) |
| ) | (ECF) |
| ANTHONY J. PRINCIPI, et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S COMBINED REPLY TO MEMORANDUM OF DEFENDANTS
STEPHEN J. POLLAK, PAUL R. FRIEDMAN, AND RICHARD L. MATHENY,
III, IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
AND PLAINTIFF'S PETITION FOR IMPOSITION AND REIMBURSEMENT
<u>OF COSTS FOR SERVICE OF PROCESS</u>**

This is Plaintiff Combined Reply to Defendants' Pollak, Friedman and Mathney, III, have moved and filed Memorandum in Opposition (Docket # 15) to Plaintiff's Motion for Default Judgment and (Docket # 16) Petition for Imposition and Reimbursement of Cost for Service of Process, filed pursuant to Fed. R. Civ. P. 4(d)(2), following defendants' failure not to timely or otherwise waive service of process in accordance with requirements of Rule 4 of the Federal Rules of Civil Procedure.

Nevertheless, they claim that "Plaintiff is not entitled to such costs for three reasons: (1) because he has neither obtained summonses directed to any of these defendants nor filed timely waivers of service of process, the Court has not obtained personal jurisdiction over these defendants; (2) he is not "located in the United States," as Rule 4(d)(2) requires; and (3) because he has not yet obtained summonses directed to any of these defendants, the costs he claims are not costs "incurred in effecting service."

In their Opposition to Plaintiff's Motion for Default, Defendants' are also, inappropriately and through an unauthorized vehicle, in an advisory-tell-all-manner, is vigorously arguing and pleading their case to the merits of the Original and Amended Complaints, in what has to be considered an Answer to the causes of actions and claim allegation, (exparte communications with the Court, which give an appearance of attempting to persuade concerning issues and matter not before it), which Defendants profess are claims, allegations and causes of actions they do not now deny.  See Def.'s Opposition to Mot. For Default at 2 and Footnote 1.  Although the damage has been done, the Court should strike Defendant Pollack, Friedman and Matheny, III's entire opposition the Motion for Default Judgment and Petition for Imposition and Reimbursement for Costs.

**Reply Response to Defendants' Pollak, Freidman, and Matheny, III Memorandum in Opposition to Plaintiff's Motion for Default Judgment, and Plaintiff's Petition for Imposition and Reimbursement of Costs for Service of Process Arguments**

**Responsive Argument**

Plaintiff incorporate by reference Plaintiff's Motion for Default Judgment and Petition for Imposition and Reimbursement of Costs for Service of Process, as if fully set fourth herein.

First, the "water" of service of process in federal courts is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(d) contains a procedure for waiver of service which litigants are encouraged to employ.[1]  In this case, Plaintiff chose to do so.

---

[1] **Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.**
   **A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.**
   **It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.**

It is only when the waiver procedure is not employed, does Rule 4(c)(1) requires that a summons "be served together with a copy of the complaint."

Therefore, to their first contention, Rule 4 does did not and does not require Plaintiff to obtain a summons or summonses directed at any defendant, or at anyone before requesting a defendant waive service of "a summons". To their second, for the purpose - of the purpose of Rule 4(d)(2), albeit, although Plaintiff is currently located outside the United State in Germany, but with an U.S. Army, U.S. Post Office (APO) Army Europe (AE) Mailing Address – and Plaintiff would likely in this case and purpose, be considered a tourist, and not a foreign plaintiff or defendant by any means – within the United States. To their third, the Rule does not direct, as the Defendants' contend, that "he" "Plaintiff" must obtain summonses directed to any of the defendants, before the costs under Rule 4(d)(2)(G) "shall" be imposed provision apply. The costs are indeed, costs "incurred in effecting service", because, albeit, no summons had been obtained or directed at defendants, they had, in deed, been requested – and, as described in the process – their actions and inaction's – when properly viewed, has to be considered as their initial "answer to the complaint", and thus, their waiver of service of process in this case. See **Waiver of Service of Summons** below.

Plaintiff rely on his motion arguments and contentions, (1) that of the five defendants who submitted responses to the Complaint and Court Management Order, all five proceeded *pro se* by submitting their responses in a "Group Letter", 3 in one group letter and two in another, which were/are inadequate, as a legal matter, but constitutes

---

**Defendant can respond by signing and returning waiver (Form 1B) or defendant may fail to return waiver within the time allowed.**
**If waiver is not used, the plaintiff must serve process as stated in the rule but may recover costs from defendant.**

3

each of these five defendants acknowledgement of receipt of the complaint and management order by certified mail, wherein the letter collectively said:

"We are in receipt of the envelope of materials relating to the above-captioned case that you mailed separately to Stephen J. Pollack, Paul R. Friedman, and Richard Matheny, III of this firm (postmarked July 30, 2007)." "In those materials, you requested that Messrs, Pollak, Friedman, and Matheny waive service of process."

They further stated through their apparent authorized representative, John Townsend Rich, to further inform that:

"I am authorized to inform that Messrs, Pollak, Freidman, and Matheny do not waive such service. They will respond to the complaint pursuant to the Federal Rules of Civil Procedure after you effect service."

"We are in receipt of the envelope of materials you sent us pertaining to the above captioned case." We are writing to inform you that neither of us agrees to waive such service."

In essence, and specifically, they said, or was saying is that, "We are in receipt of the envelope of materials you sent, and we/they do not waive such service as called for and contemplated by the Rule and/or Plaintiff's personal Request for Waiver Form asking Defendants to, in fact, waiver that service in accordance with that Rule.

While Rule 4 clearly contemplate "service of a summons" it also contemplate a Plaintiff's request to a Defendant for waiver of service of that summons, and thus a waiver constitutes substantial compliance of service of process in accordance with the Rule.

Plaintiff, in the motion, alleged and argued that:

"The refusal of those defendants who have been served, (and who acknowledged their service), to obey Federal Rules of Civil Procedure and this Court's own Local Civil Rules requiring the return of the waiver form waiving service of process to reduce the cost of actual being personally served, (which personal service is not required under District of Columbia Law), and Case Management Orders should not be tolerated under any circumstances. Defendants' makes a

4

contriving miscalculation of the servicing rules under Federal and District of Columbia Law.[2] As to them, a default judgment is warranted."

Confirmed here again, Defendants' Pollak, freidman, and Matheny, III, after receiving the Request for Waiver Form and accompanying materials requesting waiver of a summons, refused to grant the waiver, not by timely returning the Request for Waiver Form, which they were specifically required to do, within 30 days by the Rule, but rather, in a letter saying, as they did,

"We are in receipt of the envelope of materials relating to the above-captioned case that you mailed separately to Stephen J. Pollack, Paul R. Friedman, and Richard Matheny, III of this firm (postmarked July 30, 2007)." "In those materials, you requested that Messrs, Pollak, Friedman, and Matheny waive service of process."

They further stated through their apparent authorized representative, John Townsend Rich, to further inform that:

"I am authorized to inform that Messrs, Pollak, Freidman, and Matheny do not waive such service. They will respond to the complaint pursuant to the Federal Rules of Civil Procedure after you effect service."

Here, these Defendants' – as required by the Rule - did not return the Request for Waiver Form within the 30 days allowed telling or informing Plaintiff that that they- did not "agree to waive service of a summons", but rather, some time later in a letter on their own Letterhead, gave the above statements", which constituted an "answer to the complaint" without objecting to a lack of service of a summons, which specifically constitutes their waiver of service of service of process, enabling the Court to exercise personal jurisdiction over them, because they did not utilize and return the provided waiver form. Thus, a default judgment may be entered when a defendant over whom the

---

[2] Service of a complaint and summons on and individual in the District of Columbia may be by 1) First Class Mail, 2) by Certified Mail Return Receipt Requested, Registered Mail, or by Personal Service.

5

Court has obtained jurisdiction fails to answer or otherwise respond to the Complaint. Fed. R. Civ. P. 55.

### Response to Defendants' Reasons for Denying the Petition for Imposition and Reimbursement of Costs For Process of Service

Defendants' contend that "The Petition for Costs Should Be Denied Because this Court Lacks Jurisdiction Over These Defendants."

Specifically, they alleges that "Plaintiff has moved for default judgment in this case on the ground that he has properly served these defendants and they are in default by failing to answer or otherwise to respond to the complaint within the required time." That, "These defendants have opposed that motion on the ground that, because plaintiff has neither served summonses on these defendants nor obtained and filed executed waivers of service of process under Rule 4(d), the Court lacks personal jurisdiction over these defendants and the time to respond to the complaint has never begun to run. See Memorandum of Defendants Stephen J. Pollak, Paul R. Friedman, and Richard Matheny, III, in Opposition to Plaintiffs' Motion for Default Judgment, which is filed contemporaneously with this opposition. They adopt those arguments by reference.

Defendants' contend that "Because defendants are not properly before the Court, Plaintiff's motion for costs should be denied for lack of personal jurisdiction, yet Plaintiff has alleged that they have waived the defense of lack of service of a summons, and that the Court therefore, does exercise jurisdiction over them for these reasons. A claim they have not addressed.

As a further reason for the denial, they contend is because Plaintiff is not "Located Within the United States" As Required by Rule 4(d)(2), and is not entitled to the benefit of the cost-shifting provision of Rule 4(d)(2).

Defendants further content that another reason the Petition for Costs Should Be Denied is "Because the Itemized Costs Were Not Incurred in Effecting Service of Process After Defendants Declined To Waive Service of Process.

In effect, what these three defendants' are attempting to allege is, that Plaintiff is not a litigant residing "within the United States", apparently because they have to know that Plaintiff is a Retired U.S Army Soldier, as any active duty Solider currently stationed or residing in Germany, on active duty, or associated with the Army there and with an APO AE ("Army Post Office Army Europe Address", in Army Europe, (here, in Germany), which is a United States Postal Address- within the U.S. Community - but for the purpose of Rule 4 - is not, they claim - (within the United States), and "would not qualify for reimbursement of cost-shifting under Rule 4 (d)(2). Plaintiff, however, contends that although the Rule may state:

> "It should be noted that the provisions for shifting the cost of service apply *only* if the plaintiff and the defendant are both located in the United States, and accordingly a foreign defendant need not show "good cause" for its failure to waive service."

Plaintiff is nevertheless, not a foreign plaintiff or defendant, and for its purpose, Plaintiff would have to be considered residing or being located "within the United States". The Defendants', accordingly, still has to – and would have to - show "good cause" for their failure to waive service of a summons.

As to these defendants who have all been properly served – by virtue of them having been asked to timely and properly waive service of process in accordance with Rule 4 – which on them - was actually three times, but whom – in their attempts to preempt service and/or evade it – they have submitted improper responses in response to the request, and it is readily apparent from their actions that they are/were attempting to

7

make it as difficult as possible for Plaintiff to serve them, and that their actions in doing so, constitutes their evasion of their valid service of process in accordance with Rule 4. Again, as to them, and to all named defendants in the Original Complaint a default Judgment is warranted. All three of these defendants signed the letter referenced herein and in the motion for default judgment.

The defendants' are not entitled to disregard the waiver provisions of Rule 4(d)(2). The defendants are not entitled to disregard the Court's Management Order, and have defaulted in defending, as the plaintiff had made proper service of the Court-directed Management Order as directed by the order, which controls here. The defendants did not defend, timely or otherwise, against service of that order based on lack of service of the summon(s). Nor, did they in anyway, timely move and/or object to the Court's directives in that Order that they respond within 30 days after its immediate service upon them, and thus, they waived any defense of improper or insufficient of service of process due to a lack of service of a summons, where the Court Docket indicated no summons issued as to them. Their arguments to the merits of the complaint are all forms of an Answer and their waiver of service of a summons.

The court should not undo their defaults on their false claims of improper or untimely service of a Court Order - ("this Court's Order") - rather than service of a summons (where the Court's Order was timely served upon them by Plaintiff, two, or in some instances, three different and separate times); and where the Court's Docket clearly shows and directs that no summons issued as to the named defendants. Thus, the defendants have long been well aware of this proceeding, and the related case, in which they all have previously participated. Plaintiff has substantially met all Rule 4's requirements.

8

The Defendants' do not deny nor do they address the following indisputable facts, that:

a.  On 03/28/07, the Court's Docket indicates: Summons not issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak.

b.  On April 9, 2007, this Court issued its Case Management Order (Standing Order) Dkt. # 3.

c.  On 07/02/2007, the Court issued Order directing Plaintiff to effect service upon the defendant within 30 days of the Order; and if Plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m).  (Service was understood and envisioned by Plaintiff as Service in accordance with this Court's Management Order and directive, because it had ordered that, as Plaintiff understood it, ("Summons not issued as to defendants in a. above"), in light of the fact that the filing fee had been paid and summons submitted requesting certification for service); relying upon the Rule 4, Sub-paragraph (b) Issuance, which instructs:

> Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk *shall* sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

After Plaintiff had initially submitted summons to the Clerk in what was thought to be proper form and sufficient quantities for each defendant, and they had been returned without comment – and on the Court's Docket and there is entry of, "No Summons issued

as to", in effect, as to all of the named defendants, Plaintiff assumed ("misapprehended") that none were to be issued and was reluctant to further seek re issuance of summons from the Court Clerk.

    d.    On 07/30/2007, Plaintiff moved pursuant to Rule 6(b) for Extension of time to Complete Service of Process on all Defendants, Dkt # 5.

    e.    On 8/24/2007, by Minute Order this Court granted Motion for Extension of Time to Complete Service of Process.  The Order directed: Plaintiff is hereby ordered to *complete* service of process within 60 days of the date of the Order.

    f.    On 09/20/2007, Plaintiff filed Affidavit of Service of Process with Explanation of the 07/30/2007 service of process effort, with Attachments A and B #'s 2 through # 17 of Certified Mail Receipts of Proof of Service on: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak showing proof of service of a copy of the Court's Management Order and copy of the complaint. See Dkt. # 6.  In the Affidavit's Explanation, Plaintiff showed the Court that he had also asked all named defendants to waive service of Process, and that each defendant *had failed to respond*, and had not returned the form within the 30 days allowed.[3]

    g.    On October 15, 2007, within (60) days in accordance with this Court's Order, Plaintiff again reserved the following 9 (nine) of the 16 named defendants by

---

[3] By this time, Plaintiff was desperately trying to properly and timely complete service on all defendants, and in the end on October 15, 2007, thought he had!  However, it is apparent that Plaintiff was still confused.

10

personal through a process server.  See Affidavit of Proof of Service at Dkt. # 7, entered on 10/23/2007.[4]

   h.  That a Court Management order date April 9, 2007, set a deadline of 30 days after its service for each defendant to respond to the complaint.  That on that date, no motion(s) or other authorized or unauthorized responsive pleading had been filed and no order had been issued to enlarge the 30-day time limit of the order of April 9, 2007, and accordingly, the order in place of summons remains effective and all defendants are in default.

   i.  The defendants are not entitled to disregard the Court's Management Order, and have defaulted in defending as the plaintiff had made proper service of the Court-directed order. The defendant did not defend against service of that order based on lack of timely service of the summons.  The court should not undo their defaults on their false claims of improper or untimely service of a court order rather than service of a summons where the Court orders that no summons will be issued as to the named defendants.  The defendants have long been well aware of this "related" proceeding, as they all have already been subjects, players and participants in it, and they have been served and received a copy of every document filed in this case.

**Waiver of Service of Summons**

   Rule 4(d)(2) of the Federal Rules of Civil Procedure provides for waiver of service of summons when the defendant is subject to service under subsection (e), (f), or (h) of Rule 4. Waiver is accomplished when the defendant consents to the waiver and

---

[4] Except for Plaintiff's misapprehension that the Court's April 9, 2007 Management Order, the entry on the Court Docket of "No Summons Issued as to", the return of those summons initially filed with the Original Complaint and confusion from all of this, Plaintiff could just as well obtained and summons and served them during the 3 actual overall attempts made to complete service of process, but who's requirements

11

completes and returns a waiver form. A plaintiff seeking waiver must send a Notice of Lawsuit and Request for Waiver of Service of Summons form, a Waiver of Service Summons form, and a copy of a newly filed civil complaint to the defendant. <u>The defendant may sign the waiver agreeing to waive service by summons or may decline to waive service using the same form.</u>

A defendant who is served with a Notice of Lawsuit and Request for Waiver of Service ***<u>must</u> return the executed Waiver of Service of Summons form to the plaintiff***, either waiving service or declining to waive service, within 30 days from the date the Notice of Lawsuit and Request for Waiver of Service forms were mailed. An answer must be filed within sixty days of the date the plaintiff mailed the waiver. The only exception to this rule is for *a defendant in a foreign country* who will be allowed sixty days to return the waiver and ninety days to file an answer. Note that all deadlines are calculated from *date of mailing*, not from date of receipt. The Defendants' do not deny, and in fact, admits they both received Notices of a Lawsuit and Request for Waiver of Service forms.

So, however here, even if the Court Clerk had issued summonses, the Court would have to recognize that plaintiff is proceeding Pro Se. The Clerk of Court is responsible for the issuance of summonses. The Court Docket clearly indicates, "No Summons issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A.

---

*Plaintiff believed had been removed by these factual occurrences and/or events. Plaintiff could have also requested the Court grant an additional extension of time to complete service of process.*

12

Robinson, and Stephen J. Pollak. The Court should not penalize plaintiff for any shortcomings of service, if there are any, where plaintiff had no direct control over how service is made, except as directed by the Court's Management Order, and where Plaintiff has complied fully with that order or orders, and therefore the Court should not dismiss Plaintiff Complaint and claims against the defendants on failure to issue service a summons or any other ground.

Alternative, at any rate, even if the Court would consider Defendants calls in opposition to Plaintiff's Motion for Default Judgment and/or for dismissal, no responsive pleadings to the Original Complaint were required, (but which has now been filed by Defendants' prematurely), because the docket reflects that no summons was issued regarding this Original Complaint. The filing of the Amended Complaint did not prejudice Defendants, who at the time had not yet filed an answer – or other authorized responsive pleading[5] - even though they were required to do so, but failed – because no summons were directed to be issued – they had waived service of a summons by *not* cooperating by returning the Request for Waiver Forms as required by Rule 4 – and where, as here, a court order was issued directing a specific time-directed response on the part of the Defendants.  Thus, even in view of the fact that if service could be considered insufficient or improper under these circumstances, the Federal Rules would permit and the Court could issue, direct and/or authorize re-service of a summons upon each of the defendants, which here, would be for "good cause", and they would not be prejudice. Rule 4(m).

---

[5] Defendants, in what seems to be an attempt to misinform the Court, alleges in Footnote 4 of their Memorandum in Opposition to Plaintiff's Motion for Default Judgment, that "To date, the Court has taken no action on Mr. Thomas's motion for leave to file a First Amended Complaint", when leave of the Court was not required.

So, except for a clear unintentional misapprehension of Court's Management Order, where therein the Court Ordered immediate service of that Order, the Clerk's statement on the Court's Docket of "No Summons Issued as to", which confused Plaintiff; while at the same time, the Clerk's return of the Summonses Plaintiff had originally submitted upon filing of the Original Complaint, (even after receiving the Court's Order of July 2, 2007), a more complete service would have been made – because, as Defendants' point out, "Plaintiff had done this in the past."

Throughout this endeavor, Plaintiff has showed due diligence in making service of process upon the Defendants' and has substantially complied with Rule 4 - by attempting to serve most of the Defendants on three different occasions,[6] and but for the clear unintentional misapprehension of Court's Orders, where therein the Court Ordered its immediate service, the Clerk's statement on the Court's Docket of "No Summons Issued as to:", which confused Plaintiff, and, if the Request for Waiver Form had been, as required, properly executed and returned, Plaintiff would have correctly, timely and fully completed service.  Plaintiff has substantially complied with the requirement of Rule 4, and under the facts and circumstances of this case, Plaintiff's complaint should not be dismiss, where as also here, Plaintiff has already filed and amended complaint amending his complaint as a matter of course, and may simply re-file, which would simply be a wasting of the Court's and everyone else's time and resources, simply based on a slight misapprehension and an unintentional technicality misstep.  Plaintiff requests the Court *not* dismiss Plaintiff's complaint; consider the requirements of Rule 4 having been substantially met by Plaintiff in making service or process; consider that the Defendants'

---

[6] Plaintiff properly executed and sent Request for Waiver Forms to each Defendant.  Neither of them has denied this.

have all been properly served, or that they all have actually waived service by their actions or inaction's as alleged, described and shown in Plaintiff's Motion for default, herein and elsewhere.

Plaintiff's Petition for Reimbursement or Cost for Process Service should be granted as untimely unopposed.[7]

Respectfully submitted

_____-*S*-_____

Dated: November 25, 2007    Oscar L. Thomas
　　　　　　　　　　　　　　Plaintiff, Pro Se
　　　　　　　　　　　　　　CMR 454, Box 1746
　　　　　　　　　　　　　　APO AE 09250
　　　　　　　　　　　　　　Tel of Fax: 011-49-981-12912
　　　　　　　　　　　　　　E-mail: thomas.ol@an-netz.de

---

[7] See Local Civil Rule 7(b): "* * * If [a memorandum in opposition to a motion] is not filed within the prescribed time, the Court may treat the motion as conceded." Defendants' did not timely respond, nor have they requested extension of time to do so, and therefore, they have conceded the motion.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of November, 2007, I caused a copy of the foregoing Plaintiff's Combined Reply to Memorandum of Defendants' Stephe J. Pollak, Paul R. Freidman, and Richard L. Matheny, III's Opposition to Plaintiff's Motion for Default Judgment, and in Opposition to Plaintiff's Petition for Imposition and Reimbursement of Costs for Service of Process, to be served on the following individuals via the Court's Electronic Filing System, on:

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780; and

JEFFREY A. TAYLOR, No. 498610
United States Attorney; and

R. CRAIG LAWRENCE, No. 171538
Assistant United States Attorney

John Townsend Rich (Bar No. 095000)
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4249
jrich@goodwinprocter.com

Andrew Wise (D.C. Bar 456865)
Miller & Chevalier Chartered
655 15th Street, NW
Suite 900
Washington, DC 20005
202-626-5800
202-626-5801 fax

                                                       _____/s/_____
Dated: November 25, 2007                 Oscar L. Thomas
                                                          Plaintiff, Pro Se
                                                          CMR 454, Box 1746
                                                          APO AE 09250
                                                          Tel of Fax: 011-49-981-12912
                                                          E-mail: thomas.ol@an-netz.de

Case 1:07-cv-00598-RJL   Document 19   Filed 11/25/2007   Page 17 of 17