UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY J. PRINCIPI, et al )<br>)<br>Defendants. )<br>) | Civil Action No.: 07cv00598 (RJL)<br>(ECF) |

**PLAINTIFF'S REPLY TO DEFENDANTS MATTHEW T. REINHARD'S AND MARY LOU SOLLER'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PLAINTIFF'S PETITION FOR IMPOSITION AND REIMBURSEMENT OF COSTS FOR <u>SERVICE OF PROCESS</u>**

Reply to Defendants' Matthew T. Reinhard and Mary Lou Soller have moved "out-of-time" to oppose plaintiff's motion for default and suggests that the above captioned action against them should be *sua sponte* dismissed. Their arguments in opposition for denial and dismissal on their behalf consists of a number of irrelevant arguments, which are primarily that, (1) Plaintiff failed to properly effect service on them, as required by the Fed. R. Civ. P. 4, because he has never served any defendant with a summons, and (2) Despite this failure, "he now moves this Court for a default judgment and to require the defendants to reimburse him for the costs of his service of certain other documents on them"; and for these reasons, they "oppose these motions.""[1]

**Reply Response to Defendants' Reinhard and Soller's Arguments**.

Plaintiff incorporate by reference Plaintiff's Motion for Default Judgment and Petition for Imposition and Reimbursement of Costs for Service of Process, as if fully set fourth herein.

---
[1] Plaintiff filed and is proceeding *pro se* in this case.

Plaintiff rely on his motion arguments and contentions, (1) that of the five defendants who submitted responses to the Complaint and Court Management Order, all five proceeded *pro se* by submitting their responses in a "Group Letter", 3 in one group letter and two in another, which were/are inadequate, as a legal matter, but constitutes each of these five defendants acknowledgement of receipt of the complaint and management order by certified mail, where in their letter two of them, (Reinhard and Soller), collectively said:

> "We are in receipt of the envelope of materials you sent us pertaining to the above captioned case." We are writing to inform you that neither of us agrees to waive such service."

In essence, and specifically, they said, or was saying, they refused to agree to accept service, or to accept or waive service of a summon as called for and contemplated by the Rule and/or Plaintiff's personal Request for Waiver Form asking them to in fact, waiver that service in accordance with that Rule.  By informing and suggesting that, "We will respond to the complaint at such time as you do effect service, as set forth in the Court's Order of July 2, 2007, and August 24, 2007"; which was specifically to "complete service of process within sixty (60) days of the date of this order; necessarily meaning, in accordance with Rule 4.  While Rule 4 clearly contemplate "service of a summons" it also contemplate a Plaintiff's request to a Defendant for waiver of service of that summons, and thus a waiver constitutes substantial compliance of service of process in accordance with the Rule.

Plaintiff, in the motion, alleged and argued that:

> "The refusal of those defendants who have been served, (and who acknowledged their service), to obey Federal Rules of Civil Procedure and this Court's own Local Civil Rules requiring the return of the waiver form waiving service of

process to reduce the cost of actual being personally served, (which personal service is not required under District of Columbia Law), and Case Management Orders should not be tolerated under any circumstances. Defendants' makes a contriving miscalculation of the servicing rules under Federal and District of Columbia Law.[2] As to them, a default judgment is warranted."

Here again, Defendants' Reinhard and Soller, after receiving the Request for Waiver Form and accompanying materials requesting waiver of a summons, refused to grant the waiver, not by timely returning the Request for Waiver Form, which the were specifically required to do, within 30 days, but rather, in a letter saying, as they did,

> "we are in receipt of the envelope of materials you sent us pertaining to the above captioned case." We are writing to inform you that neither of us agrees to waive such service."

Here, these Defendants – as required by the Rule - did not return the Request for Waiver Form within the 30 day allowed telling or informing Plaintiff that did not "agree to waive service of a summons", but rather, some time later in a letter on their own Letterhead, said that "neither agrees to waive such *service*", which constituted an "answer to the complaint" without objecting to a lack of service of a summons, which specifically constitutes their waiver of service of service of process, enabling the Court to exercise personal jurisdiction over them. Thus, a default judgment may be entered when a defendant over whom the Court has obtained jurisdiction fails to answer or otherwise respond to the Complaint. Fed. R. Civ. P. 55.

As further attempt to justify their actions/inaction constituting their answer and default, Defendant's Reinhard and Soller, points the Court to the fact that:

> "Plaintiff also filed a motion to file a First Amended Complaint in order to add as defendants Magistrate Judge Kaye, who has presided over the Related Case since Magistrate Judge Robinson recused herself, and Robin Meriweather, the Assistant United States Attorney representing the defendants

---

[2] Service of a complaint and summons on and individual in the District of Columbia may be by 1) First Class Mail, 2) by Certified Mail Return Receipt Requested, Registered Mail, or by Personal Service.

3

in the Related Case. Dkt. # 11." But that, "Because of the limited nature of their response here, neither Mr. Reinhard nor Ms. Soller will respond to that motion at this time.

Admittedly, Rule 4 indeed requires service of a summons, but likewise, conversely, it allows for an exception of service of a summons when, as here pointed out, the Defendants, in attempting to evade service of process, or have waived that service.

To bolster their position, the Defendants further argue that:

> "[b]efore a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought." 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (2d ed. 1994); *see also* Fed. R. Civ. P. 55. This Court does not currently have jurisdiction over Mr. Reinhard or Ms. Soller because -- as Plaintiff concedes - - he has not served them, as required by Fed. R. Civ. P. 4(m). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.") Thus, they are not required to answer or otherwise respond to the Complaint. Default is inappropriate, and Plaintiff's motion should be denied. That "Plaintiff's failure to comply with the straightforward requirements of Rule 4 should not be excused. Rule 4 is clear. It is entitled "Summons." It explains what is required to be included in a summons and how a Plaintiff can obtain one. Fed. R. Civ. P. 4(a) and (b)." And that, "The Rule also clearly states that "[a] summons *shall* be served *together* with a copy of the complaint." Fed. R. Civ. P. 4(c) (emphasis added). Despite this clear requirement, Plaintiff failed to do so.

Plaintiff does not disagree with this summation, except that when a Defendant has moved to try to evade service, or, as in this case, when asked to waived that service - by failing to corporate - by not returning the Request for Waiver Form as requested and required by the Rule, and admits receiving service of the complaint and Court Management Order, he or she has waived service of a summons.

The fact that there had been a mix-up after Plaintiff had initially submitted summons to the Court Clerk for certification and return for subsequent service, **(if not waived)**, on the defendant, and when those summonses was returned to Plaintiff, and an

4

entry made on the Court Docket by the Clerk, indicating "Summons not issued as to", and a Court's Management Order was issued on April 9, 2007, requiring Plaintiff to serve it on the Defendants immediately; again, when no summons had been issue, which was a host or occurrences that cause and made Plaintiff become confused as to any further requirement of a service of a summons. All of this led to an honest misapprehension and Plaintiff's belief, that in this case, there was actually no further requirement for Plaintiff to obtain and serve a summons along with the complaint and Management Order on the Defendants; and this is true, even upon and after receiving the Court's Order of July 2, 2007.

Further, calling Plaintiff's actions "ignorance of the Rule", the Defendants, unjustifiably, urges the Court, even though it is often appropriate, to apply a less strict standard of pleading when a *pro se* Plaintiff is involved, "that the Court should not do so here." That, "This Court has made clear, however, that even for *pro se* litigants "[i]gnorance of the rules of procedure does not constitute good cause." They cite *Georgacarakos v. Watts*, No. 06-1022 (JR), 2007 U.S. Dist. LEXIS 37307, at *12 (D.D.C. May 23, 2007) (dismissing *pro se* plaintiff's claims where service was untimely); *see also Briggs v. State Dep't Fed Credit Union*, No. 05-1344 (GK), 2006 U.S. Dist. LEXIS 33406, at *13-16 (D.D.C. May 25, 2006) (dismissing *pro se* plaintiff's claims where the plaintiff served defendants with complaint but not summons).

Although, nevertheless, a *pro se* plaintiff, must still follow the Federal Rules of Civil Procedure, here, in reality, there has been only a slight misstep due to confusion and misapprehension, not of the Federal Rules, but of other already mention occurrences in initially obtaining the summons that caused, in hindsight, a partial, rather than a complete lack of service of process. Therefore, as such, this Court recognizes and applies to this

5

case the principal that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." <u>Moore v. Agency for Int'l Dev.</u>, 994 F.2d 874, 876 (D.C. Cir. 1993) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)). (per curiam) (holding allegations contained in a prisoner's pro se complaint to less stringent standards than pleadings written by counsel in reversing a dismissal for failure to state a claim). This point was recently emphasized in *Anyanwutaku*, in which the District Court had dismissed a *pro se* complaint sua sponte. See 151 F.3d at 1054.

Although, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the court probably would be justified were it to dismiss Plaintiff's complaint without prejudice, it should not do so here.  First, beyond subjecting *pro se* litigants to less stringent pleading standards, this circuit also affords *pro se* plaintiffs latitude with regard to service issues. <u>Moore v. Agency for Int'l Dev.</u>, 994 F.2d 874, 876 (D.C. Cir. 1993). Second, Defendants' Reinhard nor Soller have *not* been prejudiced by this allegedly defective service; both defendants have had adequate notice of Plaintiff's law suit, as evidenced by the fact that both filed responses, which Plaintiff considers Answers to the complaint, and now, a Motion to Dismiss. See <u>Boatman v. Thomas</u>, 320 F. Supp. 1079 (M.D. Pa. 1971) ("Defendant, regardless of the misnomer, was certainly put on notice that a lawsuit had been instituted against him.").[3]  In *Moore*, the pro se plaintiff conceded

---

[3] "Pro se litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings" and pro se litigants should be given at least minimal notice of the pleading requirements. Moore v. Agency for Int'l. Dev., 994 F.2d 874, 876-77 (D.C. Cir. 1993) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Lindsey v. United States, 448 F. Supp. 2d. 37, 46-47 (D.D.C. 2006) (Walton, J.) (citing Moore and agreeing that district courts should provide pro se litigants with minimal notice of pleading requirements); Hisler v. Gallaudet Univ., 206 F.R.D. 11, 14 (D.D.C. 2002) (acknowledging the policy that "an added measure of leniency is extended to pro se litigants [with respect to] procedural requirements")(citations omitted). The principles set forth in Moore are instructive here.

6

that his complaint did not meet the heightened pleading requirement for overcoming a claim of qualified immunity, but argued that the district court should have alerted him to the defects and allowed him to amend his complaint). 994 F.2d at 876. (The Circuit Court held that "[b]ecause there is no indication that any of the defendants would have been prejudiced . . . , the district court should have permitted Moore to amend his complaint.") Id. at 877-78.  (Indeed, it is the Court's duty to inform the plaintiff of the consequences of not adhering to procedural requirements, although the Court appreciates that this assistance does not permit a pro se plaintiff to *ignore the Federal Rules of Civil Procedure. Moore, 944 F.2d at 876; see also* Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors"); *Hisler*, 206 F.R.D. at 14. (Here, refusing to accord the plaintiff the opportunity to amend her complaint would deny the plaintiff the opportunity to test her claims on the merits. See *Foman*, 371 U.S. at 182). (And that result would be particularly egregious in this case due to the plaintiff's pro se status).  (Furthermore, there is no evidence that the defendants would be prejudiced by allowing the plaintiff to amend the complaint). (Against this background, the Court is compelled to permit the plaintiff to amend her complaint). (Accordingly, the plaintiff's motion for leave to amend her complaint is granted). (Thus, the defendant's motion to dismiss will be denied without prejudice).

>Although, in their Footnote 7, Defendants argue that:
>
>"Under these circumstances, dismissal of this case would be appropriate, particularly since this Court explicitly warned plaintiff that his failure to properly serve Defendants would result in dismissal and where plaintiff has demonstrated a prior ability to comply with the rules of procedure. *See Briggs*, 2006 U.S. Dist. LEXIS 33406, at *16 (reasoning that plaintiff's failure to effect service was "inexcusable" where plaintiff had properly served other defendants and where court warned plaintiff of consequences of improper service); *see also*

*Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citing importance of a prior warning to a *pro se* plaintiff of consequences of improper service in deciding whether to dismiss); *Kidd v. IRS*, No. 03-1973 (HHK/DAR), 2006 U.S. Dist. LEXIS 57434 (D.D.C. Mar. 27, 2006)."

For these reasons, the court, if its finds a lack of proper service of a summons and that the Defendants' did not answer and/or waive service of a summons, should exercise its authority, pursuant to Federal Rule of Civil Procedure 4(m), to permit Plaintiff additional time to perfect service. The Defendants' contention that "Plaintiff never asked the clerk or the Court to issue a summons" is totally and completely false.

Nevertheless, Plaintiff is saying, for good cause and justifiably so, he has explained why he has not "ignored the straightforward requirements of Rule 4", as the Defendants' have alleged, "which he has followed in the past", but which also required the Defendants' to corporate by timely returning the Request for Waiver of Service of a Summons Form(s) they acknowledges receiving that was mailed to them by Certified Mail Return Receipt on July 30, 2007; and their subsequently untimely actions and inactions – their letter to the contrary, constitutes an answer, or other unauthorized response and waiver.[4]

**Plaintiff Is Not Entitled to the Reimbursement of Costs Because He has Still Not Effected Service of Process.**

The Defendants' argue that "Plaintiff has attempted to avoid the requirements of service by sending Defendants Reinhard and Soller "Requests for Waiver of Service," purportedly pursuant to the provisions of Rule 4(d)." That, "He now seeks to recover the

---

[4] At any rate, Plaintiff has substantially complied with the time limits of Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides that the summons and complaint must be served on a defendant within 120 days after the filing of the complaint or the court "shall dismiss the action without prejudice" as to that defendant. FED. R. CIV. P. 4(m). However, courts "shall extend the time for an appropriate period" if the plaintiff shows "good cause" for failure to effect timely service. *Id.* *Pro se* litigants are given more latitude than represented parties to correct defects in service of process, and additional time, if required, likely would assist plaintiff.

8

cost of his efforts from these defendants." But, that "Plaintiff is not able to do so." Def.'s Opp. at 9.  That, "Fed. R. Civ. P. 4(d)(2) clearly states that costs "subsequently incurred in effecting service" may be imposed by a court on a defendant who does not comply with a request for waiver "made by a plaintiff located within the United States."" That, "As he has stated numerous times, Plaintiff is located in Germany." where plaintiff had properly served other defendants and where court warned plaintiff of consequences of improper service); *see also Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citing importance of a prior warning to a *pro se* plaintiff of consequences of improper service in deciding whether to dismiss); *Kidd v. IRS*, No. 03-1973 (HHK/DAR), 2006 U.S. Dist. LEXIS 57434 (D.D.C. Mar. 27, 2006).

Under Footnote 7, Defendants' alleges:

"Under these circumstances, dismissal of this case would be appropriate, particularly since this Court explicitly warned plaintiff that his failure to properly serve Defendants would result in dismissal and where plaintiff has demonstrated a prior ability to comply with the rules of procedure. *See Briggs*, 2006 U.S. Dist. LEXIS 33406, at *16 (reasoning that plaintiff's failure to effect service was "inexcusable".  Under Footnote 8, Defendants Reinhard and Soller note that even if Plaintiff was entitled to the reimbursement of costs, pursuant to Fed. R. Civ. P. 4(d), he has included costs that would not e recoverable, including copying costs, express mail, and charges incurred before he sought a waiver of service. Plaintiff is located in Germany (Dkt. # 5 at 2; # 8 at 2), thus he would not qualify for the reimbursement of costs even if he satisfied the other requirements of the Rule. Most fundamentally, there is no authority for this Court to reimburse costs because he has failed to satisfy the threshold requirement of the Rule: He has failed to effect service."

In effect, what these two defendants' are attempting to allege is, that Plaintiff is not a litigant residing "within the United States", apparently because Plaintiff is a Retired U.S Army Soldier, as any active duty Solider currently stationed or residing in Germany, on active duty, or associated with the Army there and with an APO AE ("Army Post Office Army Europe Address", in Army Europe, (here, in Germany), which is a United

States Postal Address- within the U.S. Community - but for the purpose of Rule 4 - is not, they claim - (within the United States), and "would not qualify for reimbursement of cost-shifting under Rule 4 (d)(2). Plaintiff, however, contends that although the Rule may state:

> "It should be noted that the provisions for shifting the cost of service apply *only* if the plaintiff and the defendant are both located in the United States, and accordingly a foreign defendant need not show "good cause" for its failure to waive service."

Plaintiff is nevertheless, not a foreign defendant, and for its purpose, Plaintiff would have to be considered residing or being located "within the United States". The Defendants', accordingly, still has to – and would have to - show "good cause" for their failure to waive service of a summons.

As to the five defendants who have all been properly served – by being timely and properly asked to waive service of process in accordance with Rule 4 – which for some, including Defendants' Reinhard and Soller, - was actually three times, but who – in attempting to preempt service and/or evade it - have submitted improper responses and/or no actual responses to the Complaint at all, and it is readily apparent from their actions that they are/were attempting to make it as difficult as possible for Plaintiff to serve them, and that their actions in doing so, constitutes their evasion of their valid service of process in accordance with Rule 4. Again, as to them, and to all named defendants in the Original Complaint. A default Judgments default is warranted. Both of these defendants signed the letter referenced herein and in the motion for default judgment.

The defendants are not entitled to disregard the Court's Management Order, and have defaulted in defending, as the plaintiff had made proper service of the Court-directed Management Order as directed by the order, which controls here. The defendants

did not defend, timely or otherwise, against service of that order based on lack of service of the summon(s).  Nor, did they in anyway, timely move and/or object to the Court's directives in that Order that they respond within 30 days after its immediate service upon them, and thus, they waived any defense of improper or insufficient of service of process due to a lack of service of a summons, where the Court Docket indicated no summons issued as to them.  Their arguments to the merits of the complaint are all a form of an Answer and their waiver of service of a summons.

The court should not undo their defaults on their false claims of improper or untimely service of a Court Order - ("this Court's Order") - rather than service of a summons (where the Court's Order was timely served upon them by Plaintiff, two, or in some instances, three different and separate times); and where the Court's Docket clearly shows and directs that no summons issued as to the named defendants. Thus, the defendants have long been well aware of this proceeding, and the related case in which they themselves have previously issued rulings.  Plaintiff has substantially met all Rule 4's requirements.

The Defendants' do not deny nor do they address the following indisputable facts, that:

    a.    On 03/28/07, the Court's Docket indicates: Summons not issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak.

     b.     On April 9, 2007, this Court issued its Case Management Order (Standing Order) Dkt. # 3.

     c.     On 07/02/2007, the Court issued Order directing Plaintiff to effect service upon the defendant within 30 days of the Order; and if Plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m).  (Service was understood and envisioned by Plaintiff as Service in accordance with this Court's Management Order and directive, because it had ordered that, as Plaintiff understood it, ("Summons not issued as to defendants in a. above"), in light of the fact that the filing fee had been paid and summons submitted requesting certification for service); relying upon the Rule 4, Sub-paragraph (b) Issuance, which instructs:

> Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk *shall* sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

After Plaintiff had initially submitted summons to the Clerk in what was thought to be proper form and sufficient quantities for each defendant, and they had been returned without comment – and on the Court's Docket and there is entry of, "No Summons issued as to", in effect, as to all of the named defendants, Plaintiff assumed ("misapprehended") that none were to be issued and was reluctant to further seek re issuance of summons from the Court Clerk.

     d.     On 07/30/2007, Plaintiff moved pursuant to Rule 6(b) for Extension of time to Complete Service of Process on all Defendants, Dkt # 5.

     e.     On 8/24/2007, by Minute Order this Court granted Motion for Extension of Time to Complete Service of Process.  The Order directed Plaintiff is hereby Ordered to *complete* service of process within 60 days of the date of the Order.

      f.      On 09/20/2007, Plaintiff filed Affidavit of Service of Process with Explanation of the 07/30/2007 service of process effort, with Attachments A and B #'s 2 through # 17 of Certified Mail Receipts of Proof of Service on: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak showing proof of service of a copy of the Court's Management Order and copy of the complaint. See Dkt. # 6. In the Affidavit's Explanation, Plaintiff showed the Court that he had also asked all named defendants to waive service of Process, and that each defendant *had failed to respond*, and had not returned the form within the 30 days allowed.[5]

      g.      On October 15, 2007, within (60) days in accordance with this Court's Order, Plaintiff again reserved the following 9 (nine) of the 16 named defendants by personal through a process server. See Affidavit of Proof of Service at Dkt. # 7, entered on 10/23/2007.[6]

      h.      That a Court Management order date April 9, 2007, set a deadline of 30 days after its service for each defendant to respond to the complaint. That on that date, no motion(s) or other authorized or unauthorized responsive pleading had been filed and no order had been issued to enlarge the 30-day time limit of the order of April 9, 2007,

---

[5] By this time, Plaintiff was desperately trying to properly and timely complete service on all defendants, and in the end on October 15, 2007, thought he had! However, it is apparent that Plaintiff was still confused.

[6] Except for Plaintiff's misapprehension that the Court's April 9, 2007 Management Order, the entry on the Court Docket of "No Summons Issued as to", the return of those summons initially filed with the Original Complaint and confusion from all of this, Plaintiff could just as well obtained and summons and served them during the 3 actual overall attempts made to complete service of process, but who's requirements Plaintiff believed had been removed by these factual occurrences and/or events. Plaintiff could have also requested the Court grant an additional extension of time to complete service of process.

and accordingly, the order in place of summons remains effective and all defendants are in default.

      i.      The defendants are not entitled to disregard the Court's Management Order, and have defaulted in defending as the plaintiff had made proper service of the Court-directed order. The defendant did not defend against service of that order based on lack of timely service of the summons. The court should not undo their defaults on their false claims of improper or untimely service of a court order rather than service of a summons where the Court orders that no summons will be issued as to the named defendants. The defendants have long been well aware of this "related" proceeding, as they all have already been subjects, players and participants in it.

**Waiver of Service of Summons**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides for waiver of service of summons when the defendant is subject to service under subsection (e), (f), or (h) of Rule 4. Waiver is accomplished when the defendant consents to the waiver and completes and returns a waiver form. A plaintiff seeking waiver must send a Notice of Lawsuit and Request for Waiver of Service of Summons form, a Waiver of Service Summons form, and a copy of a newly filed civil complaint to the defendant. <u>The defendant may sign the waiver agreeing to waive service by summons or may decline to waive service using the same form.</u>

A defendant who is served with a Notice of Lawsuit and Request for Waiver of Service ***must return the executed Waiver of Service of Summons form to the plaintiff,*** either waiving service or declining to waive service, within 30 days from the date the Notice of Lawsuit and Request for Waiver of Service forms were mailed. An answer must be filed within sixty days of the date the plaintiff mailed the waiver. The only

exception to this rule is for *a defendant in a foreign country* who will be allowed sixty days to return the waiver and ninety days to file an answer. Note that all deadlines are calculated from *date of mailing*, not from date of receipt. The Defendants' do not deny, and in fact, admits they both received Notices of a Lawsuit and Request for Waiver of Service forms.

So, however here, even if the Court Clerk had issued summonses, the Court would have to recognize that plaintiff is proceeding Pro Se. The Clerk of Court is responsible for the issuance of summons. The Court Docket clearly indicates, "No Summons issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, and Stephen J. Pollak. The Court should not penalize plaintiff for any shortcomings of service, if there are any, where plaintiff had no direct control over how service is made, except as directed by the Court's Management Order, and where Plaintiff has complied fully with that order or orders, and therefore the Court should not dismiss Plaintiff Complaint and claims against the defendants on failure to issue service a summons or any other ground.

Alternative, at any rate, even if the Court would consider Defendants calls in opposition to Plaintiff's Motion for Default Judgment and/or for dismissal, no responsive pleadings to the Original Complaint were required, (but which has now been filed by Defendants' prematurely), because the docket reflects that no summons was issued regarding this Original Complaint. The filing of the Amended Complaint did not prejudice Defendants, who at the time had not yet filed an answer – or other authorized

responsive pleading - even though they were required to do so, but failed – because no summons were directed to be issued – they had waived service of a summons by not cooperating by returning the Request for Waiver Forms as required by Rule 4 – and where, as here, a court order was issued directing a specific time-directed response on the part of the Defendants.  Thus, even in view of the fact that if service could be considered insufficient or improper under these circumstances, the Federal Rules would permit and the Court could issue, direct and/or authorize re-service of a summons upon each of the defendants, which here, would be for "good cause", and they would not be prejudice. Rule 4(m).

So, except for a clear unintentional misapprehension of Court's Management Order, where therein the Court Ordered immediate service of that Order, the Clerk's statement on the Court's Docket of "No Summons Issued as to", which confused Plaintiff; while at the same time, the Clerk's return of the Summons Plaintiff had originally submitted upon filing of the Original Complaint, (even after receiving the Court's Order of July 2, 2007), a more complete service would have been made – because, as Defendants' point out, "Plaintiff had done this in the past."

Plaintiff showed due diligence in making service of process upon the Defendants' and substantially complied with Rule 4 - by attempting to serve most of them on three different occasions, and but for the clear unintentional misapprehension of Court's Orders, where therein the Court Ordered its immediate service, the Clerk's statement on the Court's Docket of "No Summons Issued as to:", which confused Plaintiff, Plaintiff would have correctly, timely and fully completed service.  Plaintiff substantially complied with the requirement of Rule 4, and under the circumstances, Plaintiff's complaint should not be dismiss, where also here, Plaintiff has already filed and amended

complaint amending his complaint as a matter of course, and may simply re-file, which would simply be a wasting of the Court's and everyone else's time and resources, simply based on a slight misapprehension and an unintentional technicality, or misstep.  Plaintiff requests the Court *not* dismiss Plaintiff's complaint; consider the requirements of Rule 4 having been substantially met by Plaintiff in making service or process; consider that the Defendants' have all been properly served, or that they all have actually waived service by their actions or inaction's as alleged and shown in Plaintiff's Motion for default.

Plaintiff's Petition for Reimbursement or Cost for Process Service should be granted as untimely unopposed.

Respectfully submitted

_____-*S*-_____

Dated: November 25, 2007            Oscar L. Thomas
                                     Plaintiff, Pro Se
                                    CMR 454, Box 1746
                                    APO AE 09250
                                    Tel of Fax: 011-49-981-12912
                                    E-mail: thomas.ol@an-netz.de

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 25th day of November, 2007, I caused a copy of the foregoing Plaintiff's Reply to Matthew Reinhard and Mary Lou Soller's Opposition to Plaintiff's Motion for Default Judgment, **AND PLAINTIFF'S PETITION FOR IMPOSITION AND REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS** to be served on the following individuals via the Court's Electronic Filing System, on:

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780; and

JEFFREY A. TAYLOR, No. 498610
United States Attorney; and

R. CRAIG LAWRENCE, No. 171538
Assistant United States Attorney
United States as Amicus Curiae for Defendants
 Judge Huvelle, and Magistrate Judge Robinson

John Townsend Rich (Bar No. 095000)
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4249
jrich@goodwinprocter.com

Andrew Wise (D.C. Bar 456865)
Miller & Chevalier Chartered
655 15th Street, NW
Suite 900
Washington, DC 20005
202-626-5800
202-626-5801 fax

              _____/s/_____
Dated: November 25, 2007    Oscar L. Thomas
               Plaintiff, Pro Se
              CMR 454, Box 1746
              APO AE 09250
              Tel of Fax: 011-49-981-12912
              E-mail: thomas.ol@an-netz.de