UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07cv00598 (RJL) |
| ) | (ECF) |
| ANTHONY J. PRINCIPI, et al ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO AMICUS CURIAE UNITED STATES' ON BEHALF OF JUDGE ELLEN S. HUVELLE AND MAGISTRATE JUDGE DEBORAH A. ROBINSON MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND IN SUPPORT OF DISMISSAL**

United States of America as amicus curiae on behalf of Judge Ellen S. Huvelle and Magistrate Judge Deborah A. Robinson, has moved "out-of-time" to oppose plaintiff's motion for default and suggests that the above captioned action against them should be dismissed.

Plaintiff incorporate by reference Plaintiff's Motion for Default Judgment and Petition for Imposition and Reimbursement of Costs for Service of Process, as if fully set fourth herein.

His arguments in opposition for denial and dismissal on their behalf are that, (1) neither Judge Huvelle nor Judge Robinson have been properly served, and (2) that the allegations against them are all related to rulings and actions taken in another (related) civil action brought by "this plaintiff" (02cv1743), and (3), that, "Consequently, they are absolutely immune from a civil action against them." Def.s'Opp. at 1.

In Footnote 1 of their opposition action, Amicus, as support for their claims and arguments states, "The United States appears as amicus curiae on behalf of Judges

Huvelle and Robinson, who have not been properly served with a copy of the summons and complaint (see Rule 4(m), Federal Rules of Civil Procedure), and consequently, are not parties to this action." They argue, "Nevertheless, to expedite resolution of this action the United States opposes the entry of a default against the judges and urges this Court to dismiss the action against the judges based on their absolute immunity." However, Plaintiff has alleged that they both were acting outside the scope of their employment and without subject-matter jurisdiction and is therefore, not immune from suit and the claims alleged against them in the complaint in their individual capacity.

This Court must reject defendants' opposition to Plaintiff's Motion for Default and calls for dismissal based on any claim of lack of service of a summons, and/or "their absolute immunity" claims.

As distorted facts to support their failures to timely respond and defend in violation of this Court's own Management Order, Defendant's contend and raises (a factual jurisdictional dispute), that "In essence, he ("the Plaintiff") claims he is entitled to damages and other relief based on the handling and judicial rulings and conduct (a factual dispute) directly related to (and growing out of unconstitutional judicial conduct) in the earlier case", which is live and currently ongoing in this Court.

They acknowledges that "Although plaintiff has mailed copies of the complaint to most, if not all of the named defendants, he has failed to serve any party with a copy of the summons, and that, "Indeed, his unsworn "affidavit" of service explicitly acknowledges that failure"[1]. Specifically, in essence, they show and admit clearly that they received the original complaint and this Court's Management Order and directives

---

[1] In spite of the defendants' contentions, the record shows that upon initial filing of the Original complaint, properly prepared summons were submitted to the Court Clerk for signature and seal certification for service, and that the Court determined and decided that "no summons would be issued". Dkt. #

2

therein, and that by and through their failure actions, or their inaction's, they rejected and chose to disobey this order by willfully failing to timely act and/or respond in accordance with that order and Rule 4's Request for Waiver Requirements.

The defendants are not entitled to disregard the Court's Management Order, and have defaulted in defending, as the plaintiff had made proper service of the Court-directed Management Order as directed by the order, which controls here. The defendants did not defend, timely or otherwise, against service of that order based on lack of service of the summon(s). Nor, did they in anyway, timely move and/or object to the Court's directives in that Order that they respond within 30 days after its immediate service upon them, and thus, they waived any defense of improper or insufficient of service of process due to a lack of service of a summons, where the Court Docket indicated no summons issued as to them. Their arguments to the merits of the complaint is a form of an Answer and also a waiver of a claim of improper or insufficient of service of process.

The court should not undo their defaults on their false claims of improper or untimely service of a Court Order - ("this Court's Order") - rather than service of a summons (where the Court's Order was timely served upon them by Plaintiff, two, or in some instances, three different and separate times); and where the Court's Docket clearly shows and directs that no summons will be issued as to the named defendants. Thus, the defendants have long been well aware of this proceeding, and the related case in which they themselves have previously issued rulings. Plaintiff has substantially met all Rule 4's requirements.

Defendants' attempts, although untimely, to answer or challenge Plaintiff's complaint – by and through their opposition(s) – which is an unauthorized and improper vehicle for requesting and obtaining a dismissal. They do this by specifically arguing,

3

responding, and in answering the Original Complaint, e.g., "The allegations against Judges Huvelle and Robinson relate to plaintiff's earlier civil action, 02cv1743. See Complaint, Paras. 6-16, 19, 21-23, 30-44." That, "Plaintiff seeks damages and other relief from the judges and other defendants." And, "Plaintiff appears to claim that in the other action, a case brought under the Federal Tort Claims Act, neither judge had jurisdiction when the Court entered orders or took other action with which he disagreed." Thus, Defendant's are arguing specifically to the merits of the complaint and case, (that the Court lacked subject-matter jurisdiction to act), and thus, further waives their untimely and faulty defense of "insufficiency" or "improper service" of a summons.

### RESPONSE TO DEFENDANTS' ARGUMMENT

Defendants argues and contends that:

Plaintiff's motion for default should be denied because there has been no proper service of process", that, "As the Court is well aware, a default may only be entered when a defendant over whom the Court has obtained jurisdiction fails to answer or otherwise plead in response to the complaint in the case. E.g., Rule 55, FRCP. That, "This Court lacks jurisdiction over Judges Huvelle and Robinson because plaintiff has failed to serve them as the civil rules require. Rule 4(m), FRCP."

**Response**:

The Defendants' do not deny nor do they address the following indisputable facts, that:

a.   On 03/28/07, the Court's Docket indicates: Summons not issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, John doe 1-35, United States of America,

4

R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak.

 b. On April 9, 2007, this Court issued its Case Management Order (Standing Order) Dkt. # 3.

 c. On 07/02/2007, the Court issued Order directing Plaintiff to effect service upon the defendant within 30 days of the Order; and if Plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. P. 4(m). (Service was understood and envisioned by Plaintiff as Service in accordance with this Court's Management Order and directive, because it had ordered that, ("Summons not issued as to defendants in a. above"), in light of the fact that the filing fee had been paid and summons submitted requesting certification for service); relying upon the Rule 4, Sub-paragraph (b) Issuance, which instructs:

> Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk *shall* sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

After Plaintiff had initially submitted summons to the Clerk in what was thought to be proper form and sufficient quantities for each defendant, and they had been returned with comment on the Court's Docket, No Summons issue as to:, in effect, as to all of the named defendants, Plaintiff assumed none were to be issued and was reluctant to further seek re issuance of summons from the Court Clerk.

 d. On 07/30/2007, Plaintiff moved pursuant to Rule 6(b) for Extension of time to Complete Service of Process on all Defendants, Dkt # 5.

5

  e. On 8/24/2007, by Minute Order this Court granted Motion for Extension of Time to Complete Service of Process. The Order directed Plaintiff is hereby Ordered to *complete* service of process within 60 days of the date of the Order.

  f. On 09/20/2007, Plaintiff filed Affidavit of Service of Process with Explanation of the 07/30/2007 service of process effort, with Attachments A and B #'s 2 through # 17 of Certified Mail Receipts of Proof of Service on: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, Stephen J. Pollak showing proof of service of a copy of the Court's Management Order and copy of the complaint. See Dkt. # 6. In the Affidavit's Explanation, Plaintiff showed the Court that he had also asked all named defendants to waive service of Process, and that each defendant *had failed to respond*, and not returning the form within the 30 days allowed.[2]

  g. On October 15, 2007, within (60) days in accordance with this Court's Order, Plaintiff again reserved the following 9 (nine) of the 16 named defendants by personal through a process server. See Affidavit of Proof of Service at Dkt. # 7, entered on 10/23/2007.

  h. That a Court Management order date April 9, 2007, set a deadline of 30 days after its service for each defendant to respond to the complaint. That on that date, no motion(s) or other authorized or unauthorized responsive pleading had been filed and no order had been issued to enlarge the 30-day time limit of the order of April 9, 2007,

---

[2] By this time, Plaintiff was desperately trying to properly and timely complete service on all defendants, and in the end on October 15, 2007, thought he had! However, it is apparent that Plaintiff was still confused.

6

and accordingly, the order in place of summons remains effective and all defendants are in default.

      i.      The defendants are not entitled to disregard the Court's Management Order, and have defaulted in defending as the plaintiff had made proper service of the Court-directed order. The defendant did not defend against service of that order based on lack of timely service of the summons. The court should not undo their defaults on their unsupported claims of improper or untimely service of a court order rather than service of a summons where the Court orders that no summons will be issued as to the named defendants. The defendants have long been well aware of this "related" proceeding, as they all have already been subjects, players and participants in it.

**Waiver of Service of Summons**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides for waiver of service of summons when the defendant is subject to service under subsection (e), (f), or (h) of Rule 4. Waiver is accomplished when the defendant consents to the waiver and completes and returns a waiver form. A plaintiff seeking waiver must send a Notice of Lawsuit and Request for Waiver of Service of Summons form, a Waiver of Service Summons form, and a copy of a newly filed civil complaint to the defendant. <u>The defendant may sign the waiver agreeing to waive service by summons or may decline to waive service using the same form.</u>

A defendant who is served with a Notice of Lawsuit and Request for Waiver of Service ***must return the executed Waiver of Service of Summons form to the plaintiff***, either waiving service or declining to waive service, within thirty days from the date the Notice of Lawsuit and Request for Waiver of Service forms were mailed. An answer must be filed within sixty days of the date the plaintiff mailed the waiver. The only

exception to this rule is for a defendant in a foreign country who will be allowed sixty days to return the waiver and ninety days to file an answer. The Defendants' do not deny, and in fact, admits they both received Notices of Lawsuit and Request for Waiver of Service forms. (Note that all deadlines are calculated from *date of mailing*, not from date of receipt).

However, here, even the Court Clerk had issued summons, the Court would have to recognize that plaintiff is proceeding Pro Se. The Clerk of Court is responsible for the issuance of summons. The Court Docket clearly indicates, "No Summons issued as to: Paul R. Friedman, Richard Matheny, III, Mathew Reinhard, Mary Lou Soller, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Palela D. Huff, John doe 1-35, United States of America, R. James Nicholson, Paul G. Thomson, Ellen S. Huvelle, Deborah A. Robinson, and Stephen J. Pollak. The Court should not penalize plaintiff for any shortcomings of service, if there are any, where plaintiff had no direct control over how service is made, except as directed by the Court's Management Order, and where Plaintiff has complied fully with that order or orders, and therefore the Court should not dismiss Plaintiff Complaint and claims against the defendants on failure to issue service a summons or any other ground.

**Defendants' Answer or Other Response to the Complaint**

As, what must be considered their Answer and Arguments to the Merits of the Original Complaint, Defendants, by and through an Unauthorized Vehicle for doing so, Argues at 2: That:

> "Ultimately, this action should be dismissed, certainly insofar as it purports to assert claims against Judge Huvelle and Magistrate Judge Robinson." That, "It is a commonplace that judges are protected by absolute judicial immunity for their

actions as judges. E.g., *Stump v. Sparkman, 435 U.S. 349, 356-57, & nn. 6-7 (1978)*; accord *Forrester v. White, 484 U.S. 219, 225 (1988)*)."

Admits that, "It is true that to have that immunity the judges have to be acting within their jurisdiction." "But before a judge loses her immunity, there must be a "clear absence of all jurisdiction." They cite *Stump, 435 U.S. at 356-359*, for their support. They further contend, " Here, all the conduct at issue was taken in a lawsuit filed by plaintiff under the Federal Tort Claims Act." That, "Here, what plaintiff complains about is the substance of rulings and the judicial conduct in his case." That, "Judicial acts protected by judicial immunity are identified by considering "the nature of the act itself, i.e., whether it is normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362." That, "Here, there can be no question that the judges were doing so."

That, "Consequently, the judges were acting within the limits of their jurisdiction."

However, here, Plaintiff contends, that for the very first time in their "unauthorized response", which is actually their "answer to the Complaint" (not a motion to dismiss), to claims and charges in the complaint(s) - they now argue … and do not deny … that *they* "were acting within the limits of their jurisdiction." However, they were not. See Judicial Misconduct Complaint(s) already filed, and Paragraphs 1 through 106 of the above captioned original complaint. Plaintiff has claimed and showed that defendants have acted "unconstitutionally" and/or without "any jurisdictional authority at all", and through their judicial misconduct, injured and deprived Plaintiff of his constitutional due process and equal rights "without *any* subject-matter jurisdiction whatsoever, which was and is a willful and wanton direct violation(s) of our United States Constitution, which is a total, complete and direct violation of a federal statue(s)" to act.

They all were deprived of "ANY AND ALL JURISDICTION", within their "limits" or otherwise; and "their alleged unconstitutional acts were *not* within "the outer perimeter of their authority, or discretionary."" A federal official who acted outside of

9

his federal statutory authority would be held strictly liable for his trespassory acts – (torts).  See *Butz v. Economou* 438 U.S. 478.  It is a judge's duty to decide all cases *within* his jurisdiction that are brought before him.  However, when a judge knows that he or she lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost).  *Rankin v. Howard*, (1980) 633 F.2d 844, cert den. *Zeller v. Rankin*, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.  (A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts).  *Davis v. Burris*, 51 Ariz. 220, 75 P.2d 689 (1938)

And finally, they say, "To the extent plaintiff disagrees with their rulings and conduct, he has a remedy" – that, "He may appeal adverse rulings at the appropriate time", "But disagreement with actions in a case he has brought may not be the subject of a damages action." Finally, the United States as amicus curiae urges that this Court "deny plaintiff's motion for default judgment and dismiss this action against Judge Huvelle and Magistrate Judge Robinson."  However, what Amicus disregards and fails to recognize is, that there has been no "constitutional authority rulings" made by either judge - but only these and other non-judicial and improper acts – all taken without [*any*] subject-matter jurisdictional authority.  See entire case file in *Thomas v. Nicholson*, et al, CA 02cv01743, now pending for more than 5 years.

Thus, for all of the reasons herein and as already stated elsewhere in Plaintiff's Judicial Misconduct Complaints and Original and Amended District Court Complaints (07cv0598) relating to (02cv0173), the Court should not (1) deny Plaintiff's Motion for Default Judgment, nor (2), dismiss Plaintiff's complaint on the bases of Defendants'

Amicus arguments of a lack of service of a summons or immunity, or for any other reason.

Alternative, at any rate, even if the Court would consider Defendants calls in opposition to deny Plaintiff's Motion for Default Judgment and/or for dismissal, no responsive pleadings to the Original Complaint were required, (but which has now been filed by Defendants', obviously prematurely), because the docket reflects that no summons was issued regarding this Original Complaint. The filing of the Amended Complaint did not prejudice Defendants, who at the time had not yet filed an answer – even though they were required to do so, but failed – because no summons were directed to be issued – and they had waived service of a summons by not cooperating by returning the Request for Waiver Forms as required by Rule 4 – and where, as here, a court order was issued directing a specific time-directed response on the part of the defendants.

Thus, even in view of the fact that if service could be considered insufficient or improper under these circumstances, the Federal Rules would permit and the Court could issue, direct and/or authorize re-service of a summons upon each of the defendants, which here, would be for "good cause", and they would not be prejudice. Rule 4(m).

So, except for a clear unintentional misapprehension of Court's Management Order and Order of July 2, 2007, where therein the Court Ordered immediate service of that Order, the Clerk's statement on the Court's Docket of "No Summons Issued as to:", which confused Plaintiff; while at the same time, the Clerk's return of the Summons that Plaintiff had originally submitted upon filing of the Original Complaint, a more complete service would have been made. Plaintiff showed due diligence in making service of process upon the Defendants' by attempting to serve most of them on three different occasions, and but for the clear unintentional misapprehension of Court's Orders, and

11

may have made a technically misstep, but did not failed to timely and fully completed service.  Plaintiff substantially complied with the requirement of Rule 4, and under the circumstances, Plaintiff's complaint should not be dismiss, where also here, Plaintiff had already failed an amended complaint as a matter of course, and may still re-file, which would simply be a wasting of the Court's and everyone else's time and resources, simply based on a slight misapprehension and an unintentional technicality.  Plaintiff request the Court *not* dismiss Plaintiff's complaint; consider the requirements of Rule 4 to have been substantially met by Plaintiff in making service or process; consider, in fact, that the Defendants' have all been properly served, or that they all have actually waived service by their actions or inaction's as alleged and shown in Plaintiff's Motion for default.

      Plaintiff's Petition for Reimbursement or Cost for Process Service should be granted as untimely unopposed.

                                                                       Respectfully submitted

                                                                       _____-*S*-_____

Dated: November 26, 2007              Oscar L. Thomas
                                                              Plaintiff, Pro Se
                                                           CMR 454, Box 1746
                                                           APO AE 09250
                                                          Tel of Fax: 011-49-981-12912
                                                          E-mail: thomas.ol@an-netz.de

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of November, 2007, I caused a copy of the foregoing Plaintiff's Reply to Amicus Cariae United States' on Behalf of Judge Ellen S. Huvelle and Magistrate Judge A. Deborah A. Robinson's Memorandum in Opposition to Plaintiff's Motion for Default Judgment, and in Support of Dismissal, to be served on the following individuals via the Court's Electronic Filing System, on:

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780; and

JEFFREY A. TAYLOR, No. 498610
United States Attorney; and

R. CRAIG LAWRENCE, No. 171538
Assistant United States Attorney
  United States as Amicus Curiae for Defendants
 Judge Huvelle, and Magistrate Judge Robinson.


John Townsend Rich (Bar No. 095000)
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4249
jrich@goodwinprocter.com

Andrew Wise (D.C. Bar 456865)
Miller & Chevalier Chartered
655 15th Street, NW
Suite 900
Washington, DC 20005
202-626-5800
202-626-5801 fax

                                                _____/s/_____

Dated: November 25, 2007             Oscar L. Thomas
                                                  Plaintiff, Pro Se
                                                CMR 454, Box 1746
                                                APO AE 09250
                                                Tel of Fax: 011-49-981-12912
                                                E-mail: thomas.ol@an-netz.de