UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY J. PRINCIPI, et al )<br>)<br>Defendants. )<br>) | Civil Action No.: 07cv00598 (RJL)<br>(ECF) |

**PLAINTIFF'S REPLY TO UNITED STATES OF AMERICA, JEFFERY L. TAYLOR, ROSCOE C. HOWARD, JR., MARK E. NAGLE, KENNETH L. WAINSTEIN, RUDOLPH CONTRERAS, PETER BLUMBERG, PAMELA D. HUFF, R. JAMES NICHOLSON, AND PAUL G. THOMSON'S OPPOSITION TO PLAINTIFF'S <u>MOTION FOR DEFAULT JUDGMENT</u>**

Plaintiff herein replies to United States of America, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, R. James Nicholson, and Paul G. Thomson (collectively "the United States and the USAO/DVA Putative Defendants") Opposition to Plaintiff's Motion for Default Judgment.

Defendants' have come to oppose Plaintiff's motion for default judgment on the ground that, "Plaintiff has not properly served the United States and the USAO/DVA Putative Defendants, because he has never delivered a summons to them." And, accordingly, they request Plaintiff's motion for default judgment must be denied.

They contend the United States and the USAO/DVA Putative Defendants do not concede that they are properly defendants in this case or that they are required to take any action in it; and that their "opposition is submitted solely to advise the Court that the United States and the USAO/DVA Putative Defendants have not been served, and that it therefore lacks jurisdiction to enter Default Judgment or any other relief against them."

**BACKGROUND**

As correctly alleged by the Defendants', Plaintiff is a United States Army veteran who rightfully, has other cases pending in this Court and the District of Columbia Superior Court against the United States, the Department of Veterans Affairs ("DVA"), and labor union representatives. See Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005); Thomas v. Principi, No. 02-1743 (D.D.C.) ("the Related Case"); Thomas v. Disabled American Veterans' Ass'n, 930 A.2d 997 (D.C. 2007).

They contend that, "Like the instant action, those cases arise out of veterans' benefits claims Plaintiff filed with DVA and administrative tort claims concerning Plaintiff's treatment at DVA medical facilities. Plaintiff appeared pro se in the D.C. Superior Court, D.C. Court of Appeals, United States Court of Appeals for the D.C. Circuit, and in the related action pending in this Court."

Plaintiff filed a complaint alleging that the named defendants were engaged in a conspiracy to deprive him of various rights on March 28, 2007. The complaint names sixteen individuals and the United States as defendants. See Dkt. Entry 1. The individual defendants include federal district court and magistrate judges, the United States Attorney, former United States Attorneys, several current and former Assistant United States Attorneys, DVA employees (including the DVA attorney assigned to the Related Case), private attorneys who filed an amicus brief on behalf of Plaintiff in the D.C. Circuit, and private attorneys who considered representing Plaintiff in the Related Case.

Contending in a manner that must be considered an answer to the complaint, alleges, "In a nutshell, selective taken from the complaint or otherwise, the Defendants' apparently believes Plaintiff has sued every judge and attorney who has participated in the Related Case on

"conspiracy theory that is grounded on Defendants' denial of Plaintiff's claims and complaint allegations belief that the named defendants acted in concert to deprive him of his constitutional rights, commit fraud, violate their professional ethical obligations, and otherwise impede his pursuit of the Related Case.

They believe that, on the primary issue, Plaintiff, "notwithstanding his familiarity with the procedural rules governing federal district court practice, Plaintiff has never obtained a copy of the summons for this case", after this Court issued an Order on July 2, 2007 directing Plaintiff to effect service within 30 days, and informing him that the case would be dismissed pursuant to Rule 4(m) if service was not made. See Dkt. Entry 4.

In Footnote 2 of their opposition, they emphasize that "the waiver of service provisions of Rule 4 do not apply to the federal government, and to compare Rule 4(I) (concerning service of process on the United States, its agencies, corporation, officers, or employees) with Rule 4(d) (allowing waiver of service requests to individuals corporations, or associations that are subject to service under subdivision (e), (f), or (h), but not (i)).

They further point out that, "subsequently, the Court granted Plaintiff an enlargement of time to effect service, making October 23, 2007 the new deadline for completing service. See Minute Order dated Aug. 24, 2007. They also admit that Plaintiff has mailed packages to several of the USAO/DVA Putative Defendants, (that they admit receiving), but, which "none of those mailings have effected service in the manner prescribed in Rule 4(i); that the packages included a copy of the complaint, a letter requesting waiver of service of process, and the case management order, but that none of the packages included a summons; nor could they, given that no summonses have been issued."

3

On October 23, 2007, Plaintiff, honestly relying on information and belief – that no summonses' were required to be served, filed an "Affidavit of Proof of Service of Process with Explanation." See Dkt. Entry 7. Plaintiff stated or indicated that no summonses had been issued. For the reasons stated therein, Plaintiff filed a motion for default judgment on November 5, 2007, on the understanding or misapprehension that no summonses were required to be served, as apparent from the motion and Plaintiff's actions as indicated therein. See Dkt. Entry 9.

## ARGUMENT

Plaintiff incorporate by reference Plaintiff's Motion for Default Judgment and Petition for Imposition and Reimbursement of Costs for Service of Process, as if fully set fourth herein.

Federal Rule of Civil Procedure 55(a) permits the entry of default judgment against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a), which is exactly what Plaintiff honestly and truly believed regarding these defendants when filing the motion subsequent Affidavit of Proof of Service of Process with Explanation."

While it may be true that "[i]n the absence of service of process, a court may not exercise power over a party whom the complainant names as a defendant." Marshall v. Labor & Indus., 89 F. Supp. 2d 4, 10 (D.D.C. 2000);[1] Plaintiff believe that service of process had correctly and appropriately been completed, and that Rule 4 has been substantially complied with, albeit, based on Plaintiff's misapprehension and confusion that resulted in service of the complaint and Court Management Order, and an actualy request for waiver.

Thus, Plaintiff agrees, a default judgment can normally only be entered against these defendants if they had been "properly served", which Plaintiff believe is supported by

---

[1] Normally, in order for a federal court to obtain personal jurisdiction over a defendant, the defendant must be served in accordance with Federal Rule of Civil Procedure 4 ("Rule 4"), or if service of process is waived.

4

Defendant's cited cases: *Mobern Elec. Co. v. Walsh*, 197 F.R.D. 196, 197-98 (D.D.C. 2000); 10 A *Charles Wright & Arthur Miller, Federal Practice and Procedure* § 2682 at 14 (2d ed. 1994).

However, Plaintiff contends of having substantially complied with Rule 4 in attempting to complete service of process on these defendants', Plaintiff has never *completely* effected service of process upon the United States and the USAO/DVA Putative Defendants, because Plaintiff mailed a copy of the complaint and case management order to several of the USAO/DVA Putative Defendants (sued in their individual capacity) and the United States, of which admittedly, none of those mailings included a summons. Rule 4(i) requires that a summons be included with complaints against the United States and its employees. See Fed. R. Civ. P. 4(i); however, Plaintiff, for the reasons pointed out herein, believe this requirement had been removed by a misapprehension and confusion of the Court's Management Order, information on the Court Docket, and the return of unexecuted summonses returned to Plaintiff by the Clerk's Office.

Unknown to Plaintiff, and for whatever reason, and although in suing the named federal employees in their individual capacities, plaintiff served a copy of the complaint and Court's Management upon the United States by sending a copy of those documents to them by Certified Mail Return Receipt # 7004 1350 0003 3370 1616, to the Civil Process Clerk at the United States Attorney's Office. See Fed. R. Civ. P. 4(i)(2)(A). Plaintiff also sent them by Certified Mail Return Receipt, Receipt # 7004 1350 0003 3370 1630 to the United States Attorney, the United States Attorney's Office for the District of Columbia. Defendants' are now contending that "docketing records indicate that this package was *not* received by that office; however, Plaintiff Certified Mail Return Receipt conclusively shows that the United States Attorney's Office for

the District of Columbia did receive these documents.  Under Federal Rule of Civil Procedure, proof that an item was properly mailed provides *prima facie* evidence of the mailing and gives rise to a rebuttable presumption as to receipt. *See In re* Robert Gilbert, 115 B.R. 458, 460 (Bankr. S.D.N.Y. 1990).  In order to defeat the rebuttable presumption, there must be proof, in addition to denial of receipt. *See In re* Eagle Bus Mfg., Inc., 62 F.3d 730, 735 (5th Cir. 1995). A declaration merely stating one never received the summons and complaint is insufficient to controvert the fact of mailing. *See, e.g., Cossio v. Cate (In re Larry Cossio)*, 163 B.R. 150, 155 (9th Cir. B.A.P. 1994). After the party effectuating service demonstrates the notice was mailed, the burden of production rests with the party claiming insufficient service of process to prove the notice was not indeed mailed. *Id*. At 154-155.  The standard of proof to rebut this presumption is by "strong and convincing evidence." *Id.* at 155.

     Rule 4 is liberally interpreted to uphold service of process provided the defendant receives adequate notice of the complaint. *Id*.   In sum, Plaintiff's honest attempts to serve the United States and the "USAO/DVA Putative Defendants", albeit, only substantially, were not totally and completely deficient in any respects, except as to the above misapprehensions and confusion in Plaintiff's thinking that no summonses were required to be served.  Generally, amending it under Federal Rule of Civil Procedure 4(a) cures a defect in the summons, and the court may order the amended summons to be served upon defendant's attorney. *Id*.  The Court's Management Order and the Complaint sufficiently alerted the "USAO/DVA Putative Defendants" that they were being sued; therefore, this case should be characterized as one of misapprehension and confusion, causing excluding the service of a summons from the mailing and of personal service, as oppose to "an intentional failing" to complete service of process on the defendants.

Defendants' argue further that Rule 55(e) would preclude entry of default judgment against the United States and the USAO/DVA Putative Defendants even if they had been properly served. Default judgment cannot be entered against the United States or a federal agency or officer "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R. Civ. P. 55(e). Defendants' further answers, denies and defendants against the complaint by arguing that, "Plaintiff will be unable to establish such a right in this action, because the United States and the USAO/DVA Putative Defendants (sued in their individual capacity under *Biven*), "have absolute and/or qualified immunity" from suits such as this, which "challenge acts taken in connection with those Defendants' official duties".

On Page 5, in their Footnote 3, in summarizing, which is their further answer and argument to the merits of Plaintiff's complaints, Defendants' boldly sends the Court a message and making the threats that, "If this case remains live — and "it should not" given Plaintiff's failure to effect service within the prescribed deadlines — and if the Plaintiff serves the United States and the USAO/DVA Putative Defendants in the future, the United States and the USAO/DVA Putative Defendants will raise their defenses in a responsive pleading and/or a Rule 12(b) motion." See Def.'s Opp. at 5, Footnote 3.

The Defendants' conclude their opposition by stating, "for the foregoing reasons, the United States and the USAO/DVA Putative Defendants request that Plaintiff's motion for default judgment be DENIED; and the United States and the USAO/DVA Defendants also note that the Court's lack of jurisdiction over them would preclude the Court from granting Plaintiff any other relief against the United States and the USAO/DVA, including the monetary relief sought in Plaintiff's pending motion for reimbursement of costs.

If the Court denies the Plaintiff's Motion for Default Judgment on the basis of Defendants' claims that Plaintiff has not properly served the United States and the USAO/DVA Putative Defendants, because "he has never delivered a summons to them"", the Court should grant Plaintiff's Motion to Amend as a matter of course to add new defendants, already filed and pending, and allow Plaintiff to re-serve the USAO/DVA Putative Defendants and/or their counsel retroactively.

**Absolute Immunity**

To the extent that counsel for the USAO/DAV Defendants' are suggesting, without arguing, (but further answering the complaint) that in addition to claiming the Court should deny Plaintiff's Motion for Default Judgment, and that the Court's lack of jurisdiction over them – that this would preclude the Court granting Plaintiff any other relief against the United States and the USAO/DVA, including the monetary relief sought in Plaintiff's pending motion for reimbursement of costs.  Defendants' seems to be alerting and suggesting to the parties and the Court that defendants' will claim that they are entitled to absolute/qualified immunity. However, contrary to Defendants assertion, yes, absolute immunity may be applied to a *Bivens* claim without certification of a defendant's actions as official, or within the scope of his employment, by the Attorney General under 28 U.S.C. § 2679(d); but that certification by the Attorney General – but - allows the United States to assume the role of defendant from the employee in tort cases arising under the Federal Tort Claims Act. 28 U.S.C. § 2679(d)(1). This is not a FTCA case.  The government is not a defendant in a *Bivens* action; the defendants are responsible in their individual capacities for any damage award.

**Qualified Immunity**

Government officials performing discretionary functions are "generally shielded from civil liability so long as their conduct *does not* violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The availability of qualified immunity typically turns on the "objective legal reasonableness" of the official's action assessed in light of the legal rules that were "clearly established" at the time it was taken. <u>Anderson v. Creighton</u>, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. at 818, 102 S.Ct. at 2738). The boundaries of the established right must be sufficiently clear that a reasonable official would understand that his or her action violates that right; "in the light of pre-existing law the unlawfulness must be apparent." <u>Anderson v. Creighton</u>, 483 U.S. at 640, 107 S.Ct. at 3039. So far as the record shows, each of the named defendant acted improperly without *any* authority *or* "objective legal reasonableness" pursuant to federal statute and regulation and took inappropriate steps to assure that plaintiff did not received the procedural due process to which he was and/or is entitled.

                                  Respectfully Submitted,

                                  <u>     /s/     </u>

Dated: November 27, 2007                   Oscar L. Thomas
                                            Plaintiff, Pro Se
                                            CMR 454, Box 1746
                                            APO AE 09250
                                            Tel of Fax: 011-49-981-12912
                                            E-mail: thomas.ol@an-netz.de

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of November, 2007, I caused a copy of the foregoing Plaintiff's Reply to United States of America, Jeffrey A. Taylor, Roscoe C. Howard, Jr., Mark E. Nagle, Kenneth L. Wainstein, Rudolph Contreras, Peter D. Blumberg, Pamela D. Huff, R. James Nicholson, and Paul G. Thomson (collectively "the United States and the USAO/DVA Putative Defendants") Opposition to Plaintiff's Motion for Default Judgment, to be served on the following individuals via the Court's Electronic Filing System, on:

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780; and

JEFFREY A. TAYLOR, No. 498610
United States Attorney; and

R. CRAIG LAWRENCE, No. 171538
Assistant United States Attorney
United States as Amicus Curiae for Defendants
 Judge Huvelle, and Magistrate Judge Robinson

John Townsend Rich (Bar No. 095000)
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4249
jrich@goodwinprocter.com

Andrew Wise (D.C. Bar 456865)
Miller & Chevalier Chartered
655 15th Street, NW
Suite 900
Washington, DC 20005
202-626-5800
202-626-5801 fax

                                      _____/s/_____
Dated: November 27, 2007            Oscar L. Thomas
                                              Plaintiff, Pro Se
                                          CMR 454, Box 1746
                                          APO AE 09250
                                          Tel of Fax: 011-49-981-12912
                                          E-mail: thomas.ol@an-netz.de