UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Oscar L. Thomas,                )
                                )
    - Plaintiff,              )
                                )
v.                              )     Case No.: 07cv598 (RJL)
                                )                  (ECF)
R. James Nicholson, et al       )
                                )
    - Defendants.             )

**MOTION FOR EXTENSION OF TIME TO
<u>COMPLETE SERVICE OF PROCESS</u>**

COME NOW the Plaintiff, Pro Se, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, moves this Court for Motion for a 90-day Extension of Time, or until November 16, 2008 within which to complete and effect proper service on all defendants per this Court Order of April 16, 2008 and Filed April 18, 2008, which service is currently due to be completed within 120 days of the Court's Order, which is on about August 17, 2008. Plaintiff respectfully request more time.

A memorandum of Points and Authorities is as follows:

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR EXTENSEION OF TIME TO COMPLETE SERVICE
OF PROCESS REASON FOR THE EXTENSION</u>**

**I.    Background**

By Order of April 16, 2008, filed on April 18, 2008, this Court found that on March 27, 2007, Plaintiff filed the above civil action. In the Order, the Court also further found that appearing from the record, the Clerk for the United States District Court for the District of Columbia did not issue a summons for each defendant; that it is hereby Ordered that the Office of the Clerk prepare and issue summons for each defendant; Ordered that office of the Clerk provide the summonses to Plaintiff for Plaintiff to serve

on each defendant; and Ordered that the Plaintiff has 120 days from the date of this Order to serve the summons upon each defendant; that the record shows that the Clerk for the United States District Court for the District of Columbia did not issue a summons for each defendant to Plaintiff to be served on each defendant until May 27, 2008.  See Court Order at Attachment A.  The record shows, that, upon mailing the summons to Plaintiff to make service, the Clerk's office, in addressing and mailing the summons to Plaintiff, use the wrong mailing address for Plaintiff than provided in the captioned on Page 1 of the civil complaint, [see Attachment B], and by doing so, caused the mailed package carrying the summonses to be flagged and checked by "Foreign" "German" Customs Inspectors Security Officials that checks all such arriving and incoming parcels/packages arriving in the country from other foreign countries and/or sources, which learned to prior experience, will always caused significant delay and re-routing, and in this case, prevented Plaintiff from timely receiving the summonses from the Clerk in Germany, not until June 17, 2008.  See copy of the Court Clerk's Mailing Envelope carrying the Summons dated May 27, 2008.  See Attachment C.  Thus, the record shows that the Court's Order that directed the Clerk to prepare and mail/provide the Summons to Plaintiff for serving on each defendant, which were prepared on April 17, 2008, but not actually mailed to Plaintiff by the Clerk's Office until May 27, 2008, or some 37 days after the date of the Court's Order of April 16, 2008, filed on April 18, 2008.  This, coupled with the fact that the Summonses were mailed by the Court Clerk using the wrong and different mailing address than provided in the initial complaint, which in this case, prevented Plaintiff from receiving them until June 18, 2008, a total of some 59 days after the date of the Court's Order.  Because of the above unfortunate delays and circumstances, and Plaintiff also having been away from home from June 19 until July 7,

2008, for the purpose of giving oral deposition in another court proceeding, and the sheer number of defendants that must be served in this case, and/or the time that involve in first requesting each defendant to waive service of a summons in reducing the costs associated or required with making actual personal service on each of the 15 individual defendants, there is not enough time remaining for seeking waiver of service, and if waive or not waived, to either complete service on each defendant and/or provide proof of service to the Court within the current Court-Order directed 120 days, which, if counted from April 16, 2008, the date of the Order, the completion of service on all defendants is due on about August 19, 2008.  Given the entirety of the above, Plaintiff's Pro Se status, the Court giving consideration of the fact that Pro Se Plaintiff resides outside of the United State in Germany, Plaintiff will be unable to complete service or seek waiver of service and provide proof of waiver or service to the Court by August 19, 2008, and therefore, Plaintiff requests an extension of 90 days, or until November 18, 2008 to complete service on the all defendants.

Plaintiff can tell the Court that Plaintiff has diligently and timely moved to send each defendant a copy of his or her summons and the proper papers requesting waiver by Certified Mail, and that Plaintiff is am now awaiting return of a copy of those requests for waiver form/request from each defendant.  Plaintiff can also tell Court, and as the Court is already aware, that as previously directed, Plaintiff has served each Defendant with a copy of the Court's previous Initial Case Management Order and a copy of the Initial Complaint, and thus, that each Defendant has received actual notice and is aware of this lawsuit and would not be prejudice in any way by the Court granting this extension.

Rule 4(m), as amended in 1993, *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay.  *Mann*, 324 F.3d at 1090 n.2.

Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause. District courts have broad discretion to extend time for service under Rule 4(m). In *Henderson v. United States*, 517 U.S. 654, 661 (1996), the Supreme Court stated that Rule 4's 120-day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." The court in *Mann*, 324 F.3d 1090-91, held that Rule 4(m) gave the district court discretion to extend time of service.

Under the current circumstances created, which is totally beyond Plaintiff control, Plaintiff believes "good cause" is shown, and that the extension should be granted.

II.     CONCLUSION

Therefore, for the foregoing and following reasons, because Plaintiff is acting Pro Se, resides outside the United States in Germany where mailing requires more time, and where service of the Court's Initial Case Management Order and a copy of the complaint has been served on all Defendants and actual notice of a lawsuit given to them early on in the process, and where there is no prejudice to the Defendants, and immediate action is being taken to effect service, and because "good causes" exist, the Court should grant Plaintiff a 90-day extension of time to request waiver of a summon, and or required, to make personal service on each defendant where the waiver has been denied or not returned within the time allowed.

                                          Respectfully Submitted,

                                          _____
August 3, 2008                            Oscar L. Thomas
                                          Plaintiff, Pro Se
                                          CMR 454, Box 1746
                                          APO AE 09250
                                          Tel of Fax: 011-49-981-12912
                                          E-mail: thomas.ol@an-netz.de

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Oscar L. Thomas, )<br>)<br>- Plaintiff, )<br>)<br>v. )<br>)<br>R. James Nicholson, et al )<br>)<br>- Defendants. ) | Case No.: 07cv598 (RJL)<br>             (ECF) |

**PROPOSED ORDER**

Upon consider of Plaintiff's Motion for Extension of Time to Complete service of process of a summons and complaint on each named defendant in the above captioned complaint, and it appearing to the Court that "good cause" exist that will likely prevent Plaintiff from completing the service within the current Court-Order 120 day deadline, and the record as a whole, it hereby,

ORDERED, that Plaintiff Motion for 90-Day Extension of Time to complete service is GRANTED, and it is further hereby,

ORDERED, that Plaintiff shall have until November 17, 2008 to complete service of process in accordance with Rule (m) and this Court's Order of April 16, 2008.

This__ day of _____, 2008

_____
United States District Judge

Copies to:

Oscar L. Thomas
Plaintiff, Pro Se
CMR 454, Box 1746
APO AE 09250
Tel: (913) 738-4277

Robin M. Meriweather
Assistant United States Attorney
Civil Division
555 4th Street N.W.
Washington, DC 20530
Tel: (202) 514-7198
Fax: (202) 514-8780
Email: Robin.Meriweather2@usdoj.gov

ELLEN S. HUVELLE
United Stated District Court Judge
333 Constitution Ave., NW
Washington, DC  20001

DEBORAH A. ROBINSON
United Stated District Court Magistrate Judge
333 Constitution Ave., NW
Washington, DC  20001

SEPHEN J. POLLAK,
 and the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

PAUL R. FRIEDMAN
 of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

RICHARD L. MATHENY, III
of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

MATHEW REINHARD
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

MARY LOU SOLLER
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

PAMELA D. HUFF, D.C. Bar # 457175
Judiciary Center Building
555 4th Street, NW.
 Room 10-443
Washington, DC 20001

## CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2008, I caused a copy of the foregoing Motion for 90-day Extension of Time and Supporting **Memorandum of Points and Authorities** to be filed and served upon Defendants' by Certified Mail and also as filed via the Court's Electronic Case Filing System, addressed to:

Robin M. Meriweather
Assistant United States Attorney
Civil Division
555 4th Street N.W.
Washington, DC 20530
Tel: (202) 514-7198
Fax: (202) 514-8780
Email: Robin.Meriweather2@usdoj.gov

ELLEN S. HUVELLE
United Stated District Court Judge
333 Constitution Ave., NW
Washington, DC  20001

DEBORAH A. ROBINSON
United Stated District Court Magistrate Judge
333 Constitution Ave., NW
Washington, DC  20001

SEPHEN J. POLLAK,
 and the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

PAUL R. FRIEDMAN
 of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

RICHARD L. MATHENY, III
of the Law Firm Goodwin Procter, LLP
901 New York Avenue, N.W.,
Washington, DC 20001

MATHEW REINHARD
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

MARY LOU SOLLER
 and the Law Firm Miller & Chevalier
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005-5701

PAMELA D. HUFF, D.C. Bar # 457175
Judiciary Center Building
555 4th Street, NW.
 Room 10-443
Washington, DC 20001

            Respectfully Submitted,

            _____-S-_____
            Oscar L. Thomas
            Plaintiff, Pro Se
            CMR 454, Box 1746
            APO AE 09250
            Tel of Fax: 011-49-981-12912
            E-mail: thomas.ol@an-netz.de

Exh. A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OSCAR L. THOMAS                )
                               )
        Plaintiff,             )
                               )
    v.                         )
                               )   Civil Case No. 07-598 (RJL)
JAMES NICHOLSON et al.,        )
                               )
        Defendants.            )
                               )
                               )
                               )

**ORDER**

(April 16, 2008)

Plaintiff filed this civil action on March 28, 2007. However, it appears from the record that the Clerk for the United States District Court for the District of Columbia did not issue a summons for each defendant. Therefore, it is hereby

**ORDERED** that the Office of the Clerk prepare and issue a summons for each defendant;

**ORDERED** that the Office of the Clerk provide the summonses to the plaintiff for the plaintiff to serve on each defendant;[1]

---

[1] Plaintiff has provided evidence that he has sent the complaint to many of the defendants in this case by certified mail. *See* Affidavit of Proof of Service with Explanation. For any defendant who has already received a copy of the complaint, the complaint need not accompany the summons. However, this Order does not rule on whether service of the complaint by certified mail was proper under Fed. R. Civ. Pro. 4.

**ORDERED** that plaintiff has 120 days from the date of this order to serve the summons upon each defendant. If plaintiff does not effect service by that date, the Court will dismiss the case pursuant to Fed. R. Civ. Pro. 4(m).

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

Exh. A

| | |
|---|---|
| OSCAR L. THOMAS, | * |
| CMR 454, Box 1746 | * |
| APO AE 09250 | * |
| (011) 49 98112912 | * |
| | * |
| Plaintiff, | |

UNITED STATES POSTAGE
$ 06.00
PITNEY BOWES
MAY 27 2008
02 1A
0004634648
MAILED FROM ZIPCODE 20001

AIR MAIL

91522

Oscar L. Thomae
Yorckdorf 24
Ansbach
Germany ~~91522~~ 91522

FORETS

...U.S. COURTHOUSE
...ITUTION AVENUE, N.W.
...HINGTON, DC 20001
OFFICIAL BUSINESS