UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. THOMAS | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Case No. 07-598 (RJL) |
| ERIC K. SHINSEKI[1] *et al.*, | ) ) |
| Defendants. | ) ) ) |

MEMORANDUM OPINION
(September 25, 2009) [# 45]

Before the Court is defendants' Motion to Dismiss. Plaintiff Oscar Thomas ("Thomas" or plaintiff), proceeding *pro se*, opposes the motion. Because Thomas has failed to state any actionable claims, defendants' motion must be GRANTED.

## BACKGROUND

By now this Court is quite familiar with Thomas and the claims he seeks to pursue. Thomas is a retired Army veteran who has repeatedly sought benefit payments from the Department of Veterans Affairs ("VA") and has already sued the VA once before. In 2002, Thomas filed a complaint against the Secretary of VA based on a 1991 visit to a VA doctor and subsequent visits to the VA Medical

---

[1] Plaintiff seeks to sue, among others, the Secretary of the Department of Veterans Affairs. Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Eric K. Shinseki for his predecessor, the previously-named defendant, Oscar Nicholson.

1

Center. *See Thomas v. Nicholson*, 539 F. Supp. 2d 205, 208 (D.D.C. 2008) (Collyer, J.) ("the FTCA litigation"). My colleagues' dismissal of that complaint is the subject of this suit.

The crux of Thomas's 2002 complaint was that he had been improperly denied benefits as a result of the VA's faulty medical treatment. Specifically, Thomas alleged that the VA doctor he saw in 1991 thought it likely that he suffered from schizophrenia, but did not formalize this belief in a final diagnosis. *See id.* at 209. Because Thomas was not technically diagnosed with schizophrenia, the VA ruled him ineligible for certain disability benefits. *See id.* The District Court dismissed the FTCA litigation in 2003, and on appeal, our Circuit Court affirmed dismissal of Thomas's benefits claims but remanded his tort claims. *See id.* at 209-10.

Not surprisingly, Thomas continued the FTCA litigation by filing an amended complaint in 2006. *See id.* After reviewing his remanded tort claims, however, the District Court dismissed his case on March 20, 2008, s*ee id.*, and denied to reconsider, *see Thomas v. Nicholson*, 561 F. Supp. 2d 1, 2 (D.D.C. 2008). Once again, Thomas appealed, but this time he was unsuccessful because our Circuit affirmed the District Court's ruling under the Federal Torts Claim Act ("FTCA"). *See Thomas v. Shinseki*, No. 08-5349, slip op. at 1-2 (D.C. Cir. May 7, 2009).

In the interim period between filing his amended complaint in the FTCA litigation and challenging its dismissal to the Court of Appeals, Thomas filed this

2

additional suit on March 28, 2007. Even though the FTCA litigation was still pending, Thomas alleged in this new case that the judges involved in the FTCA litigation, along with the Assistant United States Attorneys who defended against it, a VA attorney, the Secretary of the VA, and other VA employees, all *conspired* to deprive him of his constitutional rights and to commit various torts against him by participating in that case. The judges were dismissed from this case on the grounds that they had an absolute immunity for judicial acts committed within their jurisdiction. (*See* Memorandum Order [# 38] at 2.[2]) The remaining defendants moved in turn to dismiss the balance of plaintiff's case. For the following reasons, their motion is GRANTED.

## ANALYSIS

The eight counts in Thomas's Second Amended Complaint can be separated into two categories. First, there are the constitutional tort claims alleged in Counts One and Two.[3] Second, there are the common law tort claims alleged in Counts Three, Six, Seven, and Eight.

As to the first category, Thomas's constitutional tort claims must be dismissed because the remaining defendants are also immune from them. In general, government officials cannot be sued for constitutional tort damages based on their performance of discretionary functions. *Harlow v. Fitzgerald*, 457 U.S.

---

[2] *Aff'd* No. 09-5138 (D.C. Cir. Aug. 19, 2009) (unpublished).

[3] Counts Four and Five allege constitutional torts as well, but only against the judge-defendants who have already been dismissed; accordingly, those counts are no longer pending.

800, 818 (1982). Such immunity is qualified, and government actors who violate clearly established constitutional rights cannot benefit from it. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Thus, courts must determine whether a constitutional violation occurred, and if so, whether the right that was violated was clearly established. Courts have discretion to address either of these questions first. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

In this case, there is no need to go beyond the first question because Thomas has failed to allege *any* constitutional violation. He attempts to characterize defendants' action as a violation of his constitutional "right to access" the courts. Unfortunately, he is mistaken. "To establish a right of access claim, a plaintiff must show that he was hindered in pursuing a cognizable legal claim." *Harrison v. Lappin*, 510 F. Supp. 2d 153, 156 (D.D.C. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Simply put, he must show that he "actually lost ... [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding." *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir.2002). Thomas has not done so here!

Thomas's contention, in essence, is that he was denied access to the courts when the FTCA Litigation was dismissed. (Pl. Opp'n at 40.) Thankfully, being unhappy with the outcome of litigation does not amount to suffering a constitutional violation. Indeed, it would be difficult for Thomas to make the requisite showing—that he lost a valid legal claim—given that our Circuit Court affirmed the dismissal of both his benefits claims and tort claims. Moreover,

4

Thomas neither showed, nor even suggested, that he was somehow prevented from *raising* valid claims. If anything, the history and procedural posture of his case demonstrate that he has been afforded repeated opportunities to litigate his claims, both at the District and Circuit Court levels, notwithstanding their obvious lack of merit.

As to the second category, Thomas's common law tort claims fare no better. Thomas attempts to sue defendants in their individual capacity for fraud, conspiracy to commit fraud, and intentional infliction of emotional distress. The Department of Justice, however, has certified that all of the defendants acted within the scope of their employment at the time of the conduct alleged in his complaint. (Def. Reply at 2.) Accordingly, the defendants are immunized from these claims and Thomas's suit, at best, must be converted into an FTCA action against the United States Government. *United States v. Smith*, 499 U.S. 160, 163 (1991). An FTCA suit against the Government, however, is equally to no avail because Thomas has not exhausted his administrative remedies, as required by 28 U.S.C. § 2675(a). Accordingly, Thomas's FTCA suit against the Government must also be dismissed.

Thus, for all of these reasons, defendants' Motion to Dismiss is GRANTED. An appropriate Order will accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge